## DECLARATION OF DOMINIQUE DAVILA

I, Dominique Davila, hereby declare under penalty of perjury that the following is true and correct to the best of my personal knowledge.

1. I make this declaration based on my own personal knowledge and if called to testify I could and would do so competently and truthfully to these matters.

2. I am a licensed attorney in the state of Missouri and am over the age of 18. I am currently employed as a Staff Attorney with New York Legal Assistance Group ("NYLAG"). I specialize in the practice of immigration law.

3. I represent E.O.G.A.[1] in his immigration matter.

4. I understand from my client that in compliance with his obligation to appear for an ICE check-in, on July 15, 2025 E.O.G.A. appeared at 26 Federal Plaza, New York, NY. Without any change to his personal circumstances, he was taken into custody and detained on that same day.

5. As soon as I learned that my client had been detained, I contacted ICE via email on July 16 to inform them that he has a fear of return to Honduras and to request that a credible fear interview ("CFI") be scheduled. I also asked for information regarding his detention location, requested a legal visit, and asked that ICE provide the grounds for his detention along with any supporting documentation. I provided my G-28, USCIS's Notice of Entry of Appearance as Attorney or Accredited Representative form.

6. In response, on July 16 I received an email from Joseph T. Pujol, joseph.t.pujol@ice.dhs.gov, directing me to use the ICE Online Detainee Locator System, https://locator.ice.gov/odls/#/search, and stating only that my client's fear claim had been noted, without providing any additional relevant information or addressing my other requests, including my request for a legal visit.

7. E.O.G.A. had time-sensitive legal remedies available to him. I also worried that E.O.G.A. was being held in dangerous, inhumane conditions, and I wanted to try to provide him with as much relief from those conditions as I could, and to do so as quickly as possible.

8. Generally, when I need to locate and contact a client detained by ICE, I enter that client's information into the ICE Online Detainee Locator System, which lists the facility where

---

[1] I have referred to my client by his initials throughout to protect his privacy.

that client is detained. Clicking on the detention center in the locator leads to information about how to set up a call with the client.

9. I checked the ICE Online Detainee Locator System on July 15, July 16 and July 17, and I was unable to obtain any information regarding the detention facility where my client was being held. On July 18, I again checked the Locator, which stated that E.O.G.A. was at the Brooklyn Metropolitan Detention Center ("MDC").

10. On July 18, I called the main number for the MDC, 718-840-4200. I initially spoke with an officer who was unhelpful and repeatedly questioned my status as an attorney. My call was then transferred to another officer who continued questioning my own identity and representative status, not withstanding my notice of representation which I had already provided to ICE. Eventually, he provided me with an email address and stated that he was unable to offer any further assistance over the phone.

11. Due to the delays and lack of communication from the facilities, my client underwent his fear interview without any legal preparation or guidance, and his claim was denied. He is now awaiting review of the decision by an Immigration Judge. If that decision is affirmed, he will be removed.

Executed on 8th of August, 2025, in New York, NY.

_DAVILA_
Dominique Davila