DECLARATION OF SERGIO DE LA PAVA

I, Sergio De La Pava, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct.

1. I make this declaration based on my own personal knowledge and if called to testify I could and would do so competently and truthfully to these matters.

2. I am the Legal Director of New York County Defender Services.

3. I am an attorney in good standing in the state of New York. I am admitted in the Third Department. I specialize in the practice of criminal law.

4. I regularly represent clients who are detained by the New York City Department of Correction ("DOC") at Rikers Island in East Elmhurst, New York.

5. Generally, when I need to locate and contact a client detained by DOC, I can enter that client's information into the DOC online locator system (https://a073-ils-web.nyc.gov/inmatelookup/pages/home/home.jsf [https://perma.cc/298D-QA5Z]) which lists the facility where that client is detained. The DOC online locator system typically provides information about a client's location within 24 hours of the client's arraignment.

6. In-person attorney access to individuals detained at Rikers Island is governed by DOC policy, which can be found at https://www.nyc.gov/site/doc/inmate-info/schedule-attorney-visit.page [https://perma.cc/3PKX-7MBX]. In-person attorney visits are generally available 8:00a.m. – 8:00p.m., seven days a week, except during the afternoon count which occurs at approximately 3:00p.m.

7. My personal experience representing thousands of clients over the years who were detained at Rikers Island has been consistent with DOC's written policies.

8. In-person visits with a client at Rikers Island do not require advanced scheduling. I regularly visit clients in-person by appearing at the main building and requesting a visit with my client, after which I am brought to the particular facility where my client is being housed, and the client is brought to me for our visit. Depending on the particular facility where the client is being housed, the attorney-client visit occurs either in a separate small room with a table and two chairs, or in a counsel area segregated from DOC officers where the client sits behind a mesh screen and I sit on the other side. A slightly different procedure is followed if the client is housed in a restrictive unit, in which case I am brought to a separate area within that housing unit to speak with the client privately.

9. I am generally able to conduct sensitive attorney-client conversations in private. During those meetings, both my client and I are able to look over documents and digital discovery together.

10. I regularly speak with clients at Rikers Island via videoconferencing. To schedule a videoconference, I follow the procedures outlined here: https://www.nyc.gov/site/doc/inmate-info/schedule-attorney-video-teleconference.page [https://perma.cc/8EP8-JNQR]. Videoconference calls are scheduled at least 48 hours in advance by sending a request for at least 3 specific time slots. If any of my requested times are available, I am assigned a time slot to speak with my client, and at the designated time, I call a phone number for the particular facility where the client is being housed. My client is then brought to the videoconferencing booth, where we can speak confidentially.

11. In addition to these procedures for confidential attorney-client meetings, clients who are detained at Rikers Island are also able to call their attorneys directly from recorded phone lines at the jail.

12. The above-described practices apply to my clients who are detained at Rikers Island, whether they are pre-trial detainees or have been convicted and await transfer to another facility.

Executed on 5th day of August, 2025, at New York. New York.

*Sergio De La Pava*
Sergio De La Pava