**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SERGIO ALBERTO BARCO MERCADO, on his own behalf and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, in her official capacity; DEPARTMENT OF HOMELAND SECURITY; TODD LYONS, Acting Director, Immigration and Customs Enforcement, in his official capacity; IMMIGRATION AND CUSTOMS ENFORCEMENT; MARCOS CHARLES, Acting Executive Associate Director, Immigration and Customs Enforcement, Enforcement and Removal Operations, in his official capacity; LADEON FRANCIS, Acting Field Office Director of New York, Immigration and Customs Enforcement, in his official capacity;<br><br>Defendants. | Case No. 25 Civ. 6568 |

**DECLARATION OF HEATHER GREGORIO IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

I, Heather Gregorio, hereby declare pursuant to 28 U.S.C. § 1748 as follows:

1. I am over the age of 18, am competent to testify, and have personal knowledge of the facts and information set forth in this declaration.

2. I am a Partner at Wang Hecker LLP and am admitted to practice law in the State of New York and before this Court.

3. I serve as counsel for the Plaintiff in this putative class action and am fully familiar with the facts and circumstances of this proceeding. I submit this declaration in support of the Plaintiff's Motion for Class Certification.

4. Proposed class counsel the American Civil Liberties Union Foundation, New York Civil Liberties Union Foundation, Make the Road New York, and Wang Hecker LLP have extensive experience litigating class actions under the U.S. Constitution and have significant knowledge of the law applicable to this case.

**The ACLU National Prison Project (“NPP”)**

5. The ACLU is a nationwide, nonprofit, nonpartisan organization with more than four million members and supporters across the country, and is dedicated to defending the principles of liberty, equality, and justice embodied in the Constitution and this nation’s civil rights laws. Throughout its more than 100-year history, the ACLU has been deeply involved in protecting the rights of incarcerated people.

6. The National Prison Project, or NPP, was founded in 1972 as a project of the ACLU’s legal department, and is based in Washington, D.C. It has decades of experience in complex class action suits brought on behalf of people incarcerated in federal prisons and immigration detention centers, state adult and juvenile prisons, and local jails and juvenile detention facilities. NPP has represented incarcerated people in five cases before the U.S. Supreme Court, including arguing the seminal case of *Farmer v. Brennan*, 511 U.S. 825 (1994). Since its founding, the NPP has litigated challenges to conditions of confinement in prisons, jails, immigration detention, and juvenile correctional facilities almost every U.S. state, as well as the District of Columbia and the U.S. Virgin Islands.

7. Challenges to conditions of confinement in which NPP has been certified as class counsel since 2000 include, among other cases: *Kingdom v. Trump*, No. 1:25-cv-00691, 2025 WL 1568238 (D.D.C. June 3, 2025) (challenge to Executive Order 14168, which prohibited any expenditure of federal funds to provide medical care or treatment of gender dysphoria among

people in federal Bureau of Prisons ("BOP") custody); *Alex A. ex rel. Smith v. Edwards*, No. 3:22-cv-00573, 2023 WL 5628592 (M.D. La. Aug. 31, 2023) (challenge to practice of incarcerating children adjudicated delinquent in the former Death Row building at Louisiana State Penitentiary-Angola); *Favela Avendaño v. Asher*, No. 2:20-cv-00700, 2021 WL 1056113 (W.D. Wash. Mar. 18, 2021) (class action brought by ICE detainees challenging detention facility's failure to protect from COVID-19); *Fenty v. Penzone*, No. 2:20-cv-01192 (D. Ariz. Nov. 13, 2020) (class of all people detained in Maricopa County Jail challenging failure to protect from COVID-19); *Lucero-Gonzalez v. Kline*, No. 2:20-cv-00901 (D. Ariz. Nov. 3, 2020) (class of people detained by U.S. Marshals Service at Core Civic detention facility in Florence, Arizona); *Coreas v. Bounds*, No. 8:20-cv-00780, 2020 WL 5593338 (D. Md. Sept. 18, 2020) (class action brought by ICE detainees challenging detention facility's failure to protect from COVID-19); *Malam v. Adducci*, 475 F. Supp. 3d 721 (E.D. Mich. 2020) (class action brought by ICE detainees challenging detention facility's failure to protect from COVID-19); *Busby v. Bonner*, 466 F. Supp. 3d 821 (W.D. Tenn. 2020) (class action of people detained in Shelby County Jail challenging failure to protect from COVID-19); *Augusto v. Moniz*, No. 1:20-cv-10685, 2020 WL 3051778 (D. Mass. June. 8, 2020) (class action brought by ICE detainees challenging detention facility's failure to protect from COVID-19); *Yanes v. Martin*, 464 F. Supp. 3d 467 (D.R.I. 2020) (class action brought by ICE detainees challenging detention facility's failure to protect from COVID-19); *Ahlman v. Barnes*, No. 8:20-cv-00835 (C.D. Cal. May 26, 2020) (provisional certification of class of people detained in Orange County Jails challenging failure to protect from COVID-19); *Gomes v. U.S. Dep't of Homeland Sec.*, 460 F. Supp. 3d 132 (D.N.H. 2020) (provisional certification of a class of ICE detainees challenging detention facility's failure to protect from COVID-19); *Alcantara v. Archambeault*, 613 F. Supp.

3d 1337 (S.D. Cal. 2020) (provisional certification of class of ICE detainees challenging detention facility's failure to protect from COVID-19); *Teneng v. Trump*, Case No. 5:18-cv-01609 (C.D. Cal. filed Aug. 1, 2018) (case brought against President Trump and officials from the Bureau of Prisons and Immigration and Customs Enforcement challenging the practice of incarcerating newly-arrived asylum seekers at a medium security federal prison); *Parsons v. Ryan*, 289 F.R.D. 513 (D. Ariz. 2013), aff'd, 754 F.3d 657 (9th Cir. 2014) (statewide challenge to health care and solitary confinement conditions in Arizona state prisons); *Rosas v. Baca*, 2012 WL 2061694 (C.D. Cal. June 7, 2012) (challenge to deputies' excessive use of force in Los Angeles County Jail facilities); *Henderson v. Thomas*, 913 F. Supp. 2d 1267 (M.D. Ala. 2012) (challenge to Alabama Department of Corrections' policy of segregating and stigmatizing HIV-positive incarcerated people); *Graves v. Arpaio*, 633 F. Supp. 2d 834 (D. Ariz. 2009), *aff'd*, 623 F.3d 1043 (9th Cir. 2010) (challenge to conditions in Maricopa County Jail); *Gates v. Cook*, 376 F.3d 323 (5th Cir. 2004) (challenge to conditions of confinement for death-sentenced prisoners in Mississippi); *Flynn v. Doyle*, 2007 WL 805788 (E.D. Wis. Mar. 14, 2007) (challenge to conditions in women's prison); *Inmates of the R.I. Training Sch. v. Martinez*, 465 F. Supp. 2d 131 (D.R.I. 2006) (challenge to conditions in juvenile facility); and *Jones'El v. Berge*, 164 F. Supp. 2d 1096 (W.D. Wis. 2001), 172 F. Supp. 2d 1128 (W.D. Wis. 2001), 374 F.3d 541 (7th Cir. 2004) (challenge to conditions in "supermax" prison).

8. The attorneys litigating this case on behalf of the NPP are seasoned experts in this area of law. Eunice Cho is Senior Counsel at the ACLU National Prison Project, with sixteen years of experience. She is a national expert on issues regarding immigration detention and has served as lead or co-counsel in numerous class action cases in numerous cases related to the civil rights of immigrants and prisoners. Early in her career, she clerked for the Hon. Kim McLane

Wardlaw of the U.S. Circuit Court of Appeals for the Ninth Circuit. Kyle Virgien is a senior staff attorney with over a decade of experience litigating civil rights cases. He has represented certified classes in multiple cases involving conditions of confinement in immigration detention, along with pre-trial detention. Before joining NPP in 2021, he worked for a large commercial law firm and clerked for Hon. Raymond T. Chen, U.S. Court of Appeals for the Federal Circuit.

**New York Civil Liberties Union Foundation ("NYCLU")**

9. The NYCLU was founded in 1951 as the New York affiliate of the American Civil Liberties Union and, since its founding, has successfully litigated class-action cases in the Southern District of New York and elsewhere in New York, asserting constitutional claims against various government entities. *See, e.g.*, *L.V.M. v. Lloyd*, 318 F. Supp. 3d 601 (S.D.N.Y. 2018) (certifying class of detained immigrant children challenging unnecessarily prolonged detention); *Peoples v. Annucci*, 180 F. Supp. 3d 294 (S.D.N.Y. 2016) (approving class settlement of action challenging solitary confinement in New York State prisons); *Ligon v. City of New York*, 288 F.R.D. 72 (S.D.N.Y. 2013) (certifying class in challenge to an NYPD stop-and-frisk program).

10. The NYCLU attorneys litigating this matter have significant experience serving as counsel in complex civil rights cases, including serving as counsel in class actions. Amy Belsher has over a decade of experience litigating complex civil rights issues. She is a Supervising Attorney and the Director of Immigrants' Rights Litigation at NYCLU and has served as lead class counsel. *See, e.g.*, *Velesaca v. Decker*, 458 F. Supp. 3d 224 (S.D.N.Y. 2020). Prior to joining the NYCLU, she was a law clerk to the Honorable Margo K. Brodie of the U.S. District Court for the Eastern District of New York. Robert Hodgson is the Assistant Legal Director of the NYCLU and has been litigating complex civil rights cases there for twelve years. He has

served as lead counsel in multiple class actions. *See, e.g.*, *Abdi v. Duke*, 280 F. Supp. 3d 373 (W.D.N.Y. 2017) (ordering class wide relief for arriving asylum seekers in ICE custody). Prior to joining the NYCLU, he was a law clerk to the Honorable David O. Carter of the U.S. District Court for the Central District of California. Claire Molholm is a staff attorney at the NYCLU who previously was a Legal Fellow with the organization and a clerk for Hon. Richard A. Paez and Hon. Dorothy W. Nelson on the U.S. Court of Appeals for the Ninth Circuit and for Hon. Jinsook Ohta on the U.S. District Court for the Southern District of California.

**Make the Road New York ("MRNY")**

11. Make the Road New York is a membership-based nonprofit and legal services provider that has been at the forefront of numerous initiatives to protect immigrants' rights in New York State and nationwide since it was founded in 1997. MRNY has over 28,000 members drawn largely from Spanish-speaking immigrant communities and a staff of over 200 spread across its five New York City-area offices. MRNY's legal team has litigated a wide range of cases on behalf of the organization's clients and members and was appointed counsel in a certified nationwide class action on behalf of applicants for Deferred Action for Childhood Arrivals (DACA) status. *Batalla Vidal v. Wolf*, 501 F. Supp. 3d 117, 138 (E.D.N.Y. 2020). MRNY has litigated numerous individual lawsuits on behalf of men, women and youth detained at 26 Federal Plaza, leading to several orders of immediate release. *See Valdez v. Joyce*, No. 25 CIV. 4627 (GBD), 2025 WL 1707737, at *5 (S.D.N.Y. June 18, 2025); *Chipantiza-Sisalema v. Francis*, No. 25 CIV. 5528 (AT), 2025 WL 1927931, at *4 (S.D.N.Y. July 13, 2025); *Lopez Benitez v. Franco*, 1:25-cv-05937-DEH (S.D.N.Y. July 28, 2025) (oral decision).

12. The attorneys litigating this case on behalf of the MRNY are experts in this area of law. Paige Austin has worked in the area of immigration law for over a decade and litigated

dozens of immigration-related cases including habeas claims; petitions for review of removal orders; and APA and class-action lawsuits. In addition to the *Batalla* case, she has been part of the counsel team in certified class actions. *See, e.g.*, *L.V.M. v. Lloyd*, 318 F. Supp. 3d 601, 617 (S.D.N.Y. 2018) (certifying class of detained noncitizen children in New York State); *Abdi v. Duke*, 280 F. Supp. 3d 373 (W.D.N.Y. 2017) (ordering class wide relief for arriving asylum seekers in ICE custody). Harold Solis is co-legal director of Make the Road and also has over ten years of experience litigating before the immigration agencies and federal court on behalf of noncitizen clients.

**<u>Wang Hecker LLP ("WHLLP")</u>**

13. Wang Hecker LLP ("WHLLP") was founded in 2011 as a boutique civil rights law firm[1]. For nearly 15 years, the firm itself and lawyers within the firm have repeatedly been appointed class counsel. *See, e.g.*, *Parker v. City of New York*, No. 15 Civ. 6733 (E.D.N.Y.) and *Miller v. City of New York*, No. 21 Civ. 2616 (S.D.N.Y.) (D. Mullkoff co-class counsel in challenges to New York City Department of Corrections' use of punitive segregation and isolated confinement with respect to pretrial detainees at Rikers Island); *In Re Nassau County Strip Searches*, No. 99-CV-02844 (E.D.N.Y.) (M. Wang co-lead trial counsel for class of detainees at Nassau County Correctional Center); *McBean v. City of New York*, No. 02 Civ. 05426 (S.D.N.Y.) (M. Wang lead lawyer on counsel of class of pre-trial detainees at Rikers subjected to unlawful strip searches); *Tyson v. City of New York*, No. 97 Civ. 03762 (S.D.N.Y.) (M. Wang part of class counsel for class of arrestees subjected to unlawful strip searches by NYPD).

---

[1] Wang Hecker LLP was initially founded as Cuti Hecker Wang LLP in 2011 and became Wang Hecker LLP in 2024.

14. WHLLP attorneys litigating this case have extensive experience litigating complex civil rights cases, including class actions. Mariann Wang, a founding partner of WHLLP, has nearly thirty years' experience litigating civil rights cases in federal and state court, including class actions referenced in the above paragraph, as well as leading the firm's litigation challenging systemic discrimination by the New York City Police Department in the provision of its investigative services to victims of sexual assault, *see Demski et al. v. City of New York, et al.*, No. 150089/2019 (N.Y. Sup. Ct. N.Y. Cnty). Earlier in her career and following her clerkship for Hon. Sterling Johnson, Jr., U.S. District Court for the Eastern District of New York, Ms. Wang worked at the ACLU and at a prominent commercial law firm in New York. Daniel Mullkoff is a partner in WHLLP. In addition to serving as class counsel in class actions referenced above, Mr. Mullkoff spent two years at the NYCLU, where he focused on police misconduct issues, including a class action challenging New York State's use of solitary confinement in state prisons and a class action challenging aspects of the New York City Police Department's stop-and-frisk program, and where he also litigated numerous cases challenging First Amendment violations. Mr. Mullkoff previously clerked for Hon. Keith P. Ellison, U.S. District Court for the Southern District of Texas. Heather Gregorio is a partner in WHLLP who has been litigating civil rights cases for nearly a decade, including cases seeking systemic injunctive relief. *See e.g.*, *Noel and Senat v. City of New York*, No. 15 Civ. 5236 (S.D.N.Y.). She joined WHLLP in 2017 following her clerkships for Hon. Pamela K. Chen, U.S. District Court for the Eastern District of New York, and for Hon. Pierre N. Leval of the U.S. Court of Appeals for the Second Circuit. Alice Reiter is a partner in WHLLP who has fifteen years' experience litigating civil rights cases, including systemic cases seeking injunctive relief. *See, e.g.*, *Demski et al. v. City of New York et al.*, No. 150089/2019 (N.Y. Sup. Ct. N.Y. Cnty.). Prior

to joining the firm in 2013, Ms. Reiter worked for a large commercial law firm in New York and clerked for Hon. Barbara S. Jones, U.S. District Court for the Southern District of New York. Lily Sawyer-Kaplan is an associate at WHLLP who previously worked for the Civil Rights Division of the U.S. Department of Justice and clerked for Hon. William A. Fletcher on the U.S. Court of Appeals for the Ninth Circuit and for Hon. Amit P. Mehta on the U.S. District Court for the District of Columbia.

15. The Plaintiff's attorneys are committed to the vigorous, effective, and efficient prosecution of the interests of Plaintiff and the putative class (the "Class"), a commitment that we have demonstrated in our representation of Plaintiff and the Class in the proceedings to date in this matter. We have dedicated many hours and financial resources to the investigation and research of Plaintiff's legal claims; developing the factual record and legal theories underlying this case; performing legal research about potential claims and relief available to the Class; identifying and communicating with individuals with information about the challenged policies and conditions at 26 Fed, notwithstanding the bar to communicating directly with individuals during their detention at 26 Fed; and drafting a lengthy and detailed complaint as well as this class certification motion and motion for temporary restraining order.

16. The Plaintiff's attorneys are willing and able to provide adequate staffing and funding to see this case through to its conclusion.

17. I declare under penalty of perjury that the foregoing is true and correct.

DATED: New York, New York
August 8, 2025

/s/ Heather Gregorio
Heather Gregorio

**CERTIFICATE OF SERVICE**

I hereby certify that on August 8, 2025, I will serve by electronic mail this Declaration in Support of the Motion for Class Certification upon the following counsel:

Jeffrey Oestericher, Jeffrey.Oestericher@usdoj.gov and
Brandon Waterman, Brandon.Waterman@usdoj.gov

DATED: New York, New York
August 8, 2025

/s/ Heather Gregorio
Heather Gregorio