**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

86 Chambers Street
New York, New York 10007

**MEMO ENDORSED**

August 13, 2025

By ECF
The Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street, Room 2240
New York, New York 10007

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: 8/14/25

Re:    *Barco Mercado v. Noem*, 25 Civ. 6568 (LAK)

Dear Judge Kaplan:

This Office represents the Defendants in the above-referenced matter. I am writing in connection with the Temporary Restraining Order ("TRO") (ECF No. 65) entered by the Court yesterday in this matter to explain certain compliance challenges that Defendants are encountering. There are three challenges that I wish to bring to the attention of the Court and counsel for the Plaintiff. First, the TRO requires Defendants to furnish adequate supplies of "oral hygiene products (including tooth brushes and toothpaste)." TRO ¶ 1(d). However, providing toothbrushes, rather than teeth cleaning wipes, presents a potential safety concern for other aliens in custody as well as ICE personnel because toothbrushes can be readily improvised as weapons. Accordingly, Defendants have been providing teeth cleaning wipes to detainees instead.

Second, the TRO requires Defendants to provide detainees with the means of making confidential, unmonitored, unrecorded, temporally unrestricted, and free legal telephone calls to counsel "(with interpreters for non-English speaking Detainees)." TRO ¶ 1(e). However, ICE is unable to provide interpreter services for confidential attorney phone calls due to a lack of resources and a lack of a contract for such services, as the agency has never been required to provide this service even in long-term facilities. Accordingly, Defendants have not been able to provide this service.

Third, the TRO suggests that detainees must be allowed to "retain prescription medications in their possession at the time of arrest and to receive and retain such medicines brought for them by family members or their attorney(s) to the ICE field office." TRO ¶ 2 (g) (Notice of Rights). However, allowing detainees to retain all prescriptions on their person in the hold rooms presents liability and safety concerns (*e.g.*, incorrectly taking medications can lead to overdoses while in government custody, needles for insulin can be used as improvised weapons, etc.). Accordingly, ICE Health Service Corps has medical staff on hand to provide any medication brought by or received on behalf of detainees.

Accordingly, Defendants respectfully request that these three provisions of the TRO be stayed and that the TRO be modified in the three respects outlined above.

We thank the Court for its consideration of this submission.

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By:     /s/  *Jeffrey Oestericher*
        JEFFREY OESTERICHER
        Assistant United States Attorney
        86 Chambers Street, Third Floor
        New York, New York 10007
        Telephone: (212) 637-2695
        E-mail: jeffrey.oestericher@usdoj.gov

Memorandum Endorsement                                    Mercado v Noem, 25-cv-6568 (LAK)

        So much of the Temporary Restraining Order ("TRO") as (a) requires the provision of toothbrushes instead of teeth cleaning wipes, and (b) interpreter services for confidential attorney phone calls are stayed pending further order of this Court.  The Court will consider modification of the TRO insofar as it requires that detainees be given physical possession of prescription medication while in detention.

        Plaintiff shall respond to all aspects of the government's letter of August 13 no later than August 14.  The Court, however, urges the parties to work out mutually acceptable language concerning detainee medications and interpreters.

        SO ORDERED.

Dated:       August 14, 2025

                          /s/       Lewis A. Kaplan

                                 Lewis A. Kaplan
                           United States District Judge