# Wang Hecker llp

111 Broadway, Suite 1406
New York, NY 10006

**Heather Gregorio**
212.620.2608 tel
212.620.2609 fax

hgregorio@wanghecker.com

August 14, 2025

**By ECF**

Hon. Lewis A. Kaplan
United States District Judge
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:  *Barco Mercado v. Noem et al.,* 25 Civ. 6568 (LAK) (KHP)

Your Honor:

    This firm, along with the American Civil Liberties Union Foundation, New York Civil Liberties Union Foundation, and Make the Road New York, represents Plaintiff Sergio Alberto Barco Mercado in the above-entitled action.  We write to respond to the government's letter dated August 13, 2025, which requests certain modifications to the Temporary Restraining Order ("TRO"), ECF No. 67, and to the Court's August 14 Order, ECF No. 68.  As detailed below, we have conferred with counsel for Defendants and have reached agreement on the provision pertaining to interpreters, and partial agreement on the provision pertaining to medication.  The parties disagree regarding the provision relating to toothbrushes.

### *The Provision of Toothbrushes*

    Plaintiff objects to the government's request to modify the TRO to remove the provision requiring distribution of toothbrushes based on an unsupported and vague assertion that physical toothbrushes pose a safety risk.  Individuals in immigration custody routinely are provided with toothbrushes, and ICE's own policies provide for them.  *See* 2025 ICE National Detention Standards, Standard 4.4, ¶ II(F)[1] ("Each detainee shall receive, at a minimum . . . One tube of toothpaste; . . . One toothbrush . . .").  *See also Unknown Parties v. Nielsen*, 611 F. Supp. 3d 786, 809 (D. Ariz. 2020) ("In addition to body-wipes, Tucson Sector generally provides personal hygiene items, including toothbrushes and toilet paper in hold rooms."); *Flores v. Barr*, No. CV 85-4544-DMG (AGRx), 2020 WL 2128663, at *4 (C.D. Cal. March 28, 2020) ("The Court has previously held, with regard to CBP temporary facilities, that the Agreement's requirement for safe and sanitary

---

[1] *Available at* https://www.ice.gov/doclib/detention-standards/2025/nds2025.pdf.

conditions covers an array of basic hygiene and health needs such as soap, toothbrushes, regulated temperatures and conditions in which Class Members can sleep."); *Unknown Parties v. Johnson*, 15 Civ. 250, 2016 WL 8188563, at *9 (D. Ariz. Nov. 18, 2016) ("A sanitary environment is a basic human need that a penal institution must provide for all inmates," which includes a "right to personal hygiene supplies such as toothbrushes and soap," and "sanitary napkins for female prisoners"), *clarified on denial of reconsideration*, 2017 WL 467238 (D. Ariz. Jan 3, 2017), *aff'd sub nom. Doe v. Kelly*, 878 F.3d 710 (9th Cir. 2017).

There is no basis to deny individuals detained at 26 Federal Plaza basic hygiene products that are customarily made available at other immigration detention facilities across the country. We thus respectfully request that the Court deny the request to modify Paragraph 1(d) of the TRO.

*Interpreters*

With regard to the role of interpreters in legal calls, Plaintiff asks that phone lines be accessible to interpreters during legal calls, not that ICE be required to provide the interpreters for those calls. We respectfully suggest modification of Paragraph 1(e) of the TRO to prohibit detaining anyone in a hold room:

> from which Detainees are not provided with means of making confidential, unmonitored, unrecorded, temporally unrestricted, and free telephone calls to counsel, that allows for connection with outside interpretation services during the call, within 24 hours of being detained and at least once during each subsequent 12 hour period while they are detained together with the ability to schedule legal calls with counsel within 6 hours of a request made within the period 9 a.m. to 4 p.m. and within 16 hours of a request made thereafter;

Defendants consent to this modification to the TRO.

*Prescription Medications*

As to prescription medication, TRO ¶ 2(g), for purposes of the TRO, Plaintiff requests a modification of the TRO that would permit detained individuals to keep personal inhaled medication on their person and to have access to other prescribed medication as necessary, as long as medical staff are available to provide it whenever necessary. This approach comports with Directive 11087.2, ECF No. 11-1, ¶ 5.7 ("Allow detainees to keep personal inhaled medication on their person and

have access to other prescribed medication as necessary.").[2] Defendants' position is that they consent to allowing individuals in custody to keep personal inhaled medication on their person, but only if needed for emergency use, not for regular use.

    Plaintiff thanks the Court for its attention to this matter,

Respectfully submitted,

*Heather Gregorio*

Heather Gregorio

cc:    All counsel by ECF

---

[2] We note that ICE detention facilities have a detailed "Keep on Person" ("KOP") medication management system that allows for detained individuals to keep other specified medications on their person beyond inhaled medications, and we reserve the right to request a more detailed provision allowing for more medications to be designated as KOP in any future Preliminary Injunction and Permanent Injunction. *See, e.g.*, ICE Health Service Corps, *Medication Administration Guide* (2021), available at https://www.ice.gov/doclib/foia/policy/guideIHSC_MedicationAdmin_Mar2021.pdf; *Jensen v. Thornell*, No. CV-12-00601-PHX-ROS, 2023 WL 2838040, *17-18 (D. Ariz. Apr. 7, 2023).