UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SERGIO ALBERTO BARCO MERCADO, on his own behalf and on behalf of all others similarly situated,

        Plaintiff,

        v.

KRISTI NOEM, Secretary, U.S. Department of Homeland Security, in her official capacity, *et al.*,

        Defendants.

No. 25 Civ. 6568 (LAK)

---

**MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**


JAY CLAYTON
United States Attorney for the
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2695/2663

JEFFREY OESTERICHER
JENNIFER JUDE
Assistant United States Attorneys
    - Of Counsel -

Defendants (the "Government"), by their attorney, Jay Clayton, United States Attorney for the Southern District of New York, respectfully submit this memorandum of law in opposition to Plaintiff's motion for class certification, ECF No. 34. For the reasons explained herein, this Court should deny Plaintiff's motion.

## PRELIMINARY STATEMENT

Plaintiff, and the putative class on whose behalf he seeks to bring this case, filed this action to challenge the conditions of confinement and limitations on attorney access at the U.S. Immigration and Customs Enforcement ("ICE") transitional holding facility at 26 Federal Plaza ("26 Fed"). *See* ECF No. 51 ("Compl."). Plaintiff has moved to certify a class of all immigration detainees who are or will be detained by ICE at 26 Fed, regardless of how long they are there. ECF No. 37 ("Mot.").

The Court should deny Plaintiff's motion for two reasons. First, the proposed class is overbroad in that it includes the many detainees who are held at 26 Fed for a short period of time and therefore would not experience unconstitutional conditions of confinement or limitations on attorney access that are equivalent to a deprivation of the right to counsel. Such "short-term" detainees lack commonality with the detainees who Plaintiff alleges are held at 26 Fed for multiple days or weeks while awaiting placement in a facility designed for longer-term detention. Second, Plaintiff has not satisfied Rule 23(a)'s typicality and adequacy requirements because, as he explained in a declaration describing his experience at 26 Fed, his claims are not typical of those of the class he seeks to represent.

## BACKGROUND

### I.     This Action

Plaintiff filed this action on August 8, 2025, alleging that the conditions of confinement at 26 Fed violate his (and the proposed class members') Fifth Amendment rights and that the

limitations on access to legal counsel violate their First and Fifth Amendment rights. Compl. ¶¶ 68-81. According to Plaintiff, in the last few months, ICE has begun detaining people in overcrowded rooms "inside a transitional holding station at 26 Fed . . . designed to hold people only temporarily for a matter of hours as they are processed before release or transport to a longer term detention facility." *Id.* ¶ 3. Instead, they are held there "for extended periods of time, often for a week or more, sleeping on the concrete floor next to the toilet, in cells that are either freezing or oppressively hot, without medication, an opportunity to bathe, brush their teeth, or change their clothes" and with "at most only two small meals a day." *Id.*; *see id.* ¶ 29. Plaintiff further alleges that while at 26 Fed, detainees "have no means to communicate confidentially with legal counsel." *Id.* ¶ 5.

## II. The ICE Field Office at 26 Fed

26 Fed contains an ICE field office processing and holding facility with rooms designed to temporarily hold individuals during arrest processing and while awaiting transport to detention facilities. ECF No. 58 ("ICE Decl.") ¶¶ 2-4. The field office processing area has two large holding rooms and two smaller sized holding rooms. *Id.* ¶ 3. According to ICE Directive 11087.2, "Operations of ERO Holding Facilities," an ICE "holding facility" is used "primarily . . . for the short-term confinement of individuals," where "short-term is defined as a period not to exceed 12 hours, absent exceptional circumstances." Compl. ¶¶ 19-21; *see* ICE Decl. ¶ 4. This 12-hour limit was recently extended to 72 hours by an ICE waiver. Compl. ¶ 22.

While at 26 Fed, detainees have access to medical personnel assigned to the field office, may receive their medication, are permitted to change clothes (and are issued a change of clothes upon request), and are provided meals, bottled water, blankets, and bedding mats. ICE Decl. ¶¶ 8-15; ECF No. 74 ¶ 10. As a short-term holding facility for post-arrest processing, private sleeping quarters are not available. ICE Decl. ¶ 10.

### III.     Plaintiff's Detention

On July 4, 2022, Plaintiff unlawfully entered the United States from Mexico. *Id.* ¶ 22. On July 6, 2022, he was served with a Notice to Appear, and placed in removal proceedings, per Section 212(a)(6)(A)(i) of the INA, and released on bond. *Id.* ¶ 23.

On August 8, 2025, Plaintiff appeared before an Immigration Judge at the New York Immigration Court at 26 Federal Plaza. *Id.* ¶ 25. During this hearing, it came to light that he resided in New Jersey, and the Immigration Judge ordered a change of venue to the Newark Immigration Court. *Id.* Upon departing court, Plaintiff was apprehended by ICE and detained without bond pursuant to 8 U.S.C. § 1225(b). *Id.* ¶ 26. He was provided with a phone call and, with his assent, consular notification was provided to the Peruvian consulate. *Id.*

According to Plaintiff, while at 26 Fed, he was not able to shower, did not have a bed, and found the room cold and bad smelling and the two meals provided each day "small" and "inedible." ECF No. 61 ("Pl. Supp. Decl.") ¶¶ 6-7. On August 10, Plaintiff called his attorney, but his call was "maybe one or two minutes" and was not private as there was a guard next to him, and he heard someone "breathing audibly on the line" whom he believes was monitoring the call. *Id.* ¶ 11. While at 26 Fed, Plaintiff asked for and received pain medication for a toothache. *Id.* ¶ 12. On August 10, 2025, Plaintiff was transported from 26 Fed to the Orange County Jail for detention. ICE Decl. ¶ 27; Pl. Supp. Decl. ¶¶ 4-5.

## ARGUMENT

### I. The Court Should Deny Plaintiff's Motion

#### A. Legal Standards

"The class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *Comcast Corp. v. Behrend*, 569 U.S. 27, 33, 133 S. Ct. 1426, 1432 (2013) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-01, 99 S. Ct. 2545, 2557

3

(1979)). The party seeking class certification bears the burden of demonstrating that they have satisfied all four Rule 23(a) prerequisites and that their proposed class lawsuit falls within one of the three types of actions permitted under Rule 23(b). *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614, 117 S. Ct. 2231, 2245 (1997).

The Supreme Court has emphasized that "Rule 23 does not set forth a mere pleading standard" and, thus, a plaintiff "must affirmatively demonstrate [his] compliance with the Rule—that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350, 131 S. Ct. 2541, 2551 (2011). Consequently, the Court must conduct a "rigorous" class certification analysis, which may "entail some overlap with the merits of the plaintiff's underlying claim." *Id.* at 351. If the Court is not fully satisfied that all Rule 23 requirements are met, the Court cannot certify the class. *Id.*

> Rule 23(a) requires a party seeking to certify a class first to demonstrate that:
>
> (1) The class is so numerous that joinder is impractical [("numerosity")];
> (2) There are questions of law or fact common to the class [("commonality")];
> (3) The claims or defenses of the named plaintiffs are typical of claims or defenses of the class [("typicality")]; and
> (4) The named plaintiffs will fairly and adequately protect the interest of the class [("adequacy of representation")].

Fed. R. Civ. P. 23(a).

While courts assume the truth of the allegations in the complaint when considering whether to certify a proposed class, "district courts are required to look past the pleadings for the limited purpose of deciding if the Rule 23 requirements have been met." *Attenborough v. Const. & Gen. Bldg. Laborers' Loc. 79*, 238 F.R.D. 82, 93 (S.D.N.Y. 2006) (citing *Heerwagen v. Clear Channel Commc'ns*, 435 F.3d 219, 231 (2d Cir. 2006)). As such, a defendant is permitted to submit evidence

4

in opposition to a class certification motion. *See Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 284, 134 S. Ct. 2398, 2417 (2014).

### B. The Proposed Class Is Overbroad

Plaintiff's proposed class of "all immigration detainees who are detained and those who will be detained in the future by [ICE] . . . at 26 Federal Plaza," Mot. at 6, is overbroad because it includes all present and future detainees regardless of how long they are held at 26 Fed. Because detainees who spend a short time at 26 Fed do not suffer the same alleged deprivations as those who may be there for longer, this proposed class does not meet the commonality requirement of Rule 23(a)(2). *See Sheehan v. Purolator, Inc.*, 103 F.R.D. 641, 656 (E.D.N.Y. 1984), *aff'd*, 839 F.2d 99 (2d Cir. 1988) (noting that overbroad class presents commonality concern); *Faralli v. Hair Today, Gone Tomorrow*, No. 1:06-CV-504, 2007 WL 120664, at *6 (N.D. Ohio Jan. 10, 2007) ("A proposed class may be deemed overly broad if it would include members who have not suffered harm at the hands of the defendant.") (internal quotation marks omitted).

"A question of law or fact is common to the class, if the question is 'capable of classwide resolution—which means that its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.'" *Johnson v. Nextel Commc'ns Inc.*, 780 F.3d 128, 137 (2d Cir. 2015) (quoting *Wal-Mart*, 564 U.S. at 349-50) (cleaned up). Commonality requires the plaintiff to demonstrate that the class members "have suffered the same injury," but this "does not mean merely that they have all suffered a violation of the same provision of law." *Wal-Mart*, 564 U.S. at 350. Indeed, it is not enough for a plaintiff to identify broad questions that are common to the entire class. *See id.* at 350 ("What matters to class certification . . . is not the raising of common questions—even in droves—but rather, the capacity of a class-wide proceeding to generate common *answers* apt to drive the resolution of the litigation." (quotations omitted) (emphasis in

5

original)). "Where the same conduct or practice by the same defendant gives rise to the same kind of claims from all class members, there is a common question." *Johnson*, 780 F.3d at 137.

Plaintiff has not demonstrated that the proposed class meets Rule 23(a)'s commonality requirement. Immigration detainees who are only briefly held at 26 Fed do not "suffer[] the same injury," as those who may spend longer periods there. *Wal-Mart*, 564 U.S. at 350. As alleged in the Complaint, Plaintiff brings this action to challenge recent changes in ICE policy that have led ICE to keep detainees for days or weeks "inside a transitional holding station . . . designed to hold people only temporarily for a matter of hours" that lacks the infrastructure and amenities needed for longer-term stays. Compl. ¶¶ 2-3, 29-32, 39. Plaintiff does not allege that ICE's previous practice of holding detainees at 26 Fed for up to 12 hours, *i.e.*, for the "short term" as per ICE Directive 11087.2, is unconstitutional. *See id.* ¶¶ 18-34. This customary use of 26 Fed's ICE facility is not even close to being "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience," as required to show a constitutional violation. *Charles v. Orange County*, 925 F.3d 73, 85 (2d Cir. 2019) (quotation marks omitted); *see Wilson v. Seiter*, 501 U.S. 294, 299, 111 S. Ct. 2321, 2324 (1991) (explaining that "only those deprivations denying the minimal civilized measure of life's necessities . . . are sufficiently grave to form the basis" for a constitutional violation) (internal quotations marks and citation omitted).

Similarly, the Government disputes Plaintiff's allegation that "[p]eople detained at 26 Fed are denied the ability to communicate with their attorneys," Compl. ¶ 49. *See* ICE Decl. ¶¶ 16-17. Even if accepting this allegation as true, this is an inconvenience for detainees who briefly pass through 26 Fed on their way to another facility, not a constitutional violation. Courts have held that the statutory right to counsel in immigration proceedings is violated only where conditions are

6

"tantamount to denial of counsel."[1] *E.g.*, *Biwot v. Gonzales*, 403 F.3d 1094, 1098 (9th Cir. 2005); *cf. Turkmen v. Ashcroft*, No. 02-CV-2307 (JG), 2006 WL 1662663, at *49 (E.D.N.Y. June 14, 2006), *aff'd in part, vacated in part, remanded*, 589 F.3d 542 (2d Cir. 2009) (finding total "communications blackout" prior to immigration court hearings was sufficient to state a claim).

Plaintiff has not demonstrated that the members of the proposed class have "suffered the same injury" where persons who spent mere hours at 26 Fed are grouped together with those who spent more than a week there.

### B. The Proposed Class Does Not Meet Rule 23(a)'s Typicality and Adequacy Requirements

Plaintiff also has not demonstrated that his claims are typical of those of the proposed class given that he was only held at 26 Fed for two days, and did not suffer many of the alleged injuries of other putative class members. And because he did not suffer the same injuries, he is not an adequate class representative.

"Rule 23(a) ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate by effectively limiting the class claims to those fairly encompassed by the named plaintiff's claims." *Mazzei v. Money Store*, 829 F.3d 260, 271-72 (2d Cir. 2016), *cert. denied*, 137 S. Ct. 1332 (2017) (alterations, citation, and internal quotation marks omitted). Typicality requires that "the disputed issues of law or fact occupy essentially the same degree of centrality to the named plaintiff's claim as to that of other members of the proposed class." *Id.* at 272 (internal quotation marks and alterations omitted). The typicality requirement aims "to ensure that the named plaintiff's claim and the class claims are so interrelated that the

---

[1] "Because immigration proceedings are of a civil rather than criminal nature, aliens in removal proceedings 'enjoy[ ] no specific right to counsel' under the Sixth Amendment to the Constitution. *Debeatham v. Holder*, 602 F.3d 481, 486 (2d Cir. 2010) (quoting *Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 46 (2d Cir. 2005)); *see Iavorski v. INS*, 232 F.3d 124 (2d Cir. 2000) (discussing 8 U.S.C. § 1362 and due process considerations).

interests of the class members will be fairly and adequately protected in their absence." *Id.* (internal quotation marks and alterations omitted).

The Complaint alleges that proposed class members suffered a number of deprivations while at 26 Fed, including being denied access to their prescription medications and to medical treatment, Compl. ¶¶ 4, 41, 71; being denied the ability to communicate with their attorneys, *id.* ¶ 49; and being detained there for "several days or even weeks at a time," *id.* ¶ 29; *see id.* ¶¶ 3, 30, 34, 36, 46. But by his own admission, Plaintiff did not experience these alleged deprivations: he was not denied medication or medical care, Pl. Supp. Decl. ¶ 12; he was not denied the ability to speak to his attorney, *id.* ¶¶ 10-11; and he was at 26 Fed from August 8 to August 10, not "several days" or weeks, *id.* ¶¶ 4-5. Indeed, Plaintiff seems to go out of his way to show that his experience at 26 Fed was *atypical*, explaining:

- He is a "young and relatively healthy person, apart from my dental pain, but [] saw people inside 26 Federal Plaza who are disabled and very vulnerable," *id.* ¶ 13;
- Unlike Plaintiff, "[m]ost people do not have lawyers," *id.*; and
- While Plaintiff was detained at 26 Fed for two days, "[he] spoke with many people there who had been detained for 6 or 7 days in that room," *id.* ¶ 8.

These statements belie Plaintiff's claim that he "experienced exactly the conditions" described in the Complaint. *See id.* ¶ 6. Plaintiff is not an appropriate representative of the proposed class, because the class's claims are not "fairly encompassed" by his own claims. *See Mazzei*, 829 F.3d at 271-72.

For similar reasons, Plaintiff also has not met the adequacy prong of Rule 23(a)(4). The adequacy requirement is satisfied if "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "Determining adequacy of representation . . . requires the Court to determine: (1) whether the named plaintiffs . . . have any conflicts of interest with other class members; and (2) whether the named plaintiffs . . . will prosecute the action

8

vigorously on behalf of the entire class." *In re Marriott Int'l, Inc., Customer Data Sec. Breach Litig.*, 341 F.R.D. 128, 150 (D. Md. 2022) (quotation omitted); *accord Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 60 (2d Cir. 2000). Class representatives must "possess the same interest and suffer the same injury" as the class members, otherwise, they are "simply not eligible to represent a class of persons who did allegedly suffer injury." *E. Tex. Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 403-04, 97 S. Ct. 1891, 1896-97 (1977) (internal quotation marks and citation omitted). Here, as explained *supra,* Plaintiff did not suffer the same alleged injuries as other members of the class.[2]

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court deny Plaintiff's motion for class certification.

Dated: New York, New York
August 20, 2025

                                        Respectfully submitted,

                                        JAY CLAYTON
                                        United States Attorney for the
                                        Southern District of New York

By:   */s/ Jennifer Jude*
        JEFFREY OESTERICHER
        JENNIFER JUDE
        Assistant United States Attorneys
        86 Chambers Street, 3rd Floor
        New York, New York 10007
        Telephone:  (212) 637-2695/2663
        E-mail:  jeffrey.oestericher@usdoj.gov
                    jennifer.jude@usdoj.gov

---

[2] Additionally, if the Court agrees with the Government's argument that the proposed class is overbroad, *see supra*, and instead certifies a narrower class of persons who are or will be detained at 26 Fed for longer than a specified timeframe, Plaintiff may not meet the definition of that class (depending on the timeframe) and be inappropriate as a class representative for that reason as well.

9

**Certificate of Compliance**

Pursuant to Local Civil Rule 7.1(c), the above-named counsel hereby certifies that this memorandum complies with the word-count limitation of this Court's Local Civil Rules. As measured by the word processing system used to prepare it, this memorandum contains 2,940 words.