# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

SERGIO ALBERTO BARCO MERCADO, on his own behalf and on behalf of others similarly situated,

Plaintiff,

v.

KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, in her official capacity; DEPARTMENT OF HOMELAND SECURITY; TODD LYONS, Acting Director, Immigration and Customs Enforcement, in his official capacity; IMMIGRATION AND CUSTOMS ENFORCEMENT; MARCOS CHARLES, Acting Executive Associate Director, Immigration and Customs Enforcement, Enforcement and Removal Operations, in his official capacity; LADEON FRANCIS, Acting Field Office Director of New York, Immigration and Customs Enforcement, in his official capacity;

Defendants.

Case No. 25 Civ. 6568 (LAK)

# SUPPLEMENTAL BRIEF REGARDING SUBJECT MATTER JURISDICTION IN SUPPORT OF PLAINTIFF'S MOTIONS FOR A PRELIMINARY INJUNCTION AND FOR CLASS CERTIFICATION

Plaintiff submits this supplemental brief in response to the Court's September 4, 2025 Order instructing the parties to "brief the questions whether the Court has subject matter jurisdiction over the claims of plaintiff Mercado and, if not, whether it nevertheless has such jurisdiction over the claims asserted on behalf of the putative class." ECF No. 91. As explained below, the answer to both questions is yes.

## PRELIMINARY STATEMENT

Defendants' decision to move Plaintiff Sergio Alberto Barco Mercado out of 26 Federal Plaza ("26 Fed") two days after he filed this putative class action challenging the unconstitutional conditions there does not deprive this Court of subject matter jurisdiction.

Well-established legal principles provide two exceptions to mootness in precisely this type of situation, where putative class representatives are moved before a court can rule on class certification. First, because of the brief and uncertain duration of immigration detention, the inherently transitory exception to mootness permits Mr. Barco Mercado to represent the class, even if he is no longer held at 26 Fed. Second, the "picking off" exception to mootness also applies here because it was Defendants that chose to move Mr. Barco Mercado out of the challenged conditions two days after he filed this case. Under both doctrines, Mr. Barco Mercado's motion for class certification relates back to the filing of his complaint.

Mr. Barco Mercado also has standing to challenge Defendants' unconstitutional practices because standing is assessed at the time a suit is commenced, and post-complaint events, such as Defendants' decision to move Mr. Barco Mercado, cannot deprive a plaintiff of standing. When Mr. Barco Mercado filed this case and motion for class certification, he had been arrested and was detained at 26 Fed. The thousands of individuals detained at 26 Fed over the prior months had consistently been subjected to the same unconstitutional conditions of confinement and

barred from accessing their attorneys. There is no question that at the time of filing, Mr. Barco Mercado had standing to challenge these unconstitutional conditions, as he was already experiencing them and was imminently at risk of further harm.

The Court thus has subject matter jurisdiction over Mr. Barco Mercado's claims and over the claims of the putative class.

## FACTUAL BACKGROUND

Plaintiff filed this case on August 8, 2025 after he was arrested at a scheduled court appearance and detained at 26 Fed. Corrected Complaint, ECF No. 51 ("Compl."). While detained, he experienced the full range of unconstitutional and inhumane conditions that this lawsuit challenges – he was held in a crowded room, forced to sleep on the concrete floor in cold temperatures with only an aluminum blanket, was denied access to a shower, was offered only two meals per day, had insufficient water, was denied proper medical treatment, and could not make or receive confidential legal calls. *See* Supplemental Declaration of Sergio Barco Mercado, ECF No. 61 ("Barco Mercado Suppl. Decl."), ¶¶ 6–12. The same night that Plaintiff filed this suit and moved for a temporary restraining order and preliminary injunction, he also filed a motion for class certification. *See* Emergency Mot. for TRO, ECF No. 9; Pl.'s Mot. for Class Certification, ECF No. 34.

On August 10, 2025, two days after Plaintiff filed this case and motion for class certification, Defendants transferred him out of 26 Fed. Barco Mercado Suppl. Decl. ¶ 5. The following day, August 11, Defendants nearly emptied the facility, filling several vans with dozens of detained individuals and flying them to other detention centers. Declaration of Oscar Pascual-Lopez, ECF No. 82 ("Pascual-Lopez Decl."), ¶¶ 15–17; Declaration of Dulys Argueta Garcia, ECF No. 83 ("Argueta Decl."), ¶¶ 12–13. Defendants subsequently filed papers in this

case stating that only 24 individuals remained at 26 Fed.  Declaration of Nancy Zanello, ECF No. 58 ("Zanello Decl."), ¶ 3.

After a hearing, this Court issued a Temporary Restraining Order on August 12, 2025 requiring Defendants immediately to improve conditions at 26 Fed and allow detained individuals access to confidential communications with attorneys.  Order, ECF No. 65. However, Defendants have flouted the order and have continued to hold individuals at 26 Fed in unconstitutional conditions.  Pl.'s Reply Mem. in Supp. of Mot. for Prelim. Inj., ECF No. 81 ("Prelim. Inj. Reply"), at 4–8; Declaration of Manuel Lucero Lojano, ECF No. 84 ("Lucero Decl."), ¶¶ 4–10; Declaration of Amy Leipziger, ECF No. 85 ("Leipziger Decl."), ¶¶ 5, 9–11.

## ARGUMENT

The Court has subject matter jurisdiction over Plaintiff's claims and over the claims asserted on behalf of the putative class under well-established legal principles.

## I.    The Case Is Not Moot

### a.   The Inherently Transitory Exception to Mootness Applies

The Court has subject matter jurisdiction over this case under the inherently transitory exception to the mootness doctrine, which applies when "the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires."  *Comer v. Cisneros*, 37 F.3d 775, 799 (2d Cir. 1994) (quoting *County of Riverside v. McLaughlin*, 500 U.S. 44, 52, 111 S. Ct. 1661, 1667 (1991)).  "In such cases, the courts permit the class certification to relate back to the filing of the complaint and hold that the plaintiffs have properly preserved the merits of the case for judicial resolution."  *Id.* As a result, "the mootness of individual claims does not affect the ability of representatives" such as Mr. Barco Mercado "to litigate a controversy" on behalf of the class.  *J.D. v. Azar*, 925 F.3d

3

1291, 1308 (D.C. Cir. 2019) (citing *Sosna v. Iowa*, 419 U.S. 393, 402, 95 S. Ct. 553, 559 (1975)); *Amador v. Andrews*, 655 F.3d 89, 99 (2d Cir. 2011) (holding that the "relation-back doctrine" preserves claims of named plaintiff that would otherwise be moot for the purposes of class adjudication).

This is precisely the type of situation the inherently transitory exception was created to address because "(1) it is uncertain that a claim will remain live for any individual who could be named as a plaintiff long enough for a court to certify the class; and (2) there will be a constant class of persons suffering the deprivation complained of in the complaint." *Salazar v. King*, 822 F.3d 61, 73 (2d Cir. 2016) (quoting *Olson v. Brown*, 594 F.3d 577, 582 (7th Cir. 2010)). Notably, "the Supreme Court specifically 'crafted the exception in injunctive class actions,' such as this one, 'challenging criminal and immigration detention procedures.'" *Mons v. McAleenan*, No. 19-1593 (JEB), 2019 WL 4225322, at *6 (D.D.C. Sept. 5, 2019) (quoting *J.D.*, 925 F.3d at 1308); *see also Coreas v. Bounds*, No. 20-cv-0780 (TDC), 2020 WL 5593338, at *9 (D. Md. Sept. 18, 2020) ("[B]ased on the nature of immigration proceedings, [] detention can suddenly end before a court can rule on a class certification motion.").

There is no dispute in this case that the duration of an individual's detention at 26 Fed is uncertain, subject to Defendants' whims, and cannot be discerned at the outset. *See, e.g.*, Declaration of Hugo Sanchez Trillos, ECF No. 27 ("Sanchez Trillos Decl."), ¶ 6 (detained for about a week at 26 Fed, then for three days at Nassau County, and then for eight additional days at 26 Fed); Declaration of Geovani Maradiaga Ochoa, ECF No. 15 ("Maradiaga Ochoa Decl."), ¶ 6 (detained for six days at 26 Fed); Declaration of Carlos Lopez Benitez, ECF No. 16 ("Lopez-Benitez Decl."), ¶ 10 (detained for three days at 26 Fed). Defendants, for their part, insist that 26 Fed is used for "short-term confinement." Zanello Decl. ¶ 4. That is, class members' detention

at 26 Fed "may be ended at any time," *Gerstein v. Pugh*, 420 U.S. 103, 110 n.11, 95 S. Ct. 854, 861, n.11 (1975), as they could be released or transferred to another facility by Defendants, who maintain custody of class members and control their whereabouts.  *See, e.g.*, Pascual-Lopez Decl. ¶ 15; Argueta Decl. ¶ 12.

Courts routinely apply the inherently transitory exception in similar situations, as well as in situations involving much longer average detentions.  *See Nielsen v. Preap*, 586 U.S. 392, 403–04, 139 S. Ct. 954, 963 (2019) (plurality) (transitory exception applied where noncitizen plaintiffs could be released from detention because of cancellation of removal or bond hearings, though immigrants were held on average for one year, sometimes longer); *Gerstein*, 420 U.S. at 110 n.11, 95 S. Ct. at 861 n.11 (holding class action seeking injunctive relief on behalf of pre-trial detainees was not moot even though named plaintiffs had been convicted because "[p]retrial detention is by nature temporary, and it is most unlikely that any given individual could have his constitutional claim decided on appeal before he is either released or convicted"); *Abdi v. Duke*, 280 F. Supp. 3d 373, 394–98 (W.D.N.Y. 2017) (applying both the inherently transitory and voluntary cessation doctrines to preclude a mootness finding), *vacated in part on other grounds sub nom. Abdi v. McAleenan*, 405 F. Supp. 3d 467 (W.D.N.Y. 2019); *J.D.*, 925 F.3d at 1311 (inherently transitory exception applied to detained pregnant minor immigrants); *see also Amador*, 655 F.3d at 99–101 (class action seeking injunctive relief for prisoners was not moot despite release of named plaintiffs prior to ruling on class certification motion); *Zurak v. Regan*, 550 F.2d 86, 90–92 (2d Cir. 1977) (holding same for jail inmates serving up to two years). Regardless, this doctrine is not "restricted to time-limited assertions," as it also comprises populations that are particularly "fluid," such as the one at issue here.  *Abdi,* 280 F. Supp. 3d at 397 (quotation marks omitted) (collecting cases in the immigration detention context).

It is also clear that there will be a constant class of persons suffering the violations at 26 Fed; the Complaint's allegations and the factual record already submitted are sufficient to demonstrate that unnamed class members have a continuing and live interest in the case. The unconstitutional conditions and denial of access to counsel have been consistent and ongoing for months. *See* Compl., ¶¶ 2–3, 5; Declaration of Joselyn Chipantiza, ECF No. 17 ("Chipantiza Decl."), ¶ 4; Sanchez Trillos Decl. ¶¶ 4, 6; Lopez Benitez Decl. ¶¶ 4, 10; *see also Jonathan R. by Dixon v. Just.*, 41 F.4th 316, 326 (4th Cir. 2022) (holding that "the constant existence of a class of persons suffering the deprivation is certain" in case involving children in foster care system for uncertain lengths of time) (quoting *Gerstein*, 420 U.S. at 110 n.11, 95 S. Ct. at 861, n.11); *J.D.*, 925 F.3d at 1311–12 (explaining that "some class members will have live claims at every stage of litigation" because the defendant continued to detain pregnant noncitizen minors who expressed interest in abortion).

Defendants may argue that they have taken remedial steps after the Court entered its TRO and that there is no longer a constant class of people suffering these violations. This argument fails for two reasons. First, as Defendants concede, "[a]t the preliminary injunction stage, Defendants cannot simply claim that the need for an injunction is now moot because [they have] ceased [their] wrongful conduct," Defs.' Opp'n to Prelim Inj., ECF No. 73, at 15 (quoting *Nat'l Council of Nonprofits v. OMB*, 775 F. Supp. 3d 100, 119 (D.D.C. 2025)), and this is "especially true when the cessation follow[s] the entry of a TRO." *Id.*; *see also Costa v. Bazron*, 464 F. Supp. 3d 132, 141–42 (D.D.C. 2020). The Government has not met—or even attempted to meet—the "heavy" and "formidable" burden it bears upon voluntarily ceasing unlawful conduct to make it "absolutely clear" that the challenged conduct will not recur. *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 189–90, 120 S. Ct. 693, 708–

09 (2000); *see also Mhany Mgmt., Inc. v. County of Nassau*, 819 F.3d 581, 603–04 (2d Cir. 2016) (same).  Second, as explained in more detail in Plaintiff's reply papers in support of his motion for a preliminary injunction and for class certification, Defendants are not complying with the TRO, and conditions at 26 Fed continue to fall well below constitutional requirements. Prelim. Inj. Reply at 4–8; Pl.'s Reply Mem. in Supp. of Pl.'s Mot. for Class Certification, ECF No. 86 ("Class Cert. Reply"), at 3–4, 6.

As such, the need for court intervention is ongoing, and the Court should permit Mr. Barco Mercado to represent the inherently transitory class of persons who continue to be subjected to these violations.

### b.  The "Picking Off" Exception to Mootness Also Applies

Second, Defendants cannot use "pick[ing] off" tactics to moot a case.  *Deposit Guar. Nat'l Bank, Jackson Miss. v. Roper*, 445 U.S. 326, 339, 100 S. Ct. 1166, 1174 (1980).  The Second Circuit has explicitly explained the rationale for this rule:

> [A] conclusion otherwise would risk placing the defendant in control of a putative class action, effectively allowing the use of tactical procedural maneuvers to thwart class litigation at will. . . . Requiring multiple plaintiffs to bring separate actions, which effectively could be 'picked off' by [defendants] before an affirmative ruling on class certification could be obtained, obviously would frustrate the objectives of class actions.

*Geismann, M.D., P.C. v. ZocDoc, Inc.*, 909 F.3d 534, 543 (2d Cir. 2018) (quoting *Roper*, 445 U.S. at 339, 100 S. Ct. at 1174) (internal quotation marks omitted); *see also White v. Mathews*, 559 F.2d 852, 857 (2d Cir. 1977) (finding a challenge to delays in administrative hearings was not moot where proposed class representative received a hearing prior to class certification, noting that otherwise "the [defendant] could avoid judicial scrutiny of its procedures by the simple expedient of granting [relief] to plaintiffs who seek, but have not yet obtained, class certification"); *Richardson v. Bledsoe*, 829 F.3d 273, 279–80, 289–90 (3d Cir. 2016) (applying

the picking off exception when the named class representative was transferred out of a prison before the class was certified): *Wilson v. Gordon*, 822 F.3d 934, 947, 951 (6th Cir. 2016) (affirming application of picking off exception when named plaintiffs received relief before certification); *see also Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1250 (10th Cir. 2011) (applying picking off exception when defendant offered full amount of requested relief to named plaintiff before class certification); *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1090–91 (9th Cir. 2011) (same); *Zeidman v. J. Ray McDermott & Co., Inc.*, 651 F.2d 1030, 1050–51 (5th Cir. 1981) (same).

Like the inherently transitory exception, the "picking off" exception enables courts to relate the liveness of claims back to the filing of the complaint. *See, e.g.*, *Bowens v. Atl. Maint. Corp.*, 546 F. Supp. 2d 55, 77–80 (E.D.N.Y. 2008); *Anjum v. J.C. Penney Co.*, No. 13 Civ. 0460 (RJD), 2014 WL 5090018, at *7 (E.D.N.Y. Oct. 9, 2014); *see also Nasca v. GC Servs. Ltd. Partnership,* No. 01 Civ. 10127 (DLC), 2002 WL 31040647, at *3 (S.D.N.Y. Sept. 12, 2002).

Defendants' actions warrant application of the exception here. The Government transferred Mr. Barco Mercado from 26 Fed two days after he filed the complaint and sought class certification. This quick move, over a weekend, contrasts with others who have been held far longer. *E.g.*, Sanchez Trillos Decl., ¶ 6 (a total of 16 days at 26 Fed); Maradiaga Ochoa Decl. ¶ 6 (six days at 26 Fed); Chipantiza Decl. ¶ 4 (10 days). If the exception did not apply, detained individuals would have to keep filing new cases that would inevitably be mooted as the government transfers them from 26 Fed, frustrating review and expending litigants' and judicial resources. This is precisely the situation that the "picking off" exception (like the inherently transitory one) is meant to prevent.

## II.        Plaintiff Has Standing

Standing is assessed at the time a suit commences, and Mr. Barco Mercado had standing when he filed his complaint and motion for class certification because he was detained at 26 Fed and was being harmed by the illegal and unconstitutional conditions there. *Fed. Defs. of N.Y., Inc. v. Fed. Bureau of Prisons*, 954 F.3d 118, 126 (2d Cir. 2020) (holding that standing requirements are assessed at the time the suit was filed); *Comer*, 37 F.3d at 787 ("These constitutional minima are assessed as of the time the lawsuit is brought."). Thus, it is a black-letter legal principle that "post-complaint events will not deprive a plaintiff of standing." *Nat'l Council of Nonprofits v. Off. of Mgmt. & Budget*, 763 F. Supp. 3d 36, 45 (D.D.C. 2025).

At the time that Plaintiff filed this suit, he had been arrested by ICE at his court appearance and was detained at 26 Fed. As detailed in Plaintiff's reply brief in support of class certification, he was already experiencing the challenged conditions, and the serious harm sustained by thousands of individuals over the past several months and documented in dozens of declarations in this case was unquestionably imminent. *See* Class Cert. Reply, at 3, 6, 9. This is more than sufficient to establish his standing. *See Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158, 134 S. Ct. 2334, 2341 (2014) (an imminent injury for standing purposes is one that is either "certainly impending" or there is a "'substantial risk' that the harm will occur") (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 410, 414 n.5, 133 S. Ct. 1138, 1147, 1150 n.5 (2013)).

## <u>CONCLUSION</u>

For the foregoing reasons, the Court has subject matter jurisdiction over Plaintiff's claims and over the claims asserted on behalf of the putative class.

DATED:   New York, New York                  Respectfully submitted,
              September 8, 2025

AMERICAN CIVIL LIBERTIES                     WANG HECKER LLP
UNION FOUNDATION
Eunice Cho                                   s/ Heather Gregorio
915 15th Street, N.W.                        Heather Gregorio
Washington, DC 20005                         Mariann Meier Wang
202-548-6616                                 Alice Reiter
echo@aclu.org                                Daniel Mullkoff
                                             Lily Sawyer Kaplan
AMERICAN CIVIL LIBERTIES                     111 Broadway, Suite 1406
UNION FOUNDATION                             New York, New York 10006
Kyle Virgien                                 (212) 620-2600
425 California Street, Suite 700             hgregorio@wanghecker.com
San Francisco, CA 94104                      mwang@wanghecker.com
(415) 343-0770                               areiter@wanghecker.com
kvirgien@aclu.org                            dmullkoff@wanghecker.com
                                             lsawyerkaplan@wanghecker.com
NEW YORK CIVIL LIBERTIES UNION
FOUNDATION                                   MAKE THE ROAD NEW YORK
Amy Belsher                                  Harold A. Solis
Robert Hodgson                               Paige Austin
Claire Molholm*                              301 Grove Street
Molly K. Biklen                              Brooklyn, NY 11237
125 Broad Street, 19th Floor                 Tel. (718) 418-7690
New York, NY 10004                           Fax (866) 420-9169
Tel: (212) 607-3300                          harold.solis@maketheroadny.org
abelsher@nyclu.org                           paige.austin@maketheroadny.org
rhodgson@nyclu.org
cmolholm@nyclu.org
mbiklen@nyclu.org


*SDNY admission pending


*Attorneys for Plaintiff and proposed Class Counsel*