UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SERGIO ALBERTO BARCO MERCADO, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KRISTI NOEM, Secretary, U.S. Department of Homeland Security, in her official capacity, *et al.*,<br><br>Defendants. | No. 25 Civ. 6568 (LAK) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF REGARDING SUBJECT MATTER JURISDICTION**

JAY CLAYTON
United States Attorney for the
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2695/2663

JEFFREY OESTERICHER
JENNIFER JUDE
Assistant United States Attorneys
   - Of Counsel -

Defendants (the "Government"), by their attorney, Jay Clayton, United States Attorney for the Southern District of New York, respectfully submit this response to Plaintiff's supplemental brief concerning subject matter jurisdiction, ECF No. 93 ("Pl. Supp. Br."), as directed by the Court in its Order dated September 4, 2025, ECF No. 91.

**Preliminary Statement**

The Court has directed the parties to brief two questions: (1) "whether the Court has subject matter jurisdiction over the claims of plaintiff Mercado" and (2) "if not, whether it nevertheless has such jurisdiction over the claims asserted on behalf of the putative class." *Id.* The Government submits that while Plaintiff's claims became moot when he was transferred from 26 Federal Plaza ("26 Fed") to another facility, the Court nevertheless retains jurisdiction over the claims of the putative class. Additionally, the mootness of Plaintiff's claims does not prohibit him from serving as a class representative in this action. That said, Plaintiff's motion for class certification should still be denied for the reasons (unrelated to mootness) stated in the Government's opposition to that motion. ECF No. 79.

**A. Exceptions to Mootness in the Class Action Context**

Ordinarily, the transfer of a detainee from a detention facility moots that detainee's claims for declaratory or injunctive relief related to conditions at the transferring facility. *McCray v. Lee*, 963 F.3d 110, 117 (2d Cir. 2020). However, in the class action context, the relation-back doctrine, "preserv[es] the claims of some named plaintiffs for class certification purposes that might well be moot if asserted only as individual claims." *Amador v. Andrews*, 655 F.3d 89, 100 (2d Cir. 2011). As the Supreme Court explained in *Sosna v. Iowa*, a "controversy may exist . . . between a named defendant and a member of the class represented by the named plaintiff, even though the claim of the named plaintiff has become moot." 419 U.S. 393, 402, 95 S. Ct. 553, 559 (1975).

Under the "inherently transitory" exception to the mootness doctrine, "a case will not be moot, even if the controversy as to the named plaintiffs has been resolved, if: (1) it is uncertain that a claim will remain live for any individual who could be named as a plaintiff long enough for a court to certify the class; and (2) there will be a constant class of persons suffering the deprivation complained of in the complaint." *Salazar v. King*, 822 F.3d 61, 73 (2d Cir. 2016). It is not clear whether the Second Circuit recognizes a distinct "picking off" exception for purposes of the relation back doctrine. While the Second Circuit "recognized the logic of the picking off exception" in *White v. Mathews*, 559 F.2d 852, 857 (2d Cir. 1977), *Richardson v. Bledsoe*, 829 F.3d 273, 280 (3d Cir. 2016), it has not endorsed it as a distinct exception as several other circuits have, *id*. at 284 (discussing Ninth, Tenth, and Eleventh Circuit decisions).

### B. While Plaintiff's Claims Are Moot, the Court Still Has Subject Matter Jurisdiction Over This Case

This case appears to fall within the "inherently transitory" exception to mootness. As the Government has previously stated, "the majority of aliens in custody at the 26 Federal Plaza ERO Field Office are transported to other ICE facilities within 72 hours absent exceptional circumstances." ECF No. 58 ¶ 5; *see also* ECF No. 74 ¶ 6 ("Based on data from July 21 to August 13, 2025, the average length of stay of detainees at 26 Federal Plaza was two days."). Given this quick turn-around time, it is uncertain whether any particular detainee's claim would remain live long enough to resolve a class certification motion. *See Salazar*, 822 F.3d at 63. Additionally, although the number of persons detained at 26 Fed "fluctuate[s] greatly multiple times throughout the day," ECF No. 74 ¶ 74, there will likely be a "constant class of persons" who fit the proposed

2

class definition, *i.e.*, there will likely be at least someone in immigration detention at 26 Fed at any given time.[1] *See Salazar*, 822 F.3d at 63.

The Government disagrees with Plaintiff's other argument that the "picking off" exception to the mootness doctrine also applies to this case. Pl. Supp. Br. 7. As the Government notes above, it is unclear whether the Second Circuit recognizes a separate "picking off" exception and in what circumstances such an exception would apply. Although the Second Circuit endorsed the "logic of the picking off exception" in *White v. Mathews*, its decision on mootness was based on the unique circumstances of that case. 559 F.2d at 856-57. The other in-circuit cases Plaintiff cites concern specific efforts by defendants to divest the court of jurisdiction by "picking off" named plaintiffs through offers for the full monetary amount of their claims—a fact not present here. *See* Pl. Supp. Br. 7-8 (citing *Deposit Guar. Nat. Bank, Jackson, Miss. v. Roper*, 445 U.S. 326, 339, 100 S. Ct. 1166, 1174 (1980); *Geismann, M.D., P.C. v. ZocDoc, Inc.*, 909 F.3d 534, 543 (2d Cir. 2018); *Bowens v. Atl. Maint. Corp.*, 546 F. Supp. 2d 55, 77-80 (E.D.N.Y. 2008); *Anjum v. J.C. Penney Co.*, No. 13 Civ. 0460 (RJD), 2014 WL 5090018, at *7 (E.D.N.Y. Oct. 9, 2014); *Nasca v. GC Servs. Ltd. Partnership,* No. 01 Civ. 10127 (DLC), 2002 WL 31040647, at *3 (S.D.N.Y. Sept. 12, 2002)). The Government has not used any "picking off tactics" in an attempt to moot this case. *See* Pl. Supp. Br. at 7. Indeed, Plaintiff was detained at 26 Fed for two days, the "average length of stay" for a detainee, ECF No. 74 ¶ 6, not "picked off" early. Nor has the Government attempted to take advantage of Plaintiff's departure in this litigation. The Government has neither argued for dismissal of this case on mootness grounds nor argued that Plaintiff is an inappropriate class representative because he is no longer detained at 26 Fed.

---

[1] Plaintiff's proposed class definition is "all immigration detainees who are detained and those who will be detained in the future by [ICE] . . . at 26 Federal Plaza." ECF No. 37 at 6.

## Conclusion

In sum, while Plaintiff's claims were mooted by his transfer out of 26 Fed, the Court nevertheless has subject matter jurisdiction over this case.

Dated: New York, New York
September 11, 2025

                                            Respectfully submitted,

                                            JAY CLAYTON
                                            United States Attorney for the
                                            Southern District of New York

By:   /s/ *Jennifer Jude*
         JEFFREY OESTERICHER
         JENNIFER JUDE
         Assistant United States Attorneys
         86 Chambers Street, 3rd Floor
         New York, New York 10007
         Telephone:  (212) 637-2695/2663
         E-mail:  jeffrey.oestericher@usdoj.gov
                   jennifer.jude@usdoj.gov

**Certificate of Compliance**

Pursuant to Local Civil Rule 7.1(c), the above-named counsel hereby certifies that this memorandum complies with the word-count limitation of this Court's Local Civil Rules. As measured by the word processing system used to prepare it, this memorandum contains 1,031 words.