UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SERGIO ALBERTO BARCO MERCADO, on his own behalf and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, in her official capacity; DEPARTMENT OF HOMELAND SECURITY; TODD LYONS, Acting Director, Immigration and Customs Enforcement, in his official capacity; IMMIGRATION AND CUSTOMS ENFORCEMENT; MARCOS CHARLES, Acting Executive Associate Director, Immigration and Customs Enforcement, Enforcement and Removal Operations, in his official capacity; LADEON FRANCIS, Acting Field Office Director of New York, Immigration and Customs Enforcement, in his official capacity;<br><br>Defendants. | Case No. 25 Civ. 6568 (LAK) |

**SUPPLEMENTAL REPLY BRIEF REGARDING SUBJECT MATTER JURISDICTION
IN SUPPORT OF PLAINTIFF'S
MOTIONS FOR A PRELIMINARY INJUNCTION
AND FOR CLASS CERTIFICATION**

Plaintiff submits this reply brief pursuant to the Court's September 4, 2025 Order, which requested supplemental briefing regarding subject matter jurisdiction. ECF No. 91.

## PRELIMINARY STATEMENT

The parties agree that the Court has subject matter jurisdiction over this action notwithstanding Defendants' movement of Plaintiff Sergio Alberto Barco Mercado out of 26 Federal Plaza ("26 Fed") two days after he filed this case. *See, e.g.*, Defendants' Response to Plaintiff's Supplemental Brief Regarding Subject Matter Jurisdiction, ECF No. 94 ("Defs.' Response"), at 1 ("[T]he Court . . . retains jurisdiction over the claims of the putative class."); *id.* at 4 ("[T]he Court . . . has subject matter jurisdiction over this case."). The inherently transitory exception to mootness clearly applies, as Defendants agree, and while Defendants challenge the applicability of the "picking off" exception to mootness, the case law is clear that this exception provides an alternative ground for the court's subject-matter jurisdiction over this action.

### I.  Defendants Agree that the Inherently Transitory Exception Applies

Defendants agree that "in the class action context, the relation-back doctrine[] 'preserv[es] the claims of some named plaintiffs for class certification purposes that might well be moot if asserted only as individual claims.'" *Id.* at 1 (quoting *Amador v. Andrews*, 655 F.3d 89, 100 (2d Cir. 2011)). Specifically, Defendants agree with Plaintiff that this case falls within the "inherently transitory" exception to mootness, and that because (1) the length of detention is uncertain, and (2) there will be a constant class of persons suffering the deprivations at issue, this action is not moot, and Mr. Barco Mercado may serve as a class representative in this action. *Id.* at 1–3 (citing *Salazar v. King*, 822 F. 3d 61, 73 (2d Cir. 2016)). Thus, the parties agree that the Court has subject-matter jurisdiction.

## II.     The "Picking Off" Doctrine Provides an Alternative Exception to Mootness

Because there is no dispute that the inherently transitory doctrine applies, the Court need not reach the applicability of the "picking off" doctrine. The Second Circuit, however, has clearly endorsed and applied this exception, which contrary to Defendants' assertions, *see* Defs.' Response at 3, is neither limited to the Rule 68 context nor to situations where Defendants intentionally try to moot an action. For instance, *White v. Matthews*, 559 F.2d 852 (2d Cir. 1977), held that a challenge to administrative hearing delays was not moot because otherwise "SSA could avoid judicial scrutiny of its procedures by the simple expedient of granting hearings to plaintiffs," noting "*[w]e do not suggest that this occurred here*, but we must take notice of the 'reality' of that possibility in the future." *Id.* at 857 (emphasis added). *See also Washington v. City of New York*, 18 Civ. 12306, 2019 WL 2120524, at *36 (S.D.N.Y. April 30, 2019) (class action involving due process rights of individuals detained pretrial could proceed notwithstanding plaintiff's transfer because "where a named plaintiff's claim has become moot after a motion for class certification has been filed, the relation-back doctrine provides an exception to the mootness rule . . . particularly when there is a 'particular concern' of the *potential* ability of the defendant to purposefully moot the named plaintiffs' claims . . . .") (emphasis added) (quoting *Goetz v. Crosson*, 728 F. Supp. 995, 1000 (S.D.N.Y. 1990)); *Olson v. Wing*, 281 F. Supp. 2d 476, 484 (E.D.N.Y. 2003) (allowing relation back in case involving Medicaid benefits and noting that "[c]entral factors to be considered in applying the relation back doctrine are the inherently transitory nature of the asserted claim, *. . .* and the likely ability of defendants to circumvent judgment by 'picking off' named plaintiffs through the mooting of individual claims"). The Court has subject-matter jurisdiction on this independent basis.

**CONCLUSION**

Plaintiff respectfully submits, and Defendants agree, that the Court has subject matter jurisdiction over Plaintiff's claims and over the claims asserted on behalf of the putative class.

DATED:  New York, New York
         September 13, 2025

Respectfully submitted,

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
Eunice Cho
915 15th Street, N.W.
Washington, DC 20005
202-548-6616
echo@aclu.org

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
Kyle Virgien
425 California Street, Suite 700
San Francisco, CA 94104
(415) 343-0770
kvirgien@aclu.org

NEW YORK CIVIL LIBERTIES UNION
FOUNDATION
Amy Belsher
Robert Hodgson
Claire Molholm*
Molly K. Biklen
125 Broad Street, 19th Floor
New York, NY 10004
Tel: (212) 607-3300
abelsher@nyclu.org
rhodgson@nyclu.org
cmolholm@nyclu.org
mbiklen@nyclu.org

WANG HECKER LLP

s/ Heather Gregorio
Heather Gregorio
Mariann Meier Wang
Alice Reiter
Daniel Mullkoff
Lily Sawyer Kaplan
111 Broadway, Suite 1406
New York, New York 10006
(212) 620-2600
hgregorio@wanghecker.com
mwang@wanghecker.com
areiter@wanghecker.com
dmullkoff@wanghecker.com
lsawyerkaplan@wanghecker.com

MAKE THE ROAD NEW YORK
Harold A. Solis
Paige Austin
301 Grove Street
Brooklyn, NY 11237
Tel. (718) 418-7690
Fax (866) 420-9169
harold.solis@maketheroadny.org
paige.austin@maketheroadny.org

*SDNY admission pending

*Attorneys for Plaintiff and proposed Class Counsel*