UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SERGIO ALBERTO BARCO MERCADO, etc.,

              Plaintiff,

      -against-

KRISTI NOEM, Secretary of the U.S. Department of
Homeland Security, etc., DEPARTMENT OF HOME-
LAND SECURITY, TODD LYONS, etc., IMMIGRA-
TION AND CUSTOMS ENFORCEMENT,
MARCOS CHARLES, etc., LADEON FRANCIS,
etc.,

              Defendants.

STATE OF NEW YORK,

            *Amicus Curiae.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x



25-cv-6568 (LAK)

## PRELIMINARY INJUNCTION

Lᴇᴡɪꜱ A. Kᴀᴘʟᴀɴ, *District Judge.*

      The Court having considered the parties' submissions and arguments in support of and

in opposition to plaintiff's motion for a preliminary injunction, having rendered its findings of fact and

conclusions of law in an opinion of even date, having provisionally certified a class pursuant to Fed.

R. Civ. P. 23(a) and 23(b)(2), having concluded that plaintiff and the class have made a clear or

substantial showing of a likelihood of success on the merits on their Due Process and First

Amendment claims, that they are likely to suffer irreparable harm in the absence of preliminary relief,

that the balance of equities tips in their favor, and that a preliminary injunction is in the public interest,

and having granted in substantial part plaintiff's motion, it is hereby

2

**ORDERED,** that each of the defendants, the officers, agents, servants, employees, and attorneys of each of them, and all persons in active concert or participation with any of the foregoing who receive actual notice of this order by personal service or otherwise be and they hereby are **ENJOINED AND RESTRAINED**, pending the final determination of this action, as follows:

1.    Defendants shall ensure that no person detained by ICE at 26 Federal Plaza, New York, New York (hereinafter "Detainee"), is held or detained in any hold room or other room, cell or other space (collectively referred to as a "Hold Room")

(a)    having a floor area (exclusive of floor area within 8 feet from any toilet) less than 50 square feet multiplied by the number of such Detainees held therein;

(b)    that is not furnished with a clean bedding mat for sleeping for each Detainee held overnight;

(c)    that is not cleaned thoroughly at least three times each day;

(d)    that is not furnished with adequate supplies of soap, towels, toilet paper, oral hygiene products (including tooth brushes and toothpaste) and, in the case of a Hold Room containing one or more female Detainees, feminine hygiene products;

(e)    from which Detainees are not provided with means of making confidential, unmonitored, unrecorded, temporally unrestricted, and free telephone calls to counsel, which means allow for connection with outside interpretation services during the call, within 24 hours after being detained and at least once during each subsequent 12 hour period while they are detained, together with the ability to schedule legal calls with counsel

within 6 hours of a request made within the period 9 a.m. to 4 p.m. and within 16 hours of a request made thereafter; or

(f)     for which there is less than one land line telephone dedicated solely to accommodating Detainee legal calls for each five or fewer Detainees in each Hold Room.

2.     Defendants shall ensure that every Detainee held in a Hold Room shall, within one hour after his/her arrival in a Hold Room, be given a printed Notice of Rights stating that the Detainee has the following rights, which defendants shall ensure are respected and complied with:

(a)     to engage and consult with an attorney or attorneys;

(b)     to have confidential, unmonitored, unrecorded, temporally unrestricted, and free legal telephone calls with counsel (with interpreters for non-English speaking Detainees) within 24 hours of being detained and at least once during each subsequent 12 hour period while they are detained;

(c)     to schedule legal calls with counsel within 6 hours of a request made within the period 9 a.m. to 4 p.m. and within 16 hours of a request made thereafter;

(d)     to request and, promptly upon request, to be provided with clean clothing and with a private area for the purpose of changing clothing;

(e)     to request and -- if sufficient requested materials are not available in the Hold Room -- promptly to be provided without charge with soap, towels, toilet paper, oral hygiene products

4

(including tooth brushes and toothpaste) and, in the case of Hold Rooms containing one or more female Detainees, feminine hygiene supplies;

(f)    to request and be provided without charge with professional services of licensed medical personnel between the hours of 7 a.m. and 9:30 p.m. and, in case of emergency, during all other periods;

(g)    to (i) retain throughout their detention personal inhaled medication in their possession at the time of arrest and to receive and retain in their possession throughout their detention such inhaled medication brought for them by family members or other attorney(s) to the ICE field office, and (ii) have prompt access to other such prescribed medication from ICE medical personnel, one or more of whom, as necessary for the well being of Deteainees, shall be on the premises of 26 Federal Plaza at all times of the day and night;

(h)    to request and, promptly upon request, to be provided with an additional blanket or blankets;

(i)    to request and, promptly upon request, to be provided without charge with bottled water; and

(j)    to request, and promptly upon request, to be provided with one additional meal per day.

3.    Defendants shall ensure that the Online Detainee Locator System of defendant Immigration and Customs Enforcement ("ICE") accurately identifies the

5

location of each Detainee in real time or as close thereto as is reasonably possible.

4.    Defendants shall insure that:

    (a)    A telephone number for attorneys to call in order to schedule telephone calls with Detainees is conspicuously displayed in the ICE internet web site;

    (b)    the aforementioned telephone number is monitored and answer without undue delay from 9 a.m. until 5 p.m.;

    (c)    a call with the relevant Detainee is scheduled for the date and time requested b the attorney or as soon thereafter as is reasonably possible;

    (d)    the relevant Detainee is informed of the requested call with the Detainee and the scheduled date and time fixed for the call and that the Detainee is provided with the means necessary to conduct confidential, unmonitored, unrecorded, temporally unrestricted attorney call as scheduled.

5.    Defendants shall furnish the Notice of Rights required by paragraph 2 to each Detainee in English and Spanish. They each shall provide to each Detainee who is not proficient in either English or Spanish, without charge, the Notice of Rights required by paragraph 2 and provided each such Detainee  with access to and the services of an interpreter to translate the Notice of Rights into such Detainee's native tongue.

6.    Defendants shall ensure that each Detainee who is illiterate or has limited English and Spanish proficiency and speaks a language in which written

6

material provided to such Detainee (including the Notice of Rights required by paragraph 2 and all ICE- and facility-related information and communications) has not been translated into such Detainee's native language with an in-person or telephonic oral translation of such written material into such language.

7.    Defendants shall not retaliate in any manner against Plaintiff or any other member of the provisionally certified class (including in his or her immigration proceedings or in any other context) for complaining about any alleged violation of this Preliminary Injunction or the Temporary Restraining Order as corrected and modified.; and it is further

**ORDERED,** that the word "defendants" as used in paragraphs 1 through 7 hereof includes each defendant individually as well as all defendants together and any subset thereof, and it is further

**ORDERED,** that the continuation of this Preliminary Injunction beyond September 23, 2025 is conditioned on the posting, by or on behalf of the plaintiff or any member of the provisionally certified class, of a bond or other security in the amount of ten dollars.

Dated:        September 17, 2025
Issued at    9:12 a.m.

_____
Lewis A. Kaplan
United States District Judge