UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SERGIO ALBERTO BARCO MERCADO, on his own behalf and on behalf of others similarly situated,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, in her official capacity, et al.,<br><br>　　　　　　　　　Defendants. | 25 Civ. 6568 (LAK)<br><br>**DEFENDANTS' ANSWER** |

Defendants (the "Government"), by their attorney, Jay Clayton, United States Attorney for the Southern District of New York, hereby answer the Complaint (ECF No. 51, "Complaint") of Plaintiff Sergio Alberto Barco Mercado ("Plaintiff"), upon information and belief, as follows:

## INTRODUCTION

1.　　Paragraph 1 consists of Plaintiffs' characterization of this action, to which no response is required. To the extent a response is deemed required, deny the first sentence and deny knowledge or information sufficient to form a belief as to why Plaintiff brought this action.

2.　　Deny the allegations in the first sentence of Paragraph 2 of the Complaint. Deny the remainder of the allegations in Paragraph 2, except admit that U.S. Immigration and Customs Enforcement ("ICE") arrests immigrants without legal status in New York City, including at 26 Federal Plaza, and deny knowledge or knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of Paragraph 2.

3.　　Deny the allegations in the first sentence of Paragraph 3 of the Complaint, except admit that ICE temporarily detains immigrants without legal status at 26 Federal Plaza. Deny the allegations in the second sentence of Paragraph 3 of the Complaint, except admit that 26 Federal

Plaza is a temporary processing and holding facility and that individuals detained at 26 Federal Plaza are separated by sex.  Deny the allegations in the third sentence of Paragraph 3, except admit that the holding facility at 26 Federal Plaza does not have beds or showers.   Deny the allegations in the fourth sentence of Paragraph 3.  Deny the fifth sentence of Paragraph 3, except admit that the holding facility at 26 Federal Plaza does not contain shower facilities and that for a brief period of time detainees at the holding facility at 26 Federal Plaza slept on the floor and were given teeth wipes, in lieu of toothbrushes, for oral hygiene.  Deny the remainder of Paragraph 3 of the Complaint.

4.      Deny the allegations in the first sentence of Paragraph 4 of the Complaint.  Deny knowledge or knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 4.

5.      Deny the allegations of Paragraph 5 of the Complaint, except admit that the holding facility at 26 Federal Plaza does not have facilities for in-person attorney visitation and therefore does not permit in-person attorney visits.

6.      Admit the first sentence of Paragraph 6 of the Complaint.  Deny knowledge or knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remainder of Paragraph 6.

7.      Deny.

8.      Paragraph 8 of the Complaint consists of legal conclusions to which no response is required. To the extent a response is deemed required, deny.

## JURISDICTION AND VENUE

9.      Paragraph 9 of the Complaint contains legal conclusions as to jurisdiction, to which no response is required.

10.     Paragraph 10 of the Complaint contains legal conclusions as to venue, to which no response is required.

## PARTIES

11.     Deny knowledge or knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 11.  Deny the allegations in the second sentence of Paragraph 11.

12.     Admit the allegations in the first, second, and fourth sentences of Paragraph 12. The third sentence of Paragraph 12 contains legal conclusions as to which no response is required.  To the extent a response is deemed required, deny.

13.     Admit the allegations in the first sentence of Paragraph 13.  The second sentence of Paragraph 13 contains legal conclusions as to which no response is required.  To the extent a response is deemed required, deny.

14.     Admit the allegations in the first, second, and fourth sentences of Paragraph 14. The third sentence of Paragraph 14 contains legal conclusions as to which no response is required.  To the extent a response is deemed required, deny.

15.     Admit the allegations in the first and second sentences of Paragraph 15.  The third sentence of Paragraph 15 contains legal conclusions as to which no response is required.  To the extent a response is deemed required, deny.

16.     Admit the allegations in the first, second, and fourth sentences of Paragraph 16. The third sentence of Paragraph 16 contains legal conclusions as to which no response is required.  To the extent a response is deemed required, deny.

17.     Admit the allegations in the first and third sentences of Paragraph 17.  The second sentence of Paragraph 17 contains legal conclusions as to which no response is required.  To the

extent a response is deemed required, deny, except admit that as the Acting Field Office

Director, LaDeon Francis has supervisory authority over certain operations at ICE ERO's New

York Field Office.

## <u>FACTS</u>

18.    Deny, except admit that ICE has adopted policies and procedures for operating

holding facilities located within field offices.

19.    Admit.

20.    Paragraph 20 purports to summarize and quote from an ICE Directive.  The Court

respectfully is referred to that document for a complete and accurate statement of its contents.

21.    Paragraph 21 purports to summarize and quote from an ICE Directive.  The Court

respectfully is referred to that document for a complete and accurate statement of its contents.

22.    Deny, except admit that on June 24, 2025, ICE issued a memorandum providing a

nationwide waiver of the 12-hour hold room utilization which allows for detainees to be housed

in a holding facility for up to, but not exceeding 72 hours, absent exceptional circumstances.

23.    Paragraph 23 purports to summarize and quote from an ICE Directive.  The Court

respectfully is referred to that document for a complete and accurate statement of its contents.

24.    Paragraph 24 purports to summarize and quote from an ICE Directive.  The Court

respectfully is referred to that document for a complete and accurate statement of its contents.

25.    Paragraph 25 purports to summarize and quote from an ICE Directive.  The Court

respectfully is referred to that document for a complete and accurate statement of its contents.

26.    Admit.

27.    Paragraph 27 purports to summarize and quote from an ICE Directive.  The Court

respectfully is referred to that document for a complete and accurate statement of its contents.

28.    Paragraph 28 purports to summarize and quote from an ICE Directive.  The Court respectfully is referred to that document for a complete and accurate statement of its contents.

29.    Deny.

30.    Deny knowledge or knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30.

31.    Deny knowledge or knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 31.  The remainder of paragraph 31 purports to summarize and quote from a declaration filed in another case.  The Court respectfully is referred to that declaration for a complete and accurate statement of its contents.

32.    Admit that on June 24, 2025, ICE issued a memorandum entitled "Nationwide Hold Room Waiver" and respectfully refer the Court to that memorandum for a complete and accurate statement of its contents.

33.    Deny, except admit that detainees may be confined in holding rooms at 26 Federal Plaza overnight.

34.    Deny, except deny knowledge or knowledge or information sufficient to form a belief as to the truth of the allegations concerning the one unidentified individual referenced in Paragraph 34.

35.    Deny the first sentence of Paragraph 35.  Deny knowledge or knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 35.

36.    Deny, except admit that the hold rooms at 26 Federal Plaza do not have showers.

37.    Deny the allegations in the first sentence of Paragraph 37.  Deny knowledge or knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 37.

38.    Deny the allegations in the first two sentences of Paragraph 38.  Deny knowledge or knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of Paragraph 38.

39.    Deny the allegations in Paragraph 39, except admit that the hold rooms at 26 Federal Plaza do not have beds.

40.    Deny.

41.    Deny.

42.    Deny.

43.    Paragraph 43 refers to a New York Times article.  The Court respectfully is referred to the article for a complete and accurate statement of its contents.

44.    Deny knowledge or knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44.

45.    Paragraph 45 refers to a Gothamist article.  The Court respectfully is referred to the article for a complete and accurate statement of its contents.

46.    Deny the allegations in the first sentence of Paragraph 46.  The remainder of Paragraph 46 purports to characterize and quote from media articles.  The Court respectfully is referred to the articles for a complete and accurate statement of their contents.

47.    Deny knowledge or knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47.

48.    Deny knowledge or knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48.

49.    Deny the allegations in the first sentence of Paragraph 49.  Deny the allegations in the second sentence of Paragraph 49, except admit that attorneys cannot meet in person with individuals detained in the hold rooms at 26 Federal Plaza.  Deny knowledge or knowledge or information sufficient to form a belief as to the truth of the allegations in third sentence of Paragraph 49.

50.    Deny the allegations in Paragraph 50, except deny knowledge or knowledge or information sufficient to form a belief as to the truth of the allegations regarding what one unidentified guard told a detainee in the third sentence of Paragraph 50.

51.    Deny the allegations in the first sentence of Paragraph 51.  Deny the allegations in the second sentence of Paragraph 51, except admit that detainees may be asked the nature of their phone call to determine if privacy is required.  Deny knowledge or knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of Paragraph 51, except deny the Defendants often only permit phone calls late at night or in the middle of the night

52.    Deny the allegations in the first sentence of Paragraph 52.  Deny knowledge or knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of Paragraph 52.

53.    Deny the allegations in the first sentence of Paragraph 53 of the Complaint, except admit that the facilities at the 26 Federal Plaza ERO Field Office are not equipped with

the infrastructure to host in-person visits.   Deny knowledge or knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of Paragraph 53.

54.     Deny that ICE's Performance Based National Detention Standards ("PBNDS") apply to the hold rooms at the NYC ERO Field Office.  The remainder of the allegations in Paragraph 54 purport to characterize and quote from the PBNDS and the Court is respectfully referred to the cited standards for a complete and accurate statement of their contents.

55.     Deny knowledge or knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55.

56.     Deny knowledge or knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56.

57.     Deny the allegations in Paragraph 57 of the Complaint.

## CLASS ACTION ALLEGATIONS

58.     The allegations in Paragraph 58 of the Complaint constitute conclusions of law to which no response is required.

59.     Admit.

60.     The allegations in the first sentence of Paragraph 60 constitute conclusions of law to which no response is required.  Deny the allegations in the second sentence of Paragraph 60. Deny knowledge or knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 60.  Deny the allegations in the fourth sentence of

Paragraph 60, except admit that the population of individuals detained at the NYC ERO Field Office changes on a daily basis.

61.    The allegations in the first sentence of Paragraph 61 constitute a conclusion of law to which no response is required.  Deny the allegations in the remainder of Paragraph 61, except admit that the hold rooms at the NYC ERO Field Office do not have bathing facilities.

62.    The allegations in the first and second sentences of Paragraph 62 constitute conclusions of law to which no response is required.  To the extent a response is deemed required, deny.

63.    The allegations in Paragraph 63 constitute conclusions of law to which no response is required.  To the extent a response is deemed required, deny, except deny knowledge or knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 63.

64.    Admit the allegations in the first sentence of Paragraph 64.  Deny knowledge or knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of Paragraph 64.

65.    The allegations in the first sentence of Paragraph 65 constitute a conclusion of law to which no response is required.  To the extent a response is deemed required, deny.  Deny the allegations in the remainder of Paragraph 65.

66.    The allegations in Paragraph 66 constitute a conclusion of law to which no response is required.  To the extent a response is deemed required, deny.

67.    Deny.

## CAUSES OF ACTION

68.    Defendants incorporate by reference their responses to the allegations in Paragraphs 1 through 67 of the Complaint.

69.    Deny.

70.    The allegations in Paragraph 70 constitute conclusions of law to which no response is required.

71.    Deny.

72.    Deny.

73.    Deny.

74.    The allegations in Paragraph 74 constitute conclusions to which no response is required.  To the extent a response is deemed required, deny.

75.    Deny.

76.    Deny.

77.    Deny.

78.    Defendants incorporate by reference their responses to the allegations in Paragraphs 1 through 77 of the Complaint.

79.    The allegations of Paragraph 79 constitute conclusions of law to which no response is required.

80.    Deny.

81.    Deny.

### PRAYER FOR RELIEF

The unnumbered paragraph following Paragraph 81, beginning with "WHEREFORE," consists of Plaintiff's requests for relief, to which no response is required.  To the extent a response is deemed required, deny that Plaintiff is entitled to the requested relief or to any relief.

### DEFENSES

Any allegations not specifically admitted or denied are hereby denied.  For further defenses, Defendants allege as follows:

### FIRST DEFENSE

The Complaint fails to state a claim against Defendants for which relief may be granted.

### SECOND DEFENSE

Defendants did not act contrary to, or in violation of, any federal law.

### THIRD DEFENSE

Any errors of law committed by Defendants, which Defendants expressly deny, were harmless and not prejudicial, and warrant none of the relief requested in the Complaint.  *See* 5 U.S.C. § 706.

### FOURTH DEFENSE

Plaintiff has not met the requirements under Fed. R. Civ. P. to maintain this action as a class action.

Defendants may have additional defenses that are not known at this time but may become known through discovery.  Accordingly, Defendants reserve the right to assert each and every affirmative or other defense that may be available, including any defenses available pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

WHEREFORE Defendants respectfully request that the Court: (1) dismiss the Complaint with prejudice; (2) enter judgment in favor of Defendants; and (3) grant such further relief as the Court deems just and proper.

Dated: October 24, 2025
   New York, New York

       JAY CLAYTON
       United States Attorney for the
       Southern District of New York
       *Attorney for Defendants*

       /s/ *Jeffrey Oestericher*
       JEFFREY S. OESTERICHER
       Assistant United States Attorney
       86 Chambers Street, Third Floor
       New York, New York 10007
       Telephone: (212) 637-2695
       E-mail: jeffrey.oestericher@usdoj.gov