# EXHIBIT 3

# WANG HECKER LLP

111 BROADWAY, SUITE 1406
NEW YORK, NEW YORK 10006

**HEATHER GREGORIO**
212.620.2608 TEL
212.620.2610 FAX

HGREGORIO@WANGHECKER.COM

October 7, 2025

**By Email**

Jeffrey Oestericher
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007

Re:     *Barco Mercado v. Noem et al.*, No. 25 Civ. 6568 (LAK) (S.D.N.Y.)

Dear Mr. Oestericher,

As you know, this firm, along with the American Civil Liberties Union Foundation, New York Civil Liberties Union Foundation, and Make the Road New York, represents Plaintiff Sergio Alberto Barco Mercado and the provisionally certified class in the above-entitled action.  We're writing to bring to your attention a troubling pattern of flagrant non-compliance with the Temporary Restraining Order and the Preliminary Injunction's provisions regarding attorney access. We have received several reports from attorneys regarding their inability to schedule calls with their clients, and members of our attorney team have directly experienced these problems as well.  Attorneys have had difficulty finding publicly posted contact information to schedule attorney calls, and when they finally make contact with ICE, they are told that no calls are available until several days or even a week later.  An attorney was recently told that legal calls are not available at 26 Federal Plaza ("26 Fed") at all.   These ongoing violations of the TRO and PI raise serious concerns that your clients are refusing to comply with the Court's orders.

In one case, an individual was taken into custody at 26 Fed on August 21, 2025. The individual's attorney made several attempts to contact him that afternoon and the following morning by phone and by email.  Despite the TRO's requirement that "a telephone number for attorneys to call to schedule telephone calls with Detainees [be] conspicuously displayed on the ICE internet web site," and that such number be "monitored and answered without undue delay from 9 a.m. until 5 p.m.", TRO 4(a) and (b), ECF No. 65, the attorney could not reach anyone through those publicly listed numbers. *See also* Preliminary Injunction Order 4(a) and (b), ECF No. 97 (ordering same). The number listed on the ICE website for the New York field office (212-436-9315) led to a recording stating that the line was disconnected, and the number listed on the ICE Detainee Locator (212-620-3441) was not answered despite several calls on August 21 and

August 22 during business hours.  When the attorney finally made contact with ICE representatives by email, he was told that no calls were available until the afternoon of August 26, four days later.  The individual was moved out of 26 Fed before the attorney was able to schedule a call with him.

Another attorney emailed NYCDetaineeInquiry@ice.dhs.gov with a duly executed G-28 form on September 9, 2025, requesting a call with his client who was detained at 26 Fed.  He received a response later that day indicating that "this week's schedule for calls [was] full" and asking him to choose a time the following week. The earliest available appointment offered was six days later, on September 15.  His client was transferred out of 26 Fed before that time.

Another attorney attempted to contact a detained individual on September 26.  The number listed on the Detainee Locator went straight to voicemail and stated that no voicemail service was set up.  A few hours later he reached someone at that number, but the person stated that a legal call would not be possible because 26 Fed was a "holding facility" as opposed to a detention center.  When the attorney informed the official of the preliminary injunction in this case, the man stated that he had never heard of the court order and that there were no legal calls at 26 Fed.  After additional efforts to contact his client and having to repeatedly inform the government official of the orders in this case, the attorney was told that his client would call him, but the official refused to confirm whether it would be on a confidential line.

Finally, as recently as October 1, an attorney on our team attempted to schedule a call with a client by email.  The person who responded stated that there was no availability that week, noting that the earliest available time to schedule a call with the client was six days later on the following Tuesday (October 7).

In light of pervasive lack of compliance, we request the following by next Wednesday, October 15, or we will need to request the Court's assistance to enforce the Preliminary Injunction:

1. The printed Notice of Rights required by Paragraph 2 in the Preliminary Injunction, ECF No. 97, and a sworn statement that Defendants are complying with the PI by providing the notice to each detained individual in English and Spanish, and with free interpretation services as necessary.
2. A declaration from an individual with authority to implement the requirements of the PI stating that these attorney access problems have been remedied; that a telephone number for attorneys to call to schedule calls with detained individuals is conspicuously displayed on the ICE Website; that that number is monitored and answered without undue delay from 9 a.m. until 5 p.m.; that attorneys can schedule calls with detained individuals on the date and time requested or promptly

thereafter, and no later than 24 hours after the time requested; and that such legal calls are confidential.

3. A copy of all email exchanges in which attorneys have requested legal calls following the implementation of the TRO on August 12, 2025, and any and all responses to those requests.

This is not an exhaustive list of noncompliance issues. We reserve the right to follow up, including regarding issues with conditions of confinement, and also note that the inability of attorneys to schedule calls with detained individuals has greatly impeded our ability to assess compliance with other elements of the Court's order.

We are available to discuss these issues further.

Very truly yours,

Heather Gregorio

cc:     Eunice Cho, Esq.
        Harold Solis, Esq.