# EXHIBIT 5

# WANG HECKER LLP

111 Broadway, Suite 1406
New York, New York 10006

**Heather Gregorio**
212.620.2608 tel
212.620.2610 fax

hgregorio@wanghecker.com

November 12, 2025

*By Email*

Jeffrey Oestericher
Assistant United States Attorney
 for the Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007

    Re: *Barco Mercado v. Noem et al.*, No. 25 Civ. 6568 (LAK) (S.D.N.Y.)

Dear Mr. Oestericher,

  As you know, this firm, along with the American Civil Liberties Union Foundation, New York Civil Liberties Union Foundation, and Make the Road New York, represents Plaintiff Sergio Alberto Barco Mercado and the provisionally certified class in the above-entitled action. We write now to follow up on our October 7, 2025 letter ("October 7 Letter"), which brought to your attention a pattern of non-compliance with the Court's orders regarding attorney access at 26 Federal Plaza ("26 Fed"). Your October 15, 2025 response failed to address Plaintiffs' concerns or provide the remedies we requested, and in the past few weeks we have received additional, repeated reports of violations of the Court's Preliminary Injunction (ECF No. 97). We write now to give Defendants a final chance to adequately address these violations and demonstrate compliance; otherwise, we will need to seek the Court's assistance to enforce the terms of the Preliminary Injunction.

  In our October 7 Letter, we detailed several examples between August 21 and October 1, 2025 in which Defendants prevented attorneys from promptly scheduling calls with individuals detained at 26 Fed, in clear violation of the Temporary Restraining Order (ECF No. 65) and Preliminary Injunction. Attorneys were forced to wait between four and six days for a scheduled call, which meant that their clients were not able to obtain necessary legal advice before being transferred. One attorney was told that no legal calls were allowed at 26 Fed.

Wang Hecker LLP
page 2

In an attempt to work with Defendants in good faith, we requested (1) a copy of the Notice of Rights required by the Preliminary Injunction, (2) a sworn declaration stating *inter alia* that the attorney access issues had been remedied, that a telephone number for attorneys to call to schedule calls with detained individuals was publicly posted, monitored and answered without undue delay from 9 a.m. to 5 p.m., that attorneys could schedule calls with detained individuals "on the date and time requested or promptly thereafter, and no later than 24 hours after the time requested" and that such calls were confidential, and (3) a copy of all email exchanges in which attorneys had requested legal calls following the implementation of the TRO and a copy of all responses to such requests. We also requested that the declaration should include a sworn statement that individuals are not being detained in 26 Fed on floors other than the 10th floor, as we have received disturbing reports that detained persons are being held on other floors in unknown conditions.

Defendants' October 15 response fell far short of addressing our concerns and responding to our requests. William Joyce's declaration stated that (212) 436-9400 had been designated as the phone number for attorneys to call to schedule legal calls, and that NYCIntakeInquiries@ice.dhs.gov had just been designated as an email address for scheduling attorney-client calls (and was not even yet functional at the time of the declaration). Joyce's declaration was silent on the primary concern we had raised, which was Defendants' delays in responding to attorney requests to schedule calls, and the inability of attorneys to obtain a scheduled call promptly after requesting one. And while you responded by email to state that Defendants are not holding individuals on other floors of 26 Fed, that representation was not included in any sworn declaration, as we had requested.

The Notice of Rights attached to Joyce's declaration was nothing more than a paragraph pasted from the Preliminary Injunction, without any context or instructions for the detained individuals who receive it. We attach a revised, more accessible Notice of Rights, with a Spanish translation, and request that Defendants replace the incomplete pasted paragraph with this document.

Moreover, since receiving Joyce's declaration, we have continued to hear concerning reports that attorneys are unable to promptly schedule calls with detained individuals held at 26 Fed. On October 21, an attorney called (212) 436-9400, the number indicated in Joyce's declaration, and was told that it was not the right number and that these types of calls get routed to them "a lot." The person who answered the phone told the attorney to instead send an email to newyork.outreach@ice.dhs.gov to schedule legal calls. This is a different email address than the one mentioned in Joyce's declaration. On October 30, another attorney called (212) 436-9400 during business hours and did not receive an answer. On the same day, a different attorney reached someone via the (212) 326-9400 number but was told she could not speak to the detained individual she was

trying to reach because she did not have a Form G-28 on file—a requirement that (i) appears nowhere in the Preliminary Injunction and (ii) makes it functionally impossible for attorneys to schedule calls because detained individuals cannot sign such forms and because the call itself may be a precursor to establishing the requisite attorney-client relationship that a Form G-28 is supposed to memorialize. In addition, ICE has clearly stated that a Form G-28 is not required for pre-representational legal calls. *See, e.g.* ICE, Performance-Based National Detention Standards 2011 (2016) at 399 ("To meet with a detainee, a legal service provider's representative need not complete a Form G-28 (stating that he/she is a legal representatives of the detainee) at the "pre-representation" stage.").

      We have further been informed that on November 4, a blind individual was detained for about three days at 26 Fed. He was not provided with an accessible notice of rights or the ability to make confidential calls to an attorney.

      As before, this is not an exhaustive list of Defendants' noncompliance with the Court's orders. But it is evident that three months after Judge Kaplan issued the Temporary Restraining Order, Defendants continue to disregard the attorney-access provisions of the TRO and PI, often in flagrant ways.

      We request one last time that by no later than November 19, 2025, Defendants provide the following:

> Confirmation that Defendants will adopt and provide the revised Notice of Rights attached to this letter.
> 
> An updated sworn declaration that states, as previously requested, that the posted phone number and email address for scheduling attorney-client calls are monitored and answered without undue delay from 9 a.m. until 5 p.m.; that attorneys can schedule calls with detained individuals on the date and time requested or promptly thereafter, and no later than 24 hours after the time requested; and that such legal calls are confidential.
> 
> A sworn statement that individuals are not being detained or held for any duration on any floors in 26 Fed other than the 10th floor.
> 
> A copy of all email exchanges in which attorneys have requested legal calls following entry of the August 12 TRO, and any and all responses to those requests, as previously requested.

      In light of ongoing evidence that Defendants are regularly and openly disregarding the Court's orders, if we do not receive the above by November 19, we will need to write to the Court in short order to resolve the issue of Defendants' noncompliance.

Very truly yours,

Heather Gregorio

cc:    Eunice Cho, Esq.
        Harold Solis, Esq.

Encl.

# NOTICE OF COURT ORDER REGARDING CONDITIONS AND ATTORNEY ACCESS AT 26 FEDERAL PLAZA

## BARCO MERCADO V. NOEM ET AL.,
Case No. 25 Civ. 6568 (LAK)
IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**TO**: All current and future individuals who are or will be held by ICE at 26 Federal Plaza ("26 Fed") in Manhattan.

On September 17, 2025, the Honorable Lewis A. Kaplan of the United States District Court for the Southern District of New York issued a Preliminary Injunction in this class action lawsuit requiring U.S. Immigration and Customs Enforcement ("ICE") to implement certain requirements at 26 Fed. (described below).

### Background on the Lawsuit:

This class action lawsuit asserts that ICE and other government entities and officials do not provide constitutionally adequate conditions of confinement and access to attorneys for immigrants detained at 26 Fed. Specifically, the lawsuit asserts that ICE is violating the constitutional rights of detained individuals by failing to provide them with sufficient food, hygiene supplies, bedding, space, and medical care, among other issues, and by failing to allow them confidential, free access to speak to attorneys. Judge Kaplan initially issued a Temporary Restraining Order on August 12, 2025, and later issued a Preliminary Injunction on September 17, 2025 that is in effect until final resolution of the case.

### Description of the Preliminary Injunction:

Below is a summary of the provisions in the Preliminary Injunction.

1. **ICE must ensure the following conditions are maintained in any hold room or other room, cell or other space (collectively referred to as a "Hold Room") at 26 Fed**:

    a. The Hold Rooms must have a floor area (exclusive of floor area within 8 feet from any toilet) no less than 50 square feet multiplied by the number of individuals held therein. Under this rule, the largest Hold Room on the 10th floor of 26 Fed may hold up to eleven (11) individuals, the next largest Hold Room may hold up to nine (9) individuals, and the two smallest Hold Rooms may hold up to one (1) individual each.

   b. Each individual must be provided with a clean bedding mat for sleeping if held overnight.
   c. The Hold Rooms must be cleaned thoroughly at least three times each day.
   d. The Hold Rooms must be furnished with adequate supplies of soap, towels, toilet paper, oral hygiene products including toothbrushes and toothpaste, and in the case of a Hold Room containing one or more female detainees, feminine hygiene products.
   e. If such hygiene supplies are not sufficiently available, individuals have the right to request, and promptly upon request, to be provided with requested hygiene supplies.
   f. Individuals have the right to request and, promptly upon request, to be provided with clean clothes and with a private area for changing clothes.
   g. Individuals have the right to request and, promptly upon request, to receive an additional blanket or blankets.
   h. Individuals have the right to request and, promptly upon request, to be provided without charge with bottled water.
   i. Individuals have the right to request and, promptly upon request, to be provided with one additional meal per day.
   j. Individuals have the right to request and to be provided without charge with professional services of licensed medical personnel between the hours of 7 a.m. and 9:30 p.m. and, in case of emergency, during all other periods.
   k. Individuals have the right to keep with them prescription medications in their possession at the time of arrest and to receive and keep with them such medicines brought for them by family members or their attorney(s) to the ICE field office, and to have prompt access to other such prescribed medication from ICE medical personnel, one or more of whom, as necessary for the well-being of detained individuals, shall be on the premises of 26 Fed at all times of the day and night.

2. **ICE must provide for confidential legals calls at 26 Fed**:
   a. Individuals have the right to engage and consult with an attorney or attorneys.
   b. Individuals have the right to make confidential, unmonitored, and unrecorded calls to counsel free of charge, with interpreters for non-English speaking detainees, and such calls may not be time-restricted.
   c. Individuals have the right to make such confidential legal calls within 24 hours after being detained and at least once during each subsequent 12-hour period while they are detained.
   d. Individuals have the right to schedule confidential legal calls with counsel within 6 hours of a request made between 9 a.m. and 4 p.m. and within 16 hours of a request made at other times.
   e. ICE must provide one landline telephone dedicated solely to legal calls for every five individuals held in a Hold Room.

3. **ICE must allow attorneys to schedule legal calls with individuals detained at 26 Fed**:

    Attorneys must have the ability to schedule confidential legal calls with detained individuals promptly upon request, and the individuals must promptly be informed of such scheduled calls.

**This Notice of Rights must be provided to each detained individual in English and Spanish, and if a detained individual is not proficient in English or Spanish, then interpretation services must be made available promptly.**

4. **ICE may not retaliate against or punish anyone for complaining about any violations of the Court Order.**

\* \* \*

**To report a violation of any of these requirements, please contact:**

(718) 418-7690

This number is for reporting violations of the above requirements.  Please do not call this number to request legal representation for individual cases.

3

**NOTIFICACIÓN SOBRE LA ORDEN JUDICIAL RELATIVA A LAS CONDICIONES Y EL ACCESO A ABOGADOS EN 26 FEDERAL PLAZA**

**BARCO MERCADO V. NOEM ET AL.,**
**N.º de caso 25 Civ. 6568 (LAK)**
**ANTE EL TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS**
**PARA EL DISTRITO SUR DE NUEVA YORK**

**PARA**: Todas las personas que actualmente o en el futuro se encuentren detenidas por el ICE en 26 Federal Plaza ("26 Fed") en Manhattan.

El 17 de septiembre de 2025, el Honorable Juez Lewis A. Kaplan del Tribunal de Distrito de los Estados Unidos para el Distrito Sur de Nueva York dictó una medida cautelar preliminar en el marco de esta demanda colectiva por la que ordenó al Servicio de Inmigración y Control de Aduanas ("ICE", por sus siglas en inglés) de los Estados Unidos que cumpla con determinados requisitos en 26 Fed. (descritos a continuación).

**Antecedentes de la demanda:**

Esta demanda colectiva afirma que ICE y otros organismos y funcionarios del Gobierno no brindan acceso a abogados y condiciones de detencion adecuadas desde el punto de vista constitucional a los inmigrantes detenidos en 26 Fed. En concreto, la demanda afirma que ICE está violando los derechos constitucionales de las personas detenidas al no proporcionarles suficiente comida, artículos de higiene, ropa de cama, espacio y atención médica, entre otras cosas, y al no permitirles el acceso gratuito y confidencial a un abogado. Inicialmente, el 12 de agosto de 2025, el juez Kaplan dictó una orden de restricción temporal; luego, el 17 de septiembre de 2025, dictó una medida cautelar preliminar que estará en vigor hasta la resolución definitiva del caso.

**Descripción de la medida cautelar preliminar:**

A continuación, se presenta un resumen de las disposiciones de la medida cautelar preliminar.

1. **ICE debe garantizar las siguientes condiciones en cualquier centro de detención u otro centro, celda u otro espacio (denominados colectivamente "Centros de detención") en 26 Fed.:**

    a. Los centros de detención deben tener una superficie (sin incluir el espacio que se encuentre a menos de 8 pies [2.4 metros] de cualquier inodoro) no inferior a 50 pies [4.6 metros] cuadrados multiplicado por la cantidad de personas detenidas en ellos. Según esta norma, el centro de detención más grande del décimo piso de 26

   Fed. puede albergar hasta once (11) personas, el siguiente centro de detención más grande puede albergar hasta nueve (9) personas y los dos centros de detención más pequeños pueden albergar a una (1) persona cada uno.
 b. A cada persona se le debe proporcionar una colchoneta limpia para dormir si permanecerá detenida durante la noche.
 c. Los centros de detención deben limpiarse por completo al menos tres veces al día.
 d. Los centros de detención deben estar equipados con suministros adecuados de jabón, toallas, papel higiénico, productos de higiene bucal, incluidos cepillos de dientes y pasta dental, y, en el caso de un centro de detención en el que haya una o más mujeres detenidas, productos de higiene femenina.
 e. Si dichos suministros de higiene no se encuentran disponibles en una cantidad suficiente, las personas tienen derecho a solicitar y a recibir de inmediato los suministros de higiene solicitados.
 f. Las personas tienen derecho a solicitar y recibir de inmediato ropa limpia y un espacio privado para cambiarse.
 g. Las personas tienen derecho a solicitar y recibir de inmediato una o varias mantas adicionales.
 h. Las personas tienen derecho a solicitar y recibir de inmediato agua embotellada sin cargo alguno.
 i. Las personas tienen derecho a solicitar y recibir de inmediato una comida adicional al día.
 j. Las personas tienen derecho a solicitar y recibir sin cargo alguno los servicios profesionales de personal médico entre las 7 a. m. y las 9:30 p. m. y, en caso de emergencia, durante cualquier otro momento del día.
 k. Las personas tienen derecho a conservar los medicamentos recetados que tengan en su poder al momento de la detención, y a recibir y conservar los medicamentos que les traigan sus familiares o sus abogados a la oficina local del ICE, así como a tener acceso inmediato a otros medicamentos recetados por el personal médico del ICE, uno o varios de los cuales, según sea necesario para el bienestar de las personas detenidas, deberán encontrarse en las instalaciones de 26 Fed. en todo momento, tanto de día como de noche.

2. **ICE debe facilitar llamadas legales confidenciales en 26 Fed.:**
 a. Las personas tienen derecho a contratar y consultar a uno o varios abogados.
 b. Las personas tienen derecho a realizar llamadas confidenciales, sin supervisión y no grabadas a un abogado de forma gratuita, con intérpretes disponibles para los detenidos que no hablen inglés, y dichas llamadas no pueden tener restricciones de tiempo.
 c. Las personas tienen derecho a realizar dichas llamadas legales confidenciales en las 24 horas siguientes a su detención y al menos una vez durante cada período posterior de 12 horas mientras permanezcan detenidas.
 d. Las personas tienen derecho a programar llamadas legales confidenciales a un abogado dentro de las 6 horas siguientes a una solicitud realizada entre las 9 a. m.

2

       y las 4 p. m., y dentro de las 16 horas siguientes a una solicitud realizada en otros momentos del día.

   e. ICE debe proporcionar un teléfono fijo dedicado exclusivamente para las llamadas legales por cada cinco personas detenidas en un centro de detención.

3. **El ICE debe permitir que los abogados programen llamadas legales a las personas detenidas en 26 Fed.:**

    Los abogados deben tener la posibilidad de programar llamadas legales confidenciales a las personas detenidas cuando lo soliciten, y estas personas deben ser informadas sin demora de dichas llamadas programadas.

**Esta Notificación sobre derechos debe ser entregada a cada persona detenida en inglés y español, y si una persona detenida no domina el inglés o el español, se deben ofrecer servicios de interpretación de inmediato.**

4. **ICE no puede tomar represalias ni castigar a nadie por denunciar cualquier violación de la orden judicial.**

**Para denunciar una violación de cualquiera de estos requisitos, llame al:**

   (718) 418-7690

Este número de teléfono es para denunciar violaciones de los requisitos antedichos.  Por favor, no llame a este número para solicitar representación legal para casos individuales.

3