**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SERGIO ALBERTO BARCO MERCADO, on his own behalf and on behalf of others similarly situated,<br><br>                        Plaintiffs,<br><br>       v.<br><br>KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, in her official capacity; DEPARTMENT OF HOMELAND SECURITY; TODD LYONS, Acting Director, Immigration and Customs Enforcement, in his official capacity; IMMIGRATION AND CUSTOMS ENFORCEMENT; MARCOS CHARLES, Acting Executive Associate Director, Immigration and Customs Enforcement, Enforcement and Removal Operations, in his official capacity; LADEON FRANCIS, Acting Field Office Director of New York, Immigration and Customs Enforcement, in his official capacity;<br><br>                       Defendants. | Case No. 25 Civ. 6568 (LAK)<br><br>**[Proposed] Privacy Act Order and Protective Order** |

WHEREAS, Plaintiff Sergio Alberto Barco Mercado brought this action on behalf of himself and all others similar situated (together with the provisionally certified class, "Plaintiffs"), against Defendants Kristi Noem, Department of Homeland Security, Todd Lyons, Immigration and Customs Enforcement, Marcos Charles, and LaDeon Francis (collectively, "Defendants"), (collectively, Plaintiffs and Defendants are referred to as the "Parties" and individually as the "Party");

WHEREAS, Plaintiffs filed the Complaint in this action on August 8, 2025, *see* ECF No.

1; Corrected Compl., ECF No. 51;

WHEREAS, the Complaint includes claims brought by Plaintiffs against Defendants

alleging violations of the First and Fifth Amendments, *see id.*;

WHEREAS, this action is likely to involve information concerning various individuals

which may be protected by the Privacy Act of 1974, 5 U.S.C. § 552a (the "Privacy Act");

WHEREAS, this action is likely to involve information pertaining to applications for

asylum, withholding of removal, protection under regulations issued pursuant to the Convention

Against Torture's implementing regulations, credible fear determinations, or reasonable fear

determinations, which may be protected from disclosure by 8 C.F.R. §§ 208.6, 1208.6 and 8

U.S.C. § 1367(a)(2);

WHEREAS, the Parties anticipate that certain materials and information exchanged will

concern sensitive personal and governmental information;

WHEREAS, pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil

Procedure, the Court enters this Privacy Act Order and Protective Order, upon the joint request

of the Parties, for the purposes of facilitating the disclosure of information that otherwise would

be prohibited from disclosure under the Privacy Act, 8 C.F.R. §§ 208.6, 1208.6, and 8 U.S.C. §

1367(a)(2), and assuring the confidentiality of information that may be disclosed by the Parties

or by any non-party agencies, departments, or offices of the United States in the course of the

proceedings in this action; and

WHEREAS, it is the intent of the Parties that information will not be designated as

confidential for tactical reasons and that nothing be so designated without a good faith belief that

it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

WHEREAS, the Parties, through counsel, agree to the following terms;

1.      The Court, having found that good cause exists for entry of this Privacy Act Order and Protective Order, HEREBY ORDERS: Pursuant to 5 U.S.C. § 552a(b)(12), 8 C.F.R. §§ 208.6(c)-(d), 1208.6(c)-(d), and 8 U.S.C. § 1367(b)(3), this Order authorizes Defendants to produce information that otherwise would be prohibited from disclosure under the Privacy Act without presenting Privacy Act objections to this Court for a decision regarding disclosure, or that would otherwise be prohibited from disclosure under 8 C.F.R. §§ 208.6, 1208.6 and 8 U.S.C. § 1367(a)(2). To the extent the Privacy Act allows the disclosure of information pursuant to a court order, this Order constitutes such a court order and authorizes the disclosure of that information. Nothing in this paragraph, however, shall require production of information that is prohibited from disclosure (even with the entry of this Order) by other applicable privileges, statutes, regulations, or authorities. The terms of this Order shall govern the safeguarding of such information by all individuals referenced herein.

2.      "Protected Information" shall mean information that, at the time of its production in discovery in the action, or thereafter, is so designated by the Producing Party because the Producing Party possesses a good faith belief that the information (a) is not in the public domain, or if in the public domain, is improperly in the public domain, and (b) constitutes:

i.      Information, documents, or tangible things prohibited from disclosure by the Privacy Act, 5 U.S.C. § 552a, *et seq.*, without obtaining the prior written consent of the individual to whom such records or information pertain, unless made "pursuant to the order of a court of competent jurisdiction," *id.* §552a(b)(12);

ii.       Information, documents, or tangible things that would be prohibited from disclosure by the Privacy Act without obtaining the prior written consent of the individual to whom such records or information pertain if the subject of the information were a U.S. citizen or a person lawfully admitted for permanent residence;

iii.      Personally Identifying Information, which is information that permits the identity of an individual to be directly or indirectly inferred, or otherwise confidential information regarding any individual currently or formerly in the custody of the U.S. Immigration and Customs Enforcement, including, but not limited to, name, date of birth, social security number, driver's license number, foreign identification documents, A-number, email addresses, phone numbers, mailing addresses, and personal financial or compensation information;

iv.      Any and all documents, information, or items containing any information that is protected from disclosure by the Government under 8 C.F.R. §§ 208.6 or 1208.6, including, but not limited to, any material that indicates that an individual has applied for asylum, withholding of removal, or protection under the Convention Against Torture in the United States, and any non-refoulement interviews;

v.      Information contained in or pertaining to an individual's: (1) asylum, refugee, credible fear, or reasonable fear claims, applications, interviews, determinations, or reviews—including applications for relief under the Convention Against Torture; (2) non-refoulement interviews; (3) legalization applications under 8 U.S.C. § 1255a; (4) Special Agricultural Worker applications under 8 U.S.C. § 1160; (5) applications for temporary protected status under 8 U.S.C. § 1254a; (6) information contemplated by 8 U.S.C. § 1186a(c)(4)(C) concerning any abused alien spouse or child, including information regarding the

4

whereabouts of such spouse or child (*see* 8 C.F.R. §§ 216.5(a)(1)(iii) and 1216.5(a)(1)(iii); 8

U.S.C. § 1154(a)(1)(A)(iii), (iv), (v), and (vi); 8 U.S.C. § 1154(a)(1)(B)(ii), (iii) and (iv)); (7)

information protected by 8 U.S.C. §§ 1367, 1202(f), 1304(b); 22 U.S.C. § 7105(c)(1)(C)(ii); 8

C.F.R. §§ 208.6, 210.2(e), 214.216, 245a.2(t), 245a.3(n), 245a.21, 1003.27(b)-(d), 1003.46, and

1208.6; and

      vi.    Sensitive information about law enforcement or national security staffing,

resources, intelligence, and/or methods, as well as confidential government personnel

information, including identifying information, contact information, job titles, identifying

numbers, duty locations, or other identifying details of non-public-facing supervisory and non

supervisory federal and non-federal employees and contractors involved in enforcement

operations or custodial functions where disclosure of such information to the public may

adversely impact identifiable law enforcement or national security interests, pose privacy or

safety risks, or create operational concerns.

    3.    Parties may designate documents or portions of documents as Protected

Information by stamping the pertinent designation on each page of the document that is

designated as a page containing Protected Information or affixing a label with the appropriate

designation on each page of the document that is designated as a page containing Protected

Information.  For electronic information that is provided in a format that is not amenable to

visible endorsement on the image, the file name(s) shall begin with "CONFIDENTIAL."  For

interrogatory answers and responses to requests for admissions, designation of Protected

Information shall be made by placing "CONFIDENTIAL" within each interrogatory answer or

response to requests for admission asserted to contain Protected Information. Blanket

designations shall not be made unless a party contends the entire document is confidential.

4.      Any Party who contests the designation of a document or record as Protected Information shall provide the producing Party written notice of its challenge. Counsel for the Parties shall make a good faith effort to resolve the dispute. If the Parties cannot resolve this dispute with good faith efforts within ten business days, the Party contesting the designation shall file a discovery motion seeking a determination from the Court.

5.      Except as provided in this Order, all Protected Information produced or exchanged pursuant to this Order shall be used solely for the purposes of this action and for no other purpose whatsoever, and shall not be published to the general public in any form, or otherwise disclosed, disseminated, or transmitted to any person, entity, or organization, except in accordance with the terms of this Order.

6.      Any document or record designated as Protected Information may be disclosed only to the following Qualified Persons, except that Protected Information designated "For Attorneys' and Experts' Eyes Only" may be disclosed only to attorneys for the parties and any experts or consultants retained for this action who have a need to see the Protected Information:

i.      Plaintiffs, including class members, attorneys for Plaintiffs, and any support staff or other employees of Plaintiffs or attorneys of record for Plaintiffs who are assisting in the maintenance of this action;

ii.      Defendants, attorneys for Defendants, and any support staff or other employees of Defendants or attorneys of record for Defendants who are assisting in the defense of this action;

iii.      Any witness who counsel for a Party in good faith believes may be called to testify at trial or a deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

iv.    Experts or consultants retained for this action by a Party or by counsel to a Party, and any support staff or other employees for such experts or consultants who are assisting in the expert's work for this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

v.    Court reporters or stenographers engaged to record deposition testimony, and their employees who are assisting in the preparation of transcripts of such deposition testimony;

vi.    Interpreters/translators and their employees who are assisting in the translation of documents or information for discovery or trial, including appeal, in this action;

vii.    Mediators or arbitrators assigned by the Court or engaged by the parties to the action;

viii.    This Court, including any appellate court, its support personnel, and court reporters;

ix.    Any other person agreed to by the parties; and

x.    Such other persons as hereafter may be authorized by the Court upon motion of any Party.

7.    A copy of this Order shall be delivered to each Qualified Person to whom a disclosure of Protected Information is made, at or before the time of disclosure, by the Party making the disclosure or by its counsel. The provisions of this Order shall be binding upon each such person to whom disclosure is made. Before disclosing any Protected Information to any person referred to in subparagraphs 6(iii) or 6(iv) above, or to any class member, counsel for the Party making the disclosure must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that such person has

read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement and produce it to counsel for the other Parties either before such person is permitted to testify (at a deposition or trial) or at the conclusion of the case, whichever comes first.

8.      The Parties shall meet and confer if a Party believes in good faith that any production or disclosure of information requires a designation of "For Attorneys' and Experts' Eyes Only." If the Parties cannot resolve the dispute within ten business days, either Party may seek a determination from the Court. Schematic designs and layouts of detention facilities shall be designated "For Attorneys' and Experts' Eyes Only."

9.      All Qualified Persons, including the Parties and their respective counsel, to whom Protected Information is disclosed, are hereby prohibited from disclosing information designated as Protected Information to any unauthorized person, except as provided in this Order.

10.     Any deposition questions intended to elicit testimony regarding Protected Information shall be conducted only in the presence of Qualified Persons authorized to review the Protected Information. Protected Information disclosed at a deposition taken in this litigation may be designated by any Party by indicating on the record at the deposition that the testimony contains Protected Information subject to the protections of this Protective Order. Additionally, any Party may designate information disclosed at a deposition as Protected Information by notifying all Parties in writing (no later than 30 days after receipt of the transcript and any referenced exhibits) of the specific pages and lines of the transcript that should be treated as such. The Party taking a deposition shall provide a copy of the entire deposition transcript and any referenced exhibits to all other Parties, and the entire deposition transcript and any referenced exhibits shall be treated as Protected Information for a period of 30 days after the

8

Party taking the deposition provides such copies to the other Parties.  If any Party seeks to publicly file with the Court any Protected Information, or portions of pleadings, motions, or other papers that disclose such Protected Information, that Party shall provide the producing Party (i.e., the Party who produced the Protected Information) no less than five business days' advance written notice of its intent to file such material.  The producing Party may then make an application to the Court requesting that the material be filed and kept under seal.  All requests to file material under seal shall follow the requirements of the federal rules, the Court's Local Rules, and the Court's Individual Practices.  The Parties will use their best efforts to minimize the need to file documents under seal.

11.    Nothing in this Order shall preclude any disclosure of Protected Information to any judge, magistrate judge, or employee of the Court for purposes of this action.

12.    Nothing contained in this Order shall be construed to prejudice any Party's right to use in open court any Protected Information, provided that reasonable notice of the potential disclosure of the Protected Information shall be given to the producing Party so that the producing Party may move to seal the document, or otherwise seek to prevent the disclosure or dissemination of the Protected Information, in advance of its use in open court.

13.    If counsel for any Party is required by law or court order to disclose, disseminate, or transmit Protected Information produced under this Order to any person or entity not identified herein as a Qualified Person, the name of that person or entity and the reason access is required shall be provided to the producing Party no less than 14 days prior to disclosure, dissemination, or transmittal so as to provide the producing Party sufficient time to object and seek a protective order as necessary.  There shall be no disclosure after an objection has been made until the objection has been resolved unless disclosure, dissemination, or transmission is

required sooner by law or court order. If Protected Information produced under this Order is required by law or court order to be disclosed to a person or entity not identified herein as a Qualified Person, the person or entity receiving the Protected Information shall, before receiving the Protected Information, be provided with a copy of this Order and shall acknowledge their agreement to comply with this Order by signing a copy of the Non-Disclosure Agreement in the form annexed as an Exhibit hereto. A copy of each such signed Non-Disclosure Agreement must be provided promptly after its execution to counsel of record for the producing Party.

14.     Within 60 days after the final disposition of this action, including any and all appeals, all Protected Information and copies thereof in the possession of any Qualified Persons, other than counsel for the Parties, shall be returned to the producing Parties or destroyed, except that the Parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected under the provisions of this Protective Order. If the Protected Information is destroyed, the Party that has destroyed the Protected Information shall certify in writing to the producing Party that the Protected Information in its possession has been destroyed.

15.     If a producing Party inadvertently fails to designate material as Protected Information at the time of production, this shall not in itself be deemed a waiver of any claim of confidentiality as to that Protected Information. The producing Party may correct its failure to designate an item as Protected Information by taking reasonable steps to notify all receiving persons of its failure and by promptly supplying all receiving persons with new copies of any documents bearing corrected designations. Within five business days of receiving copies of any documents bearing corrected designations pursuant to this paragraph, the receiving persons shall

return or destroy the improperly designated materials and certify in writing to the producing Party that such materials have been returned or destroyed.

16.    This Order does not constitute any ruling on the question of whether any particular document or category of information is properly discoverable or included in an administrative record and does not constitute any ruling on any potential objection to the discoverability, relevance, admissibility, or inclusion in an administrative record, of any document or information.

17.    Nothing in this Order shall be construed as a waiver of any defense, right, objection, or claim by any Party, including any objection to the production of documents and any claim of privilege or other protection from disclosure.

18.    Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.  Nothing in this Order shall affect the right of any Party to seek additional protection against the disclosure of any documents or materials, or of the Parties to seek additional disclosures.

19.    Nothing in this Order shall prevent the disclosure of Protected Information to governmental authorities for purposes of enforcement of criminal laws or in furtherance of civil enforcement or regulatory proceedings.

20.    Nothing in this Order shall prevent any disclosure of Protected Information by the Party or entity that designated the information as such for any purpose whatsoever with or without redaction and without Court approval.

21.    Counsel for Plaintiffs will file this proposed Privacy Act Order and Protective Order via ECF on behalf of all Parties.  Pursuant to Section 8.5(b) of the Electronic Case Filing Rules & Instructions of the U.S. District Court for the Southern District of New York, counsel for all Parties consent to the electronic filing of this proposed order by counsel for Plaintiffs.

22.    This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Protected Information is produced or disclosed.

23.    This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any violation thereof.

SO STIPULATED AND AGREED TO BY:


DATED:   New York, New York
         December 8, 2025

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
Eunice Cho
915 15th Street, N.W.
Washington, DC 20005
202-548-6616
echo@aclu.org

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
Kyle Virgien
425 California Street, Suite 700
San Francisco, CA 94104
(415) 343-0770
kvirgien@aclu.org

WANG HECKER LLP

Heather Gregorio
Mariann Meier Wang
Alice Reiter
Daniel Mullkoff
Lily Sawyer Kaplan
111 Broadway, Suite 1406
New York, New York 10006
(212) 620-2600
hgregorio@wanghecker.com
mwang@wanghecker.com
areiter@wanghecker.com
dmullkoff@wanghecker.com
lsawyerkaplan@wanghecker.com

12

NEW YORK CIVIL LIBERTIES UNION
FOUNDATION
Amy Belsher
Robert Hodgson
Claire Molholm
Molly K. Biklen
125 Broad Street, 19th Floor
New York, NY 10004
Tel: (212) 607-3300
abelsher@nyclu.org
rhodgson@nyclu.org
cmolholm@nyclu.org
mbiklen@nyclu.org

MAKE THE ROAD NEW YORK
Harold A. Solis
Paige Austin
301 Grove Street
Brooklyn, NY 11237
Tel. (718) 418-7690
Fax (866) 420-9169
harold.solis@maketheroadny.org
paige.austin@maketheroadny.org

*Attorneys for Plaintiffs*

Jeffrey Oestericher
Assistant United States Attorney
for the Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007

*Attorney for Defendants*

**SO ORDERED**:

_____
HON. LEWIS A. KAPLAN
United States District Judge

Dated: _____

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

SERGIO ALBERTO BARCO MERCADO, on his own
behalf and on behalf of others similarly situated,

                     Plaintiffs,

      v.

KRISTI NOEM, Secretary of the U.S. Department of
Homeland Security, in her official capacity;
DEPARTMENT OF HOMELAND SECURITY;
TODD LYONS, Acting Director, Immigration and
Customs Enforcement, in his official capacity;
IMMIGRATION AND CUSTOMS ENFORCEMENT;
MARCOS CHARLES, Acting Executive Associate
Director, Immigration and Customs Enforcement,
Enforcement and Removal Operations, in his official
capacity; LADEON FRANCIS, Acting Field Office
Director of New York, Immigration and Customs
Enforcement, in his official capacity;

                     Defendants.

Case No. 25 Civ. 6568 (LAK)

---

## **NON-DISCLOSURE AGREEMENT**

I have read and I understand the Privacy Act Order and Protective Order entered by the

Court in the case *Barco Mercado v. Noem et al.*, No. 25 Civ. 6568 (LAK), and I agree to be

bound by its terms. I agree that I will not disclose Protected Information to anyone other than for

purposes of this litigation and that at the conclusion of the litigation I will return all Protected

Information to the Party or attorney from whom I received it. By acknowledging these

obligations under the Privacy Act Order and Protective Order, I understand that I am submitting

myself to the jurisdiction of the United States District Court for the Southern District of New

York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Privacy Act Order and Protective Order could subject me to punishment for contempt of Court.

Date: _____

Name (printed): _____

Signature: _____

2