

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

December 11, 2025

By ECF
The Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street, Room 2240
New York, New York 10007

    Re:    *Barco Mercado v. Noem*, 25 Civ. 6568 (LAK)

Dear Judge Kaplan:

    This Office represents the Defendants (the "Government") in the above-referenced matter, a class action challenging conditions of confinement at the U.S. Immigration and Customs Enforcement ("ICE") hold rooms at 26 Federal Plaza and the limitations on attorney access.  *See* ECF No. 51.  The Government writes respectfully to request reconsideration of the Court's Order (ECF No. 126) granting Plaintiff's motion for expedited discovery to support his Reply to the Governments Opposition to the Motion for Contempt and Sanctions in all respects.  *See* ECF No. 125.  The Government attempted to submit its opposition to Plaintiff's motion this morning, but the ECF system was down.

    As the Court is aware, on November 25, 2025, Plaintiff filed a Motion for Contempt and Sanctions, alleging that ICE violated the Court's Temporary Restraining Order ("TRO") and Preliminary Injunction ("PI"), supported by eight declarations and accompanying exhibits.  *See* ECF Nos. 109–17.  On December 9, 2025, the Government filed its Opposition, supported by a declaration of Deputy Field Office Director ("DFOD") William Joyce and accompanying exhibits.  *See* ECF Nos. 122–23.

    On December 10, 2025, after the Government filed its Opposition, Plaintiff requested expedited discovery, namely (1) full responses to Plaintiff's interrogatories and (2) all responsive documents in a four-month date range by December 22, as well as (3) a four-hour "preliminary" deposition of DFOD Joyce during the week of January 6th, and (4) additional depositions that week, yet to be noticed.  *See* ECF No. 125.  This request should be denied.

    Most fundamentally, Plaintiff's request is not appropriate or fair to Defendants.  Plaintiff filed his motion for contempt with insufficient support and now, during the briefing of the motion, he seeks evidence to support his claims.  Plaintiff's motion should be decided, and denied, on the papers because he cannot meet his burden of proof.

    In evaluating requests for expedited discovery, courts apply two tests.  *TushBaby, Inc. v. Jinjang Kangbersi Trade Co.*, No. 24 Civ. 6150 (JMF), 2024 WL 4627452, at *10 (S.D.N.Y. Oct. 30, 2024).  "The first is a flexible 'reasonableness' and 'good cause' standard."  *Id.* (quoting *Stern*

*v. Cosby*, 246 F.R.D. 453, 457 (S.D.N.Y. 2007)). "The second is the four-factor test articulated in *Notaro v. Koch*, which requires the party seeking expedited discovery to demonstrate '(1) irreparable injury; (2) some probability of success on the merits; (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted.'" *Id.* (quoting *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982)).

Plaintiff here satisfies neither test. First, Plaintiff does not have good cause to request expedited discovery to support his Motion for Contempt and Sanctions midway through motion practice. Indeed, Plaintiff has not articulated a valid reason for requesting expedited discovery, other than the need for "proper development of the record and [to] permit the parties to explore whether the motion can be resolved without the Court's intervention." ECF No. 125. However, Plaintiff should not have filed this motion if he did not have sufficient evidence that Defendants were out of compliance with the Court's Orders. Any further development of the record should await regular discovery.

Likewise, Plaintiff cannot show irreparable injury. As shown by DFOD Joyce's Declaration (ECF No. 123), Defendants are in substantial compliance with the Court's Preliminary Injunction Order (ECF No. 97). The Court can decide Plaintiff's motion for contempt on the papers (including Plaintiff's forthcoming reply) and Plaintiff's substantive claims will be adjudicated on the merits after the parties engage in discovery based on the existing schedule ordered by the Court.

In the event the Court is inclined to grant Plaintiff's request for expedited discovery, Plaintiff's proposed schedule for document discovery is not reasonable. Plaintiff proposes that by December 22, Defendants shall "produce documents responsive to Plaintiffs' document demands, with a narrowed date range of August 12, 2025 to the date of production, *i.e.* all responsive documents from the date the Court issued the TRO." However, Plaintiff's initial set of discovery requests contain 66 separate document requests. Even with a narrowed date range, it is not reasonable to expect Defendants to produce all non-privileged responsive documents in the next eleven days. Moreover, Plaintiff should be required to tailor his expedited discovery requests to his claims of contempt. The fact that Plaintiff wants expedited discovery on all of aspects of the Court's Orders is further evidence that Plaintiff does not have evidence of Defendants' violation of specific provisions of the Orders.

Finally, in the event that the Court grants Plaintiff's request for expedited discovery, Defendants should be permitted a sur-reply. That would permit Defendants to respond to Plaintiff's arguments in its reply papers based on the new discovery.

For the foregoing reasons, Plaintiff's request for expedited discovery should be denied. We thank the Court for its consideration of this submission.

3

      Respectfully submitted,

      JAY CLAYTON
      United States Attorney for the
      Southern District of New York

By:   /s/ *Jeffrey Oestericher*
      JEFFREY OESTERICHER
      Assistant United States Attorney
      86 Chambers Street, Third Floor
      New York, New York 10007
      Telephone: (212) 637-2695
      E-mail: jeffrey.oestericher@usdoj.gov