UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
SERGIO ALBERTO BARCO MERCADO, etc.,

                              Plaintiff,


                  -against-                                                      25-cv-6568 (LAK)


KRISTI NOEM, Secretary of the U.S. Department of
Homeland Security, etc., DEPARTMENT OF HOME-
LAND SECURITY, TODD LYONS, etc., IMMIGRA-
TION AND CUSTOMS ENFORCEMENT, MARCOS
CHARLES, etc., LADEON FRANCIS, etc.,

                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


## MEMORANDUM OPINION


Appearances:

                        Heather Gregorio
                        Mariann Meier Wang
                        Alice Reiter
                        Daniel Mullkoff
                        Lily Sawyer-Kaplan
                        WANG HECKER LLP

                        Eunice Cho
                        Kyle Virgien
                        AMERICAN CIVIL LIBERTIES UNION FOUNDATION

                        Amy Belsher
                        Robert Hodgson
                        Molly K. Biklen
                        NEW YORK CIVIL LIBERTIES FOUNDATION

                        Harold A. Solis
                        Paige Austin
                        MAKE THE ROAD NEW YORK

                        *Attorneys for Plaintiff*

2

Jeffrey Oestericher
Assistant United States Attorney
JAY CLAYTON
UNITED STATES ATTORNEY
*Attorney for Defendants*

LEWIS A. KAPLAN, *District Judge.*

There has been considerable controversy concerning the conditions of confinement in "hold rooms" used by U.S. Immigration and Customs Enforcement ("ICE") to detain noncitizens for possible removal from the United States in pursuit of the current administration's policy. This class action challenges the conditions at the ICE hold rooms at 26 Federal Plaza here in New York City ("26 Fed"). The Court previously issued a preliminary injunction preventing ICE from using those facilities unless it complied with a number of requirements designed to improve conditions to a more humane level and to provide detainees with access to counsel.[1]

On November 25, 2025, plaintiff – contending that ICE has not fully complied with the court-imposed requirements – moved to hold defendants in contempt of court and to impose sanctions. The Court recently granted plaintiff expedited discovery with respect to that motion. Defendants now move for reconsideration of the expedited discovery ruling.

*Facts*

The Court held a conference on December 8, 2025, relating to plaintiff's contempt motion for which the Court then set an expedited briefing schedule. It discussed also with both sides the possible need for an evidentiary hearing as well as any discovery that might be sought in

---

[1] *Mercado v. Noem,* No. 25-cv-6568 (LAK), 2025 WL 2658779 (S.D.N.Y. Sept. 17, 2025).

3

connection with plaintiff's motion. Defendants indicated that they would respond to plaintiff's motion on December 9, and plaintiff indicated that he would advise the Court and defendants of his discovery plan shortly thereafter.

On December 9, defendants filed, in response to the contempt motion, a declaration by ICE's Deputy Field Office Director ("DFOD") in the New York City Field Office of Enforcement and Removal Operations and related materials. This prompted plaintiff to move, on December 10, for expedited discovery, which the Court granted the next morning. Defendants were directed to provide, by December 22, (1) "full responses to Plaintiffs' Interrogatories" and (2) "documents responsive to Plaintiffs' document demands," as limited to a date range of August 12, 2025, to the date of production.[2] The Court granted also plaintiff's request "to conduct a preliminary deposition," "of no more than four hours," "of [DFOD] William Joyce . . . during the week of January 6, 2026."[3]

Inasmuch as the Court, given the expedited briefing schedule already in place in this case, granted plaintiff's request for expedited discovery without awaiting a response from defendants, it grants defendants' motion and now reconsiders plaintiff's expedited discovery request *de novo* in light of defendants' submission.

## Discussion

Defendants' chief argument against expedited discovery is that plaintiff's contempt motion is scanty. Moreover, defendants assert, "DFOD Joyce's Declaration . . . [shows that]

---

[2]     Mem. Endorsement Pl's Dec. 10, 2025 Letter (Dkt 126) at 2.

[3]     *Id.*

4

Defendants are in substantial compliance with the Court's Preliminary Injunction Order . . . ."[4] "The Court," defendants argue, "can decide" – in defendants' view, deny – "Plaintiffs' motion for contempt on the papers . . . ."[5] But defendants overlook the context in which this matter arises.

First, the facts concerning what is and what is not going on inside the hold rooms at 26 Fed are known or accessible almost exclusively to defendants, defendants' employees, and the individuals now or previously detained in those hold rooms. Plaintiff has no access to defendants and their employees other than via court discovery. Apart from having been there himself in the past, he has little, if any, access to those previously and now detained in those hold rooms for simple reasons. Defendants assert that they have transferred presumably substantial numbers of those previously detained at 26 Fed to other institutions. No doubt an unknown number of those persons have been removed from the United States. Defendants know their identities and, in many cases, their present locations but plaintiff evidently does not. Likewise, defendants know the identities of those persons now detained at 26 Fed, but plaintiff has only limited information on that score and, at best, limited access.

Second, it is well known that defendants have been extremely resistant to allowing outsiders access to the hold rooms at 26 Fed, even excluding members of Congress from conducting oversight visits.[6] Putting to one side whether defendants' resistence to such efforts suggests a desire

---

[4]     Defs.' Motion Reconsideration (Dkt 127) at 2.

[5]     *Id.*

[6]     *E.g.*, Jesus Jiménez, Chelsia Rose Marcius, & Nate Schweber, *5 Lawmakers in California and New York are Denied Access to Federal Detention Facilities*, N.Y. TIMES (June 8, 2025), https://www.nytimes.com/2025/06/08/nyregion/ice-detention-federal-plaza-nyc.html; *see also Neguse v. ICE*, No. 25-cv-2463 (D.D.C. filed July 30, 2025) (lawsuit by members of Congress challenging ICE's policy barring visitors to immigration detention facilities

to prevent their treatment of detainees from becoming public – and the Court does not at this juncture draw such an inference – the inescapable fact is that defendants' resistence to any public oversight leaves plaintiff with few means of getting hard evidence save discovery.

Third, it bears mention that defendants, in responding to plaintiff's motion for a preliminary injunction, fell short of a full, complete, and candid disclosure of the relevant facts. Whether advertently or not, their factual submissions were incomplete and in significant respects misleading.[7]

In these circumstances, plaintiff's request for expedited discovery is entirely reasonable and supported by good cause. Moreover, there is sufficient evidence before the Court, especially given the context in which the issue is presented, to conclude that expedited discovery is appropriate to avoid likely irreparable injury to class members, that plaintiff has a sufficient likelihood of success on the merits to warrant expedited discovery, and that the injury to class members that likely would occur without expedited discovery would be greater than any injury defendants would suffer by virtue of complying with the requested expedited discovery.

*Conclusion*

For the foregoing reasons, defendants' motion for reconsideration (Dkt 127) is granted in view of the fact that the Court did not have the benefit of knowing defendants' position

---

[7]    without advanced notice); Christopher Harris, *Georgia Sen. Jon Ossoff Accuses DHS of Obstructing Oversight After Reports of Abuse in ICE Detention Centers*, CBS NEWS (Dec. 3, 2025, 9:45 AM), https://www.cbsnews.com/atlanta/news/georgia-sen-jon-ossoff-accuses-dhs-of-obstructing-oversight-after-reports-of-abuse-in-ice-detention-centers/.

*Mercado*, 2025 WL 2658779, at *3, *11-15.

when it ruled on plaintiff's motion for expedited discovery.  On reconsideration, including careful consideration of defendants' position, the Court adheres to its prior ruling with respect to expedited discovery.  Defendants' request for leave in that event to submit a sur-reply in opposition of plaintiff's motion for contempt and sanctions is granted to the extent that they may file such a sur-reply on or before January 23, 2026 provided it shall not exceed ten pages absent leave of the Court.

SO ORDERED.

Dated:        December 12, 2025

_____
Lewis A. Kaplan
United States District Judge