# Wang Hecker LLP

111 Broadway, Suite 1406
New York, NY 10006

**Heather Gregorio**
212.620.2608 tel
212.620.2609 fax

hgregorio@wanghecker.com

March 5, 2026

*By ECF*

Hon. Lewis A. Kaplan
United States District Judge
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

        *Re:*  Dispute over Parameters for March 9 Inspection – Urgent Request
              *Barco Mercado v. Noem et al.*, 25 Civ. 6568 (LAK) (KHP)

Your Honor:

      This firm, along with the American Civil Liberties Union Foundation, New York Civil Liberties Union Foundation, and Make the Road New York, represents Plaintiff Sergio Alberto Barco Mercado and the provisionally certified class (together, "Plaintiffs") in the above-entitled action. We require the Court's urgent assistance to resolve a dispute with Defendants in connection with the inspection of 26 Federal Plaza, scheduled for Monday, March 9, 2026. Despite Plaintiffs' multiple attempts to confer in good faith, Defendants refuse to permit Plaintiffs to bring a camera or take photographs during the inspection, refuse to permit Plaintiffs' expert to interview anyone on site, and have not provided sufficient information in response to Plaintiffs' questions regarding children held at 26 Federal Plaza to determine which floors need to be inspected.

      Plaintiffs have been attempting for months to schedule and negotiate the terms of the facility inspection. Plaintiffs initially served a notice of inspection on November 7, 2025, pursuant to Fed. R. Civ. P. 34. That notice, attached as Exhibit A, included the following provisions:

> -"Plaintiffs request access to inspect, measure, photograph, and/or videotape the Hold Rooms and Detention-Associated Areas at 26 Fed, for a duration of two days, unless the Parties agree otherwise."
>
> -"Plaintiff's counsel, assisted by Plaintiff's expert, will participate in the inspection."
>
> -"Plaintiff's counsel and Plaintiff's expert reserve the right to document their observations with photographs, video recordings, written notes, and/or other necessary means. Throughout the inspection Plaintiff's expert will ask questions of both staff and detained

persons, and Defendants will make no attempt to stop anyone from speaking freely with Plaintiff's expert."

Exhibit A, at 2–3.  The notice of inspection also included substantial legal authority for the inspection itself and for the right to have an expert conduct interviews.  *Id.* at n.1, n.2.

On December 8, 2025, Defendants responded that they would not permit an inspection because of vague purported safety and security concerns, invoking the law enforcement privilege. Plaintiffs sent a deficiency letter to Defendants on December 22, 2025, which, in addition to addressing numerous other deficiencies in Defendants' discovery responses, explained in detail that Defendants had not properly invoked the law enforcement privilege as a basis for refusing the inspection and cited numerous cases establishing that such objections must be made in a formal claim of privilege by the head of the department, based on personal consideration of specified security concerns.  *See infra*, n.3.

After the Court ordered the parties at the February 9 conference to schedule the inspection by March 16, 2026, the parties resumed attempts to confer.  Following initial scheduling attempts, Plaintiffs' counsel asked on February 23 for confirmation regarding March 9 as the inspection date and requested that Defendants propose any limitations to the terms laid out in our notice of inspection.  Despite multiple follow up communications, Defendants did not confirm the inspection date until Monday, March 2, and did not provide proposed parameters until Tuesday, March 3.

Defendants' proposed terms for the inspection were extreme and far beyond limitations that Plaintiffs' counsel has encountered in other cases.  In Defendants' March 3 communication, they informed us that the inspection would be limited to two hours and three attendees on behalf of Plaintiffs, that we would not be able to bring "any items" into the facility, would not be permitted to take any photographs, and that our expert would not be permitted to question staff or detained individuals.  They stated that the inspection would be limited to the ninth and tenth floors, asserting individuals are not detained on any other floors.

Plaintiffs' counsel promptly responded the following day, March 4, noting that we need to bring a photographer but agreeing that all photographs could be marked attorneys' eyes only.  We also reiterated our request to have our expert speak to detained individuals and provided substantial legal authority for doing so.  *See infra* at 3.  In light of a recent media report that 120 children have been detained at 26 Federal Plaza since October, including a report of a woman and her seven and four-year-old children being detained for 12 hours in late December – during which time they received only one meal and her four-year-old daughter was denied medication for a fever[1] – we also requested additional information about where and how children are being held at 26 Federal Plaza.  According to other recent news reports, Defendants are detaining children and families on the fifth floor, and we requested that the inspection include that floor if individuals are being held

---

[1] Arya Sundaram, *ICE Has Detained More Than 120 Kids In 'Inhumane' Hold Rooms In NYC Under Trump*, Gothamist (Feb. 27, 2026)*,* available at https://gothamist.com/news/ice-has-detained-more-than-120-kids-in-inhumane-hold-rooms-in-nyc-under-trump.  Plaintiffs are considering what other steps to take in this litigation in response to the troubling information in this article.

there.[2]  Finally, we requested to be allowed six attendees instead of three, clarification that notebooks, paper, and pens/pencils would be permitted, and permission to extend the inspection from two hours to three if necessary.

We received a response from Defendants today.  Defendants agreed to extend the inspection to three hours, permit six attendees, and permit Plaintiffs' attendees to bring notebooks, paper, and pens/pencils, but otherwise denied our requests across the board.  Defense counsel stated that Defendants "cannot allow photographs or any recording equipment" noting "[t]hat is both a security concern and a potential privacy concern."  He further stated: "We also cannot allow plaintiff's counsel or plaintiff's expert to speak to staff and/or detained individuals during the inspection."  Neither Defendants' March 3 nor their March 5 email provided any basis for that denial.  Defendants have not explicitly invoked the law enforcement privilege since their December 8 response and certainly have not provided an affidavit adequately invoking specified security concerns by a head of the department as is required for invoking that privilege.[3]

Nor did Defendants respond in any way to our case law making clear that experts routinely are permitted to speak with detained individuals and staff during inspections.  *See United States v. Erie County,* No. 09 Civ. 849S, 2010 WL 986505, at *3 (W.D.N.Y. Mar. 17, 2010) (expert consultants permitted to interview staff and inmates at jail); *Alvarez v. LaRose*, No. 3:20 Civ. 782, 2020 WL 5594908, at *11 (S.D. Cal. Sept. 18, 2020) ("Petitioners' expert shall be permitted to speak in confidence to [ICE] detainees at [the facility] who are willing to speak to him" at Rule 34 inspection); *Coleman v. Schwarzenegger,* No. 01 Civ.1351, 2007 WL 3231706, at *4 (E.D. Cal. Oct. 30, 2007) (experts permitted to interview prison employees and class members); *Braggs v. Dunn*, No. 2:14 Civ. 601, 2017 WL 659169, at *6 (M.D. Ala. Feb. 17, 2017) (plaintiffs' expert conducted interviews with prisoners during inspections).  Defendants also failed to provide adequate information in response to our questions about the detention of children and families.

We followed up within two hours this afternoon, requesting an explanation for why marking photographs attorneys' eyes only did not mitigate security concerns, and asking for the basis for refusing to allow our expert to conduct interviews in light of the above case law.  We noted that in the *Moreno Gonzalez v. Noem*, 25 Civ. 13323 (N.D. Ill.) litigation, the recent

---

[2] Gwynne Hogan, *Rep. Dan Goldman Visits ICE's Secretive Holding Cells at 26 Federal Plaza*, The City (Feb. 12, 2016), available at https://www.thecity.nyc/2026/02/12/dan-goldman-26-federal-plaza-holding-cells/.

[3] Defendants have failed to meet even the threshold requirements of invoking the privilege: there has been no "formal claim of privilege . . . lodged by the head of the department"; no "assertion . . . based on actual personal consideration of the matter by that official"; and certainly no assertion of privilege that "specif[ies], with particularity, the information for which the privilege is invoked" or "explain[s] why it falls within the scope of the privilege." *U.S. v. Painting Known as "Le Marche"*, No. 06 Civ. 12994, 2008 WL 2600659, at *1 (S.D.N.Y. 2008). The burden on a party asserting this privilege cannot be met "by mere conclusory or ipse dixit assertions," like the ones Defendants have made here. *MacNamara v. City of New York*, 249 F.R.D. 70, 85 (S.D.N.Y. 2008); *see also Schiller v. City of New York*, No. 04 Civ. 7921, 2007 WL 136149, at *7 (S.D.N.Y. Jan. 19, 2007) ("[T]o sustain the privilege, a party must make a clear and specific evidentiary showing of the nature and extent of the harm that is likely to be encountered if disclosure is permitted, and they may not rely simply on generalized reiterations of the policies underlying the privilege.") (internal quotation marks and citation omitted).

inspection of the ICE Broadview facility included both photographs and communications with detained individuals. We again requested more information about children held at the facility. We offered to confer as soon as possible.

In a follow up call, defense counsel informed us that Defendants' position is firm, and there is no room for further compromise.

Defendants have not provided any specified basis, rationale, or legal authority for refusing to allow Plaintiffs' counsel to bring a photographer to the inspection or for refusing to allow our expert to speak with detained individuals and staff during the inspection. As noted above, *supra* at 3, ample case law supports the right to have an expert speak with staff and detained individuals during such an inspection, and ICE itself permitted such interviews in their recent inspection of the Broadview facility. *Moreno Gonzalez v. Noem,* 25 Civ. 13323 (N.D. Ill.), ECF No. 68 (Nov. 12, 2025) (order permitting photography and interviews). Moreover, Rule 34(a)(2) explicitly encompasses photography in connection with a Rule 34 inspection, and photography is routinely permitted during Rule 34 inspections, including of ICE facilities. *See, e.g.*, *Moreno Gonzalez*, ECF No. 68; *Jones v. City of St. Louis*, No. 4:21 Civ. 600, 2023 WL 417483, at *2 (E.D. Mo. Jan. 26, 2023) (permitting photography and videotaping during inspection of jail); *Alvarez v. LaRose*, No. 3:20. Civ. 782, 2020 WL 5594908, at *12 (S.D. Cal. Sept. 18, 2020) (ordering that "Petitioners' expert may bring *cameras*, cell phones, writing implements, and any other equipment required to conduct the site visit" of an ICE detention center) (emphasis added); *Dang by & through Dang v. Eslinger*, No. 6:14 Civ. 37, 2015 WL 13655675, at *3–6 (M.D. Fla. Jan. 20, 2015) (permitting photographer to join site inspection of jail); *Smith v. Harris Cnty.*, No. 4:15 Civ. 2226, 2017 WL 11845922, at *3–4 (S.D. Tex. July 18, 2017) (permitting inspection and photography of Harris County Jail); *see also New York State Ass'n for Retarded Child. Inc. v. Carey*, 706 F.2d 956, 960–61 (2d Cir. 1983) (affirming trial court's decision to permit plaintiffs' counsel to inspect the facilities, take photographs, take notes, and interview class members and employees outside the presence of defendants and their counsel).

We respectfully ask that the Court (a) order Defendants to permit Plaintiffs to bring a photographer to the inspection who be permitted to take photographs, pursuant to Plaintiffs' agreement that all such photographs will be marked as attorneys' eyes only; (b) order Defendants to permit Plaintiffs' expert Martin Horn to speak with staff and detained individuals during the inspection; and (c) order Defendants to permit Plaintiffs to visit the fifth floor of 26 Federal Plaza in light of recent reports that families with children are detained there.

We appreciate the Court's attention to these matters and are available to discuss them at the Court's convenience, though ask that this matter be given urgent attention given that the inspection is scheduled for this Monday, March 9.

Respectfully submitted

Heather Gregorio

Encl.