

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

March 6, 2026

<u>By ECF</u>
The Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street, Room 2240
New York, New York 10007

  Re: *Barco Mercado v. Noem et al.*, 25 Civ. 6568 (LAK)

Dear Judge Kaplan:

  This Office represents the Defendants (the "Government") in the above-referenced matter. We write respectfully in response to Plaintiff's March 5, 2026 letter raising a dispute over the parameters of the scheduled March 9, 2026 inspection of the hold rooms at 26 Federal Plaza. *See* ECF No. 143 ("Pl's Ltr."). In the letter, Plaintiff requests that the Court order Defendants to permit during the inspection: (1) Plaintiff's expert to speak with staff and detained individuals, (2) Plaintiff's photographer to take photos, and (3) Plaintiff's counsel and expert to visit the fifth floor. As discussed below, the Court should deny each of these requests.

  As a threshold matter, the Government has consented to a reasonable inspection of the hold room facilities at 26 Federal Plaza pursuant to Rule 34(a)(2) of the Federal Rules of Civil Procedure. Specifically, the Government has agreed to an inspection that will include the hold rooms, supply space for personal hygiene items, health service screening/medical area, and attorney call areas located on the 10th floor, as well as the hold rooms on the 9th floor. The Government has further agreed to Plaintiff's request that counsel be allowed to bring six individuals to the inspection and that the duration of the inspection be extended to three hours. In addition, the Government has agreed to facilitate, to the extent possible, Plaintiff's ability to take measurements of the hold rooms by clearing out each hold room. Plaintiff's additional requests are not appropriate and should be denied pursuant to Federal Rules of Civil Procedure 26(c) and 34(a)(2).

  **1. Plaintiff's Expert Should Not Be Permitted to Question Staff and Detainees**

  Plaintiff's counsel's request that their expert be allowed to informally interview Government staff and detainees is not reasonable and should be denied. The "touchstone for analysis of a Rule 34 inspection is reasonableness." *U.S. v. Territory of the Virgin Islands*, 280 F.R.D. 232, 235 (D. V.I. 2012) (internal quotation marks and citation omitted). The standard to be used in deciding whether a request is reasonable involves weighing "the degree to which the proposed inspection will aid in the search for the truth . . . against the burdens and dangers created by the inspection." *New York State Ass'n for Retarded Children Inc. v. Carey*, 706 F.2d 956, 961 (2d Cir. 1983); *see also Belcher v. Bassett Furniture Indus., Inc.*, 588 F.2d 904, 908 (4th Cir. 1978)

(same). Here, that balance weighs against allowing interviews of staff and detainees.

First, the interviews that Plaintiff's counsel proposes will not materially "aid in the search for the truth." *Carey*, 706 F.2d at 961. In connection with Plaintiff's motion for sanctions and a finding of civil contempt (ECF No. 108), Plaintiff was allowed to take discovery and has already received extensive documentary evidence regarding the operations of the hold rooms at 26 Federal Plaza and has deposed the Deputy Field Office Director in charge of the tenth floor hold rooms as well as two Deportation Officers who worked on that floor during the recent period.[1] Accordingly, Plaintiff has already had the opportunity to question Government staff under oath about the issues in this case and allowing additional interviews will not materially aid in the search for the truth. This is particularly true given that Plaintiff still has the opportunity to notice additional depositions during merits discovery.

Moreover, Plaintiff has not specified the particular topics that would be covered during the interviews of staff and detainees, nor has Plaintiff explained in any way how those interviews would assist Plaintiff's expert. As the Second Circuit observed in discussing the Fourth Circuit's decision in *Belcher*, the "danger, there as here, was that 'interrogation of the employees conducted informally' could amount to a 'roving deposition taken without notice . . . of persons who were not sworn and whose testimony was not recorded, and without any right by the defendant to make any objection to the questions asked." *Carey*, 706 F.2d at 961 (quoting *Belcher*, 588 F.2d at 907); *see also Virgin Islands*, 280 F.R.D. at 237 (same and noting that Plaintiff's broad proposed line of questioning "lacks the particularity required by Rule 34"). That is precisely the concern here. And it is compounded in the detention context because in order to participate in the proposed interviews, the Government staff would be pulled away from their critical security functions. Additionally, under Plaintiff's proposal, the staff would be unable to decline the interview, would have no right to representation by or consultation with their own counsel or Government counsel, and no ability to prepare, especially given that Plaintiff has not specified the topics for the interviews. *See, e.g.*, *Belcher*, 588 F.2d at 508 (noting the "small utility" that could be derived from interviews that were conducted informally and directed with little specification); *Virgin Islands*, 280 F.R.D. at 237 (same).

Likewise, Plaintiff's proposal to informally interview detainees presents numerous problems. As an initial matter, the detainees may be represented by counsel who might object to or wish to be present for the interviews. In addition, the detainees may not understand what is happening, may wish to decline being interviewed, and may have language barriers that would require the presence of a translator. Furthermore, Plaintiff's counsel again has not specified how the informal interviews will assist their expert in formulating his expert opinions. Finally, Plaintiff retains the ability to interview and/or depose detainees during fact discovery. *See Belcher*, 588 F.2d at 909 (noting that expert opinions based on sworn testimony "would be far more reliable and persuasive" than opinions based on unsworn informal interviews).

Simply put, the dangers associated with the proposed informal interviews, combined with the burden of disruption of the Government's operations, outweigh the speculative gain to be derived from allowing them to go forward. *See Carey*, 706 F.2d at 961 (setting forth the balancing

---

[1] The parties have resolved the contempt motion with a so-ordered stipulated agreement that governs certain aspects of the ongoing operations (ECF No. 143).

test); *Belcher*, 588 F.2d at 907 (ruling that district court abused its discretion in permitting plaintiffs to interview anyone at defendants' facility); *Virgin Islands*, 280 F.R.D. at 237–38 (rejecting Rule 34(a)(2) request to interview prison staff); *see also Amos v. Taylor*, No. 20 Civ. 7 (DMB) (JMV), 2020 WL 618824, at *5 (N.D. Miss. Feb. 10, 2020) (denying Rule 34(a)(2) request to interview incarcerated individuals); *Curry v. Goodman*, No. Civ. 02 Civ. 1149 (PCD), 2003 WL 22305161, at *1 (D. Ct. May 22, 2003) (Rule 34(a) "does not permit plaintiff's expert 'basic access to managerial personnel to understand the operations' . . . ."). Indeed, in the *Moreno Gonzalez* case cited by Plaintiff (Pl's Ltr. at 4), the Court recently denied the plaintiffs' request to interview staff and detainees as part of an inspection of an ICE detention facility). *See Moreno Gonzalez v. Noem*, No. 25 Civ. 13323, ECF No. 185 (Notification of Docket Entry) (N.D. Ill. Feb. 27, 2026).[2]

### 2. Plaintiff's Request to Take Photographs Should Be Denied

Plaintiff's counsel's request that they be permitted to bring a photographer to the inspection to take photographs, which will be marked as attorney's eyes only under the Protective Order, *see* Pl's Ltr. at 3, should also be denied. Most fundamentally, Plaintiff's counsel has failed to articulate why the taking of photos is necessary in this case. This is not a jury trial. Moreover, Plaintiff has already been provided with the measurements of each holding cell and will be afforded an opportunity to measure the cells during the inspection. And both Plaintiff's counsel and Plaintiff's expert will have the ability to observe the holding cells and take any relevant notes for up to three hours.

Balanced against the minimal value of the photographs is Defendants' significant security concerns. "The security concerns inherent in allowing outsiders into a jail are apparent and well-recognized." *Estate of Mazon v. County of Riverside*, No. 12 Civ. 2240 (DMG), 2014 WL 12966419, at *3 (C.D. Cal. Mar. 26, 2014); *see also Abadia-Peixoto v. U.S. Dep't of Homeland Security*, No. 11 Civ. 4001 (RS) (KAW), 2013 WL 3555668, at *3 (N.D. Cal. July 13, 2013) (recognizing frequent limitations on prison inspections). Taking photographs inside the hold areas at 26 Federal Plaza is not permitted under Department of Homeland Security policy for security reasons. Such photographs may reveal, for example, the location of security cameras or other security features. *See, e.g.*, *Abadia-Peixoto*, 2013 WL 3555668, at *3 (emphasizing the limits on inspections in the prison context due to unique security issues); *Estate of Mazon*, 2014 WL 12966419, at *3–4 (same). These concerns remain even where the photographs would be handled as attorney's eyes only. *See Turner v. Saffley*, 482 U.S. 78, 85, 107 S. Ct. 2254, 2259 (1987) (court owes deference to the expertise of prison administrators in determining appropriate rules and regulations for the operation of a detention facility). Accordingly, balancing the respective

---

[2] The cases on which Plaintiff relies (Pl's Ltr. at 3) are not to the contrary. In *Carey*, for example, the Second Circuit ruled that the district court did not abuse its discretion in allowing interviews of staff at a mental health institution because the plaintiff's inspection was "meant to fill a gap left by the demise of the Review Panel provided for in the Consent Judgment." 706 F.2d at 961. The panel further noted that it came to a different conclusion than the Fourth Circuit in *Belcher* also because of the "unique difficulties presented in post-judgment compliance efforts," *id*., a context not presented here where the parties have not even completed fact discovery. Plaintiff's other cases are similarly distinguishable. *See Virgin Islands*, 280 F.R.D. at 237 (distinguishing *U.S. v. Erie County*, No. 09 Civ. 849S, 2010 WL 986505 (W.D.N.Y. Mar. 17, 2010) and *Coleman v. Schwarzenegger*, No. 01 Civ. 1351, 2007 WL 3231706 (E.D. Cal. Oct. 30, 2007)).

interests—the minimal marginal value of photographs in facilitating the search for the truth against the dangers associated with their creation—the Court should deny Plaintiff's request. *See Carey*, 706 F.2d at 961.[3]

### 3. Defendants Are Not Detaining Children and Families on the Fifth Floor

Plaintiff's counsel, citing press reports, has "requested that the inspection include [the fifth] floor if individuals are being held there." Pl's Ltr. at 2–3. ICE has informed this Office that children and families are not being detained on the fifth floor of 26 Federal Plaza. Rather, that floor is used only for check-ins and processing. Accordingly, by Plaintiff's own terms, the inspection should not include the fifth floor.

\*\*\*

For the foregoing reasons, Plaintiff's three requests in connection with the March 9 inspection should be denied.

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By:   /s/ *Jeffrey Oestericher*
JEFFREY OESTERICHER
RACHEL KROLL
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2695/2765
E-mail: jeffrey.oestericher@usdoj.gov

---

[3] Plaintiff's insistence that the Government has failed to properly substantiate the law enforcement privilege, Pl's Ltr. at 3 & n.3, is misplaced. The Government has objected to the inspection due to law enforcement/security concerns. This is not analogous to a situation where the Government is withholding records based on the invocation of the law enforcement privilege. Moreover, courts have recognized that the Government may meet its burden of establishing security concerns in the context of an inspection of a detention facility without submitting "[a]n affidavit or other evidentiary proof." *Estate of Mazon,* 2014 WL 12966419, at \*3 (internal quotation marks and citation omitted). Here, given the timing of Plaintiff's application, the Government did not have the opportunity to prepare a declaration setting forth its security concerns.