# WANG HECKER LLP

111 BROADWAY, SUITE 1406
NEW YORK, NY 10006

**HEATHER GREGORIO**
212.620.2608 TEL
212.620.2609 FAX

HGREGORIO@WANGHECKER.COM

May 7, 2026

***By ECF***

Hon. Lewis A. Kaplan
United States District Judge
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

        *Re:*  Proposed Joint Pretrial Order
              *Barco Mercado v. Mullin et al.*, 25 Civ. 6568 (LAK) (KHP)

Your Honor:

      This firm, along with the American Civil Liberties Union Foundation, New York Civil Liberties Union Foundation, and Make the Road New York, represents Plaintiff Sergio Alberto Barco Mercado and the provisionally certified class in the above-entitled action. Enclosed please find the Parties' Proposed Joint Pretrial Order, with Exhibits A–D2.

      Counsel would like to note for the Court that the Parties are requesting that certain witnesses appear by remote virtual means at the trial. *See* Footnotes 4–8 & 11. The Parties will make ourselves available to discuss the methods and details of such appearances should the Court grant these requests, and of course will also make ourselves available to discuss any other pre-trial matters at the Court's direction.

                              Respectfully submitted,

                              Heather Gregorio

Encls.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SERGIO ALBERTO BARCO MERCADO, on his own behalf and on behalf of others similarly situated,

Plaintiff,

v.

MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security, in his official capacity,[1] et al.,

Defendants.

25 Civ. 6568 (LAK)

---

The parties having conferred among themselves and with the Court pursuant to Fed. R. Civ. P. 16, the following statements, directions and agreements are adopted as the Pretrial Order herein.

## I.    NATURE OF THE CASE

Plaintiff Sergio Alberto Barco Mercado and the provisionally certified class (together, "Plaintiffs") filed this case on August 8, 2025, asserting claims under the First and Fifth Amendments against Defendants Department of Homeland Security, Immigration and Customs Enforcement, Kristi Noem, Todd Lyons, Marcos Charles, and LaDeon Francis in their official capacities (collectively, "Defendants"). Plaintiffs' claims arise from the unconstitutional conditions of confinement and lack of attorney access at 26 Federal Plaza in Manhattan, where Defendants were detaining and continue to detain immigrants. Plaintiffs sought a Temporary Restraining Order and Preliminary Injunction, which this Court granted on August 12 and September 17, respectively. *See* ECF Nos. 65 & 97 (together, the "Court's Orders"). The Court's Orders required Defendants *inter alia* to significantly reduce crowding at the facility and imposed required conditions regarding the provision of food, water, hygiene products, bedding mats, medical care, medication, and access to confidential attorney calls. Plaintiffs seek declaratory and injunctive relief that would modify and make permanent the Court's Orders, along with mechanisms for ensuring compliance, and attorneys' fees and costs. *See* Section XI below, and Exhibits D, D1, and D2.

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Secretary Markwayne Mullin is automatically substituted as a party for former Secretary Kristi Noem.

## II.    JURY/NON-JURY

No jury demand has been made, and the Parties agree that this case, which seeks only declaratory and injunctive relief, costs, and attorneys' fees, shall be tried at a bench trial. The Parties anticipate that the trial will take approximately two to three days.

## III.    STIPULATED FACTS

1. Plaintiff Sergio Alberto Barco Mercado was taken into custody by ICE and held in a Hold Room on the 10th floor of 26 Federal Plaza from August 8, 2025 to August 10, 2025.

2. From January 20, 2025 through the present, there have not been beds for individuals detained in the 10th floor hold rooms of 26 Federal Plaza overnight.

3. From January 20, 2025 to August 12, 2025, individuals detained in the 10th floor hold rooms of 26 Federal Plaza overnight were not provided with any mats on which to sleep.

4. From January 20, 2025 to the present, individuals detained in the 10th floor hold rooms of 26 Federal Plaza do not have access to showers during their detention.

5. From January 20, 2025 through February 27, 2026, individuals detained at 26 Federal Plaza did not have access to a private room to receive legal phone calls or place outgoing legal phone calls, and ICE employees and/or contractors were present in the Processing Room when detained individuals made or received calls, including legal phone calls.

## IV.    EXHIBITS

### IV-A.    PLAINTIFFS' EXHIBITS

Plaintiffs' Exhibit List is attached as Exhibit A.

### IV-B.    DEFENDANTS' EXHIBITS

Defendants' Exhibit List is attached as Exhibit B.[2]

## V.    GENERAL PROVISIONS, STIPULATIONS AND OBJECTIONS WITH RESPECT TO EXHIBITS

Unless otherwise noted on the attached Exhibit lists, the Parties stipulate and agree to the exhibits with respect both to authenticity (other than for completeness) and admissibility.

---

[2] Defendants labelled their exhibits using Arabic numbers due to the volume of exhibits. Should the Court prefer letter exhibits, Defendants will resubmit its exhibit list with the exhibits renamed accordingly.

## VI.    PLAINTIFFS' WITNESS LIST

- **Plaintiff Sergio Alberto Barco Mercado** (Plaintiff)
- **Nuvia Martinez Ventura** (Individual formerly detained at 26 Federal Plaza)[3]
- **Daniel Quevedo** (Individual formerly detained at 26 Federal Plaza)[4]
- **Ibrahima Barry** (Individual formerly detained at 26 Federal Plaza)[5]
- **Roberto Daniel Chilavert Olmedo** (Individual formerly detained at 26 Federal Plaza)[6]
- **Carlos Chalco** (Individual formerly detained at 26 Federal Plaza)[7]
- **Oscar Pascual Lopez** (Individual formerly detained at 26 Federal Plaza)[8]
- **Carlos Lopez Benitez** (Individual formerly detained at 26 Federal Plaza)
- **Caroline Asnes** (Paralegal)[9]

---

[3] The Government objects to Nuvia Martinez Ventura because she was not identified to the Government as a person with knowledge until Plaintiffs amended their initial disclosures to include her on April 30, 2026, one day before the end of discovery in this case. Plaintiffs respond that Ms. Martinez Ventura is an individual in ICE's custody and control whom we listed as soon as we were able to speak with her and confirm her willingness to testify. Defense counsel had indicated to us previously that they did not intend to depose anyone except Mr. Barco Mercado, and in fact did not notice depositions for the 26 other individuals we disclosed in our initial disclosures, nor did they seek to confer with us before the discovery deadline regarding scheduling Ms. Martinez Ventura's deposition despite our disclosure of her before that date.

[4] Mr. Quevedo has been deported and currently resides outside the country. Defendants have consented to cross-examining Mr. Quevedo by remote virtual means, and Plaintiffs request that the Court grant this accommodation.

[5] Mr. Barry has taken voluntary departure and currently resides outside the country. Defendants have consented to cross-examining Mr. Barry by remote virtual means, and Plaintiffs request that the Court grant this accommodation.

[6] Mr. Chilavert has taken voluntary departure and currently resides outside the country. Defendants have consented to cross-examining Mr. Chilavert by remote virtual means, and Plaintiffs request that the Court grant this accommodation.

[7] Mr. Chalco left the United States voluntarily while in removal proceedings and currently resides outside the country. Defendants have consented to cross-examining Mr. Chalco by remote virtual means, and Plaintiffs request that the Court grant this accommodation.

[8] Mr. Pascual Lopez has been deported and currently resides outside the country. Defendants have consented to cross-examining Mr. Pascual Lopez by remote virtual means, and Plaintiffs request that the Court grant this accommodation.

[9] The Government objects to Caroline Asnes because she was not identified to the Government as a person with knowledge until Plaintiffs amended their initial disclosures to include her on April 30, 2026, one day before the end of discovery in this case. Plaintiffs' counsel has not provided an explanation for the failure to identify this witness previously. In addition, this witness does not have any personal knowledge. Plaintiffs respond that as indicated by our amended initial disclosures, Ms. Asnes will be testifying solely regarding basic calculations, charts, and depictions summarizing the documents produced by Defendants in this litigation, and the methodology of her analysis. This is admissible, *inter alia*, as a "summary, chart, or

3

- **William Joyce** (ICE official; Deputy Field Office Director), by deposition, *see* Exhibit C for designations, counter-designations, and any objections.
- **Nancy Zanello** (ICE official, Detention and Deportation Officer, former Assistant Field Office Director), by deposition, *see* Exhibit C for designations, counter-designations, and any objections.
- **Lige Hampton** (ICE official, Supervisory Detention and Deportation Officer), by deposition, *see* Exhibit C for designations, counter-designations, and any objections.
- **Carla Calidonio** (ICE official, Assistant Field Office Director), by deposition, *see* Exhibit C for designations, counter-designations, and any objections.
- **Robert Mitchell** (Contractor), by deposition, *see* Exhibit C for designations, counter-designations, and any objections.
- **Mitchell Hutson** (Contractor), by deposition, *see* Exhibit C for designations, counter-designations, and any objections.
- **Christopher Chiauzzi** (Deportation Officer), by deposition, *see* Exhibit C for designations, counter-designations, and any objections.
- **John Carbone** (Deportation Officer), by deposition, *see* Exhibit C for designations, counter-designations, and any objections.
- **Alberto Morales** (ICE Official, Assistant Field Office Director), by deposition, *see* Exhibit C for designations, counter-designations, and any objections.
- **Mia Jacobs** (ICE Health Services Corp, Assistant Health Service Administrator), by deposition, *see* Exhibit C for designations, counter-designations, and any objections.

VII.    DEFENDANTS' WITNESS LIST

- **Carla Calidonio** (Assistant Field Office Director)
- **Lige Hampton** (Supervisory Detention and Deportation Officer)
- **Mitchell Hutson** (Contractor)
- **Mia Jacobs** (ICE Health Services Corp, Assistant Health Service Administrator)
- **William Joyce** (Deputy Field Office Director)
- **Merlin Marcellin**[10] (Supervisory Detention and Deportation Officer; Acting Assistant Field Office Director)

---

calculation offered to prove the content of voluminous admissible writings, recordings, or photographs that cannot be conveniently examined in court," *see* Fed. R. Evid. 1006(a), and Ms. Asnes has personal knowledge of the basic data analysis she conducted. As with Ms. Martinez Ventura, Defendants did not attempt to confer regarding deposing Ms. Asnes, despite receiving our amended initial disclosures before the discovery deadline.

[10] Plaintiffs object to Mr. Marcellin being put on as a witness. Defendants did not list Mr. Marcellin in their Initial Disclosures and did not inform Plaintiffs that they intended to present him at trial as a witness in their case-in-chief until 9:18 p.m. on May 6, 2026, the night before this order was due. Plaintiffs have not had a chance to depose Mr. Marcellin and discovery closed on May 1, 2026. Plaintiffs' position is that Defendants have not shown that the current witnesses are not sufficient: Defendants have told us that (a) Ms. Zanello was in charge at the

- **Robert Mitchell** (Contractor)
- **Alberto Morales** (Assistant Field Office Director)
- **Nancy Zanello**[11] (Detention and Deportation Officer, former Assistant Field Office Director)

## XI. RELIEF SOUGHT

Plaintiffs seek declaratory relief in the form of a Court Order finding that Defendants have violated Plaintiffs' First and Fifth Amendment rights. Plaintiffs also seek injunctive relief as outlined in the attached Exhibits D, D1, and D2, as well as attorneys' fees and costs.

---

Hold Rooms from early July through November 2025; (b) Mr. Hampton has been a Supervisory Detention and Deportation Office ("SDDO") acting as a supervisor at the Hold Rooms from July 2025 through to the present; and (c) Mr. Joyce has been the person in charge of compliance with the Court's orders from the time they were issued through to the present. Defendants' argument below that Plaintiffs were aware of Mr. Marcellin from discovery misses the mark, as that is not the standard under Rule 26(a), *see Pal v. New York Univ.*, No. 06-cv-5892 (PAC)(FM), 2008 WL 2627614, at *4 (S.D.N.Y. June 30, 2008). Likewise, the fact that Plaintiffs previously noticed Mr. Marcellin's deposition in February in connection with the contempt motion – and ultimately chose not to depose him after he was initially unavailable – does not somehow mean that Plaintiffs were on notice that Defendants would offer him as a witness in their case in chief at trial. In short, if Defendants believed Mr. Marcellin was an important witness, they should have disclosed him before the court-ordered discovery cut-off. Defendants have offered no explanation for their failure to do so.

Defendants respond that Plaintiffs' objection is not well-founded. Mr. Marcellin was repeatedly identified by the Government as an individual with knowledge in response to Plaintiffs' interrogatory requests (Plaintiffs have listed the Government's responses to their discovery requests as Plaintiffs' Exhibit 128 in this Joint Pre-Trial Order). In addition, Mr. Marcellin is the author or recipient of hundreds of documents that Plaintiffs received in discovery. And, in fact, in connection with Plaintiffs' motion for contempt, the Parties were making arrangements for the deposition of Mr. Marcellin before Plaintiffs' counsel decided to cancel that deposition, stating "We are going to hold off on deposing Mr. Marcellin for now." Accordingly, Plaintiffs' counsel has been well aware for months that Mr. Marcellin is a person with knowledge and a potential witness.

More fundamentally, Mr. Marcellin is an Acting Assistant Field Office Director with day-to-day responsibility for the operation of the 10th floor hold rooms. As such, the Government believes that he has relevant information that would be useful to the Court in adjudicating this case.

---

[11] Defendants request that Ms. Zanello be permitted to appear at trial by remote virtual means because she will be on FMLA leave and located in Florida. Plaintiffs object to this request.

5

Dated: May 7, 2026

_____

The Hon. Lewis A. Kaplan

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
Carmen Iguina González
915 15th Street, N.W.
Washington, DC 20005
202-548-6616
ciguinagonzalez@aclu.org

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
Kyle Virgien
425 California Street, Suite 700
San Francisco, CA 94104
(415) 343-0770
kvirgien@aclu.org

NEW YORK CIVIL LIBERTIES UNION
FOUNDATION
Amy Belsher
Robert Hodgson
Claire Molholm
Molly K. Biklen
125 Broad Street, 19th Floor
New York, NY 10004
Tel: (212) 607-3300
abelsher@nyclu.org
rhodgson@nyclu.org
cmolholm@nyclu.org
mbiklen@nyclu.org

WANG HECKER LLP

Heather Gregorio
Mariann Meier Wang
Alice Reiter
Daniel Mullkoff
Lily Sawyer Kaplan
111 Broadway, Suite 1406
New York, New York 10006
(212) 620-2600
hgregorio@wanghecker.com
mwang@wanghecker.com
areiter@wanghecker.com
dmullkoff@wanghecker.com
lsawyerkaplan@wanghecker.com

MAKE THE ROAD NEW YORK
Harold A. Solis
Paige Austin
301 Grove Street
Brooklyn, NY 11237
Tel. (718) 418-7690
Fax (866) 420-9169
harold.solis@maketheroadny.org
paige.austin@maketheroadny.org

*Attorneys for Plaintiff and the provisionally certified class*

6

JAY CLAYTON
United States Attorney for the
Southern District of New York

By:    _____
JEFFREY OESTERICHER
RACHEL KROLL
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2695
jeffrey.oestericher@usdoj.gov
*Attorneys for Defendants*

7