UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SERGIO ALBERTO BARCO MERCADO, on his own behalf and on behalf of others similarly situated,

Plaintiff,

v.

MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security, in his official capacity, et al.,

Defendants.

25 Civ. 6568 (LAK)

---

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTIONS IN LIMINE TO PRECLUDE WITNESS TESTIMONY, TO ISSUE A WRIT OF HABEAS CORPUS *AD TESTIFICANDUM*, AND TO PRESENT REMOTE TESTIMONY**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................................................... iii

MOTION TO PRECLUDE WITNESS TESTIMONY...................................................................1

    I.       INTRODUCTION ...............................................................................................1

    II.     FACTUAL BACKGROUND.................................................................................1

    III.    LEGAL STANDARD ...........................................................................................4

    IV.    ARGUMENT.........................................................................................................5

MOTION FOR WRIT OF HABEAS CORPUS *AD TESTIFICANDUM* .....................................10

MOTION TO ALLOW REMOTE TESTIMONY ........................................................................12

CONCLUSION .............................................................................................................................12

CERTIFICATION ........................................................................................................................14

## TABLE OF AUTHORITIES

**Cases**

*Alfano v. Nat'l Geographic Channel*,
   No. 06 Civ. 3511, 2007 WL 2982757 (E.D.N.Y. Oct. 5, 2007)……………….………..9

*Atkins v. City of New York*,
   856 F. Supp. 755 (E.D.N.Y. 1994)……………………………………………10, 11

*Badolato v. Long Island R.R. Co.*,
   No. 14 Civ. 1528, 2016 WL 6236311 (E.D.N.Y. Oct. 25, 2016)…………….…………8

*Davidson v. Desai*,
   964 F.3d 122 (2d Cir. 2020)……………………………………………………….10

*Design Strategy, Inc. v. Davis*
   469 F.3d 284 (2d Cir. 2006)…………………………………………….………...5

*EMA Fin., LLC v. Joey N.Y., Inc.*,
   No. 17 Civ. 9706, 2021 WL 2822565 (S.D.N.Y. June 9, 2021)……………………7, 8

*Freeman v. Giuliani*,
   No. 24 Civ. 06563, 2025 WL 81370 (S.D.N.Y. Jan. 13, 2025), *appeal withdrawn*,
   No. 25-107, 2025 WL 1122435 (2d Cir. Jan. 28, 2025)………….…………………….5, 6

*In re Bernard L. Madoff Inv. Sec. LLC*,
   No. 13 Civ. 4332, 2014 WL 1302660 (S.D.N.Y. Mar. 31, 2014)…………….………..11

*Leong v. 127 Glen Head Inc.*,
   No. 13 Civ. 5528, 2016 WL 845325 (E.D.N.Y. Mar. 2, 2016)……………….……………9

*Lexington Furniture Indus., Inc. v. Lexington Co.*,
   No. 19 Civ. 6239, 2021 WL 2333859 (S.D.N.Y. May 27, 2021)…………….…………7, 8

*Lujan v. Cabana Mgmt., Inc.*,
   284 F.R.D. 50 (E.D.N.Y. 2012)……………………………………………………9

*Pal v. New York Univ.*,
   No. 06 Civ. 5892, 2008 WL 2627614 (S.D.N.Y. June 30, 2008)……...............................5, 9

*Patterson v. Balsamico*
   440 F.3d 104 (2d Cir. 2006)……………………………………………….………..5

*Rella v. Westchester BMW, Inc.*,
   No. 16 Civ. 916, 2022 WL 1711695 (S.D.N.Y. May 27, 2022)………………………6, 7, 8, 9

*Simon v. City of New York*,
No. 14 Civ. 8391, 2017 WL 57860 (S.D.N.Y. Jan. 5, 2017)…………..……………………6, 7

*United States v. Paracha*,
No. 03 CR. 1197, 2006 WL 12768 (S.D.N.Y. Jan. 3, 2006),
*aff'd*, 313 F. App'x 347 (2d Cir. 2008)………………………………..…………………..11

**Rules**

Federal Rule of Civil Procedure 26(a)(1)(A) ..........................................................*passim*

Federal Rule of Civil Procedure 26(e)(1)(A) ...............................................................5

Federal Rule of Civil Procedure 37(c)(1) ...............................................................1, 5

Plaintiff Sergio Barco Mercado and the provisionally certified class (together, "Plaintiffs") (1) move under Federal Rule of Civil Procedure ("Rule") 37(c)(1) to preclude Defendants from introducing Merlin Marcellin ("Marcellin") as a witness at trial, (2) request, with Defendants' consent, that the Court issue a writ of habeas corpus *ad testificandum* for Plaintiff Barco Mercado, and (3) request, with Defendants' consent, that the Court permit five witnesses who reside outside the country to testify by remote virtual means.

## MOTION TO PRECLUDE WITNESS TESTIMONY

## I.    INTRODUCTION

Plaintiffs move pursuant to Rule 37(c)(1) to preclude Defendants from introducing Marcellin as a witness at trial.  Defendants failed to disclose Marcellin as required under Rule 26(a)(1)(A).  Their failure to disclose was neither substantially justified nor harmless, and all factors weigh towards excluding his testimony.  Plaintiffs respectfully request that this Court preclude his testimony at trial.

## II.    FACTUAL BACKGROUND

Defendants served their Initial Disclosures pursuant to Rule 26(a)(1) on October 20, 2025, listing four individuals as those "likely to have discoverable information that the Government may use to support its claims or defenses":

(1)  Deputy Field Office Director ("DFOD") William Joyce ("Joyce");

(2)  DFOD Joanna Delgado ("Delgado");

(3)  Assistant Field Office Director ("AFOD") Nancy Zanello ("Zanello"); and

(4)  AFOD Judith Almodovar ("Almodovar").

Defs.' Initial Disclosures Pursuant to Rule 26(a)(1)(A) (Oct. 20, 2025), Exhibit ("Ex.") 1.  To date, Defendants have never supplemented their Rule 26(a)(1) disclosures.

1

On December 12, 2025, Defendants served supplemental interrogatory responses,[1] listing Marcellin as a Supervisory Detention and Deportation Officer ("SDDO") for the first time along with four other SDDOs and 42 ICE officials, all in response to specific areas of inquiry posed by Plaintiffs. Defs.' Suppl. Resps. & Objs. to Pl.'s First Combined Disc. Reqs. (Dec. 12, 2025), Ex. 2. Defendants have amended their discovery responses twice, on February 2, 2026, and on March 30, 2026; Marcellin is consistently listed in response to various interrogatories as an SDDO alongside four other SDDOs and long lists of ICE officials. *See* Defs.' Am. Suppl. Resps. and Objs. to Pl.'s First Combined Disc. Reqs. (Feb. 2, 2026), Ex. 3, and Defs.' Second Am. Suppl. Resps. and Objs. to Pl.'s First Combined Disc. Reqs. (Mar. 30, 2026), Ex. 4.

In January 2026, in connection with Plaintiffs' motion for contempt and sanctions, ECF No. 108 — which focused largely on attorney access issues — Plaintiffs noticed Marcellin's deposition because he appeared on emails regarding attorney call requests in contempt-related discovery productions. Defense counsel represented on January 20, 2026, that Marcellin was away on a detail and not available for an in-person or remote deposition.[2] Meanwhile, Plaintiffs deposed three other individuals while litigating the contempt motion, DFOD William Joyce, Deportation Officer Christopher Chiauzzi, and Deportation Officer John Carbone. By the time that Marcellin was made available for a deposition during the week of February 9, further depositions were not necessary. The parties entered a stipulation to resolve the contempt motion and bring Defendants into compliance, ECF Nos. 140 & 141.

---

[1] Defendants' initial interrogatory responses, served on December 8, 2025, named only Joyce and referred to the other individuals identified in Defendants' initial disclosures, stating that they would be supplemented. Marcellin was not named or referenced.

[2] While defense counsel noted then that Marcellin was the Acting AFOD, we understood that to be a temporary assignment in light of counsel's later reference to him in emails on February 2 and 4 as "SDDO Marcellin" and the February and March Amended Discovery Responses, which repeatedly referred to him as an SDDO. *See* Exs. 3 & 4; Feb. 2026 email correspondence, Ex. 5 at 1, 6.

The parties continued with discovery in preparation for trial.  The Court extended discovery twice, on March 18, 2026, and then again on April 15, 2026.  ECF Nos. 147 & 154. During that time, Plaintiffs deposed eight individuals:  DFOD Joyce, former AFOD Nancy Zanello, AFOD Carla Calidonio, AFOD Alberto Morales, SDDO Lige Hampton, Assistant Health Service Administrator Mia Jacobs, and Paragon contractors Robert Mitchell and Mitchell Hutson.  For efficiency, Plaintiffs chose to depose one SDDO and selected SDDO Hampton, having no basis to believe that Defendants planned to offer Marcellin as a trial witness.

While Defendants should have known their disclosure obligations solely based on Rule 26, Plaintiffs also made clear in pre-trial communications that we needed the opportunity to depose *anyone* who would be offered as a defense witness at trial.  After we deposed DFOD Joyce and former AFOD Nancy Zanello (two of the four witnesses Defendants listed in their Rule 26(a) disclosures), in an effort to be efficient, we emailed defense counsel on April 21, 2026, inquiring whether Defendants would call as trial witnesses their remaining two Rule 26(a) witnesses, Judith Almodovar and Joanna Delgado.  We wrote:

> Have you determined your witness list for trial yet? We are considering cancelling Judith Almodovar's deposition, but would only be able to do that if you can tell us with certainty that she will not be a witness at trial. Similarly, if you are planning to use Joanna Delgado as a witness, we likely will need to notice her deposition for the week of 4/27.

Apr. 2026 email correspondence, Ex. 6.  This email made abundantly clear that, as the Rules mandate, Plaintiffs required notice of anyone whom Defendants would call as a witness at trial so that we could depose them.  *See id.*  After further correspondence, Defendants represented that they would not produce Almodovar or Delgado as trial witnesses, and Plaintiffs' counsel wrote that we would therefore "cancel Ms. Almodovar's deposition based on that representation," and likewise agreed not to notice a deposition for Delgado.  *Id.*

3

At no point did Defendants ever supplement their Rule 26(a) disclosures. Discovery

closed on May 1, 2026. *See* ECF No. 154. The parties then turned to preparing the Joint Pretrial

Order, due on May 7, 2026.

At 9:18 p.m. on May 6, 2026 — five days after the conclusion of discovery and fewer

than three weeks before trial — defense counsel informed Plaintiffs' counsel for the first time

that their witness list for trial included Marcellin. They did not explain their failure to either

disclose him initially or supplement their disclosures in accordance with the Rules. Plaintiffs

objected to his testimony, Proposed Joint Pretrial Order, ECF No. 159 ("JPTO"), at 4–5 n.10,

and now move to preclude Defendants from calling Marcellin as a witness.[3]

## III.    LEGAL STANDARD

Pursuant to Rule 26(a)(1)(A): "a party must, without awaiting a discovery request,

provide to the other parties: the name and, if known, the address and telephone number of each

individual likely to have discoverable information—along with the subjects of that

information—that the disclosing party may use to support its claims or defenses[.]" Rule

26(e)(1)(A) provides that a party "must supplement or correct its disclosure . . . in a timely

manner if the party learns that in some material respect the disclosure or response is incomplete

---

[3] To the extent Defendants assert in response to this motion, as they did in the JPTO, that Plaintiffs also
failed timely to disclose two witnesses, that is not accurate. First, unlike Defendants, Plaintiffs amended our
Initial Disclosures on April 30, 2026, the day *before* discovery closed, to include two witnesses whom we
had good cause to add at that time. Second, the identification of these witnesses is far from equivalent. One
of these witnesses is a woman who experienced trauma and medical neglect at 26 Fed and is currently
detained out-of-state by ICE; contacting her and obtaining her agreement to testify was challenging despite
our team's diligent efforts, and we disclosed her as soon as we could. The other witness is our paralegal,
who will testify in a narrow capacity to aid Plaintiffs' trial presentation to the Court by explaining basic
analysis of the voluminous data produced by Defendants in this action. When we served these amended
disclosures, Defendants neither objected nor sought to depose either witness — depositions we could have
accommodated and scheduled immediately at the time. Defendants' failure to object at the time or
otherwise seek to depose these two witnesses was unsurprising given Defendants' past decision not to
depose any of the 26 potential witnesses Plaintiffs disclosed in our October 2025 Rule 26(a) Initial
Disclosures apart from Plaintiff Barco Mercado. Defense counsel objected to these witnesses only *after* we
objected to Marcellin, making clear that they were doing so in response to Plaintiffs' objection.

or incorrect[.]"  If a party fails to disclose a witness or supplement an earlier response per the requirements of Rule 26(a) and (e), "the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  "This Rule is designed to prevent the 'sandbagging' of an opposing party with new evidence."  *Pal v. New York Univ.*, No. 06 Civ. 5892 (PAC)(FM), 2008 WL 2627614, at *3 (S.D.N.Y. June 30, 2008) (citation omitted); *see also Freeman v. Giuliani*, No. 24 Civ. 06563 (LJL), 2025 WL 81370, at *5 (S.D.N.Y. Jan. 13, 2025), *appeal withdrawn*, No. 25-107, 2025 WL 1122435 (2d Cir. Jan. 28, 2025) ("The purpose of requiring the parties to disclose the identities of their prospective witnesses early in the litigation is to assist the other parties in deciding whom they wish to depose[.]") (quoting 6 Moore's Fed. Prac. § 26.22(4)(a)(i)).

Courts apply a balancing test in deciding whether to preclude witness testimony, considering: "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance."  *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006) (citation omitted); *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296–99 (2d Cir. 2006).

## IV.    ARGUMENT

The Court should preclude Defendants from calling Marcellin as a witness at trial because the failure to disclose him was neither substantially justified nor harmless.  Defendants do not meaningfully dispute that they failed to comply with Rule 26(a).  To this date, Defendants have not served supplemental disclosures.  All factors weigh towards preclusion: (1) Defendants have failed to provide any explanation for their failure to disclose Marcellin; (2) other witnesses can testify to the same subjects, mitigating any unique significance of Marcellin's testimony;

5

(3) as discovery is closed, and trial is set to begin on May 26, in 11 days, Plaintiffs would be prejudiced in having to prepare to address unknown testimony; and (4) a continuance is not warranted and would be highly prejudicial, as courts have frequently held.

The first factor weighs against permitting Marcellin's testimony because Defendants have not provided any explanation for the disclosure failure, including in multiple conferrals counsel have had about this issue. *See e.g.*, *Rella v. Westchester BMW, Inc.*, No. 16 Civ. 916 (AEK), 2022 WL 1711695, at *2 (S.D.N.Y. May 27, 2022). Additionally, Marcellin was a known employee of Defendants, which would undercut any purported justification. *Freeman*, 2025 WL 81370, at *5 ("Defendant would have known the universe of individuals with information and knowledge of that subject well before his Initial Disclosure," as the witness "is Defendant's employee; he is paid by Defendant and works for Defendant full-time."). The first factor weighs even more heavily in favor of Plaintiffs here because the discovery deadline has already been extended twice, ECF Nos. 147 & 154. *Simon v. City of New York*, No. 14 Civ. 8391 (JMF), 2017 WL 57860, at *6 (S.D.N.Y. Jan. 5, 2017) (first factor weighing heavily in favor of preclusion when there was no legitimate explanation, and discovery deadlines had been extended three times, "[f]urther highlighting [the party's] lack of diligence").

Second, Marcellin's testimony is of limited importance because other witnesses are capable of testifying to the same subject matter. Specifically, Zanello was the most senior official on site at the Hold Rooms from early July through November 2025 and can testify about the conditions and policies in place during that key time period,[4] which form the basis for Plaintiffs' constitutional claims and establishing liability at trial; Hampton has been an SDDO at

---

[4] Zanello Tr., at 38:7–13. We are not attaching the deposition excerpts cited in this footnote and the next two footnotes due to pending confidentiality designations but can make them available if the Court would find them helpful or if Defendants dispute any of this information.

the Hold Rooms, a supervisory position previously held by Marcellin, from July 2025 through the present;[5] and DFOD Joyce has been in charge of the Hold Rooms and compliance with the Court's orders from the time they were issued to the present.[6]  Defendants have not explained how Marcellin's testimony would "meaningfully supplement" the testimony of Zanello, Hampton, and Joyce.  *See Rella*, 2022 WL 1711695, at \*2 (holding that the second factor weighed toward preclusion because the plaintiff did not provide "any real explanation of the importance" and seemed "poised to present 'needlessly [] cumulative evidence'") (quoting Fed. R. Evid. 403); *see also Lexington Furniture Indus., Inc. v. Lexington Co.*, No. 19 Civ. 6239 (PKC), 2021 WL 2333859, at \*1 (S.D.N.Y. May 27, 2021) (precluding testimony of defendant company's CEO because COO was "perfectly capable of testifying on the identical topics").

Defendants assert that Marcellin has "relevant information" that "would be useful to the Court[.]"  JPTO, at 5 n.10.  Relevance or importance "is not sufficient to avoid preclusion where," as here, "no explanation has been given for the delay" because "to hold otherwise would give parties the perverse incentive to spring especially large and surprising disclosures on their adversaries on the eve of trial — an extreme version of the sandbagging that Rule 26 attempts to avoid."  *Simon*, 2017 WL 57860, at \*6 (quotation marks and citation omitted).

As to the third factor, Defendants' failure timely to disclose Marcellin is prejudicial because trial commences in 11 days, and discovery had closed several days before Defendants shared their intention to call Marcellin.  When a trial date is set, courts have found that disclosure less than a month before is "plainly prejudicial[.]"  *EMA Fin., LLC v. Joey N.Y., Inc.*, No. 17 Civ.

---

[5] Hampton Tr., at 28:24–29:7.

[6] Ex. 4, at 5 (identifying Joyce as "the individual[] primarily responsible for ensuring the operational and/or functional compliance with the TRO and/or Preliminary Injunction."); Joyce Tr., at 65:18–66:13; 267:14–18; 456:14–18.

9706 (VSB), 2021 WL 2822565, at *2 (S.D.N.Y. June 9, 2021); *see also Rella*, 2022 WL 1711695, at *2 (disclosure in close proximity to trial is prejudicial).  Trial had not yet been scheduled when the court in *Pal* precluded witness testimony because discovery was closed and summary judgment and a pretrial conference were scheduled; the court reasoned that permitting the testimony would require reopening discovery and incurring additional litigation expenses. 2008 WL 2627614, at *4–5.  "Experience teaches that granting the modest request of reopening discovery for a single deposition . . . would likely lead to the reopening of much of the completed discovery process, including requests to reexamine other witnesses and supplement document productions."  *Lexington Furniture*, 2021 WL 2333859, at *1.  That risk is present here:  at almost every deposition taken in this case, Plaintiffs have learned about the existence of relevant additional documents (that they should have previously received) and have called for additional productions.

The fourth factor, whether a continuance is warranted, also favors preclusion because the parties are on the eve of trial.  *See Badolato v. Long Island R.R. Co.*, No. 14 Civ. 1528 (AKT), 2016 WL 6236311, at *6 (E.D.N.Y. Oct. 25, 2016) (factor weighed towards preclusion when discovery closed and trial date had been set); *EMA Fin., LLC*, 2021 WL 2822565, at *2.  It would detract from trial preparation to reopen discovery for a deposition, and as discussed *supra*, reopening discovery may require more than scheduling one deposition.  *See, e.g.*, *Rella*, 2022 WL 1711695, at *2 ("[W]ith pretrial submissions due imminently, the Court will not force Defendants to take away from trial preparation time to complete depositions of witnesses who should have been identified properly years ago, and certainly will not further delay this trial.").

Defendants' remaining arguments for permitting Marcellin's testimony are unavailing. Including him in amended interrogatory responses — with an outdated title no less and alongside

8

65 other ICE employees, Exs. 3 & 4 — did not satisfy Rule 26.  *See, e.g.*, *Leong v. 127 Glen Head Inc.*, No. 13 Civ. 5528 (ADS)(AKT), 2016 WL 845325, at *4 (E.D.N.Y. Mar. 2, 2016) (rejecting arguments that identification of an individual in an interrogatory response and in document production was sufficient to satisfy Rule 26(a)(1)(A)); *Lujan v. Cabana Mgmt., Inc.*, 284 F.R.D. 50, 72 (E.D.N.Y. 2012) ("This principle applies with particular force where, as here, the individual with discoverable information was included in a voluminous list of employees."). The fact that the identity of the witness was available to opposing counsel during discovery does not preclude excluding the witness at trial.  *E.g.*, *Pal*, 2008 WL 2627614, at *4 ("Pal's knowledge of the existence of a witness does not satisfy the Rule 26(a)(1)(A) disclosure obligation; that obligation is fulfilled only if NYU informed Pal that it might call the witness in support of its claims or defenses" because otherwise no "fair warning" is provided.); *see also Alfano v. Nat'l Geographic Channel*, No. 06 Civ. 3511 (NG)(JO), 2007 WL 2982757, at *1–2 (E.D.N.Y. Oct. 5, 2007) (same).  Defendants' identification of Marcellin in their interrogatory responses in fact "cuts *against* the requested testimony," as they had been aware of him but nevertheless failed to identify him as a trial witness.  *See Rella*, 2022 WL 1711695, at *2 (emphasis in original).

That Plaintiffs considered deposing Marcellin in a previous phase of litigation, in which they believed he had specific information on a narrow contempt-related topic, likewise does not absolve Defendants of their disclosure obligations.  Plaintiffs chose not to depose Marcellin in April — instead deposing eight other individuals whom Plaintiffs believed had relevant information — because Defendants never put Plaintiffs on notice that they might call him at trial. Plaintiffs went to great lengths to ensure that any potential defense witness at trial was deposed, including specifically asking whether Defendants would call two properly disclosed witnesses.

9

Defendants' decision to notice Marcellin on the eve of trial is precisely the type of sandbagging that Rule 26 was designed to prevent, and the Court should preclude his testimony.

## MOTION FOR WRIT OF HABEAS CORPUS *AD TESTIFICANDUM*

Plaintiffs also request, with Defendants' consent, that this Court issue a writ of habeas corpus *ad testificandum* ordering that the Department of Corrections of Ocean County, New Jersey produce Plaintiff Barco Mercado to testify at trial in this action or, in the alternative, facilitate Plaintiff Barco Mercado testifying at trial by video.

Plaintiff Barco Mercado was arrested on May 11, 2026, and is currently being held as a pretrial detainee in the Ocean County Jail in Toms River, New Jersey.  It is the understanding of Plaintiffs' counsel that he will likely still be detained during the trial in this case.

"28 U.S.C. § 2241(c)(5), in tandem with 28 U.S.C. § 1651(a), permit a federal court, when necessary, to issue a writ of habeas corpus *ad testificandum*." *Atkins v. City of New York*, 856 F. Supp. 755, 757 (E.D.N.Y. 1994) (footnote omitted).  "The purpose of this writ is to direct the custodian of a prisoner to produce such prisoner for appearance in court." *Id.*  "The decision whether to issue a writ of habeas corpus *ad testificandum* rests in the district court's discretion, although a request for the writ may not be arbitrarily denied[.]" *Davidson v. Desai*, 964 F.3d 122, 129 (2d Cir. 2020) (quotation marks and citation omitted; italics added).  The factors that a court should consider in exercising this discretion include:

> [1] whether the prisoner's presence will substantially further the resolution of the case, [2] the security risks presented by the prisoner's transportation and

10

safekeeping, and [3] whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted.

*Atkins*, 856 F. Supp. at 757 (citation omitted); *accord In re Bernard L. Madoff Inv. Sec. LLC*, No. 13 Civ. 4332 (ALC), 2014 WL 1302660, at *6 (S.D.N.Y. Mar. 31, 2014) (same).[7]

Here, those factors all support issuing the writ.  First, Plaintiff Barco Mercado's presence at trial will substantially further the resolution of the case.  He is the only class representative in this action and will testify in detail about his experience being detained in 26 Federal Plaza in August 2025.  The Court's ability to hear testimony from Plaintiff Barco Mercado will substantially assist in assessing the conditions of confinement as well as the parameters of injunctive relief that are appropriate.

Second, there is no reason to believe that there would be any security risk presented by transporting Plaintiff Barco Mercado from New Jersey to New York for trial.

Third, it would not be practicable for this suit to be stayed until Plaintiff Barco Mercado is released.  This case has proceeded on an expedited basis since it was initiated, and the parties have engaged in discovery on a compressed timeframe in order to prepare for the trial on May 26, 2026.  Moreover, we are not able to predict when Plaintiff Barco Mercado will be released from custody.  Given the imminent trial date, it would not be feasible for the case to be stayed until he is released.

For all of these reasons, the Court should exercise its discretion to issue a writ of habeas corpus *ad testificandum* so that Plaintiff Barco Mercado can testify in this action.

---

[7] The district court has jurisdiction to issue a writ of habeas corpus *ad testificandum* even when the person to be produced is detained in a different jurisdiction.  *Atkins*, 856 F. Supp. at 758–59 (citing cases); *see United States v. Paracha*, No. 03 CR. 1197 (SHS), 2006 WL 12768, at *6 (S.D.N.Y. Jan. 3, 2006), *aff'd*, 313 F. App'x 347 (2d Cir. 2008) ("Moreover, even if it were necessary to serve the writ on an immediate custodian, the assumption that the witnesses are held abroad does not place them beyond this Court's compulsory process power because — as several courts have recognized — testimonial writs can be issued extraterritorially.").

11

In the alternative, Plaintiff respectfully requests that the Court issue an order mandating that the Department of Corrections of Ocean County, New Jersey facilitate Plaintiff Barco Mercado testifying by video.

## MOTION TO ALLOW REMOTE TESTIMONY

Finally, Plaintiffs request, also with Defendants' consent, that this Court permit five of Plaintiffs' witnesses — Daniel Quevedo, Ibrahima Barry, Roberto Daniel Chilavert Olmedo, Carlos Chalco, and Oscar Pascual Lopez — to testify at trial by remote virtual means. These individuals were all formerly detained at 26 Federal Plaza during the summer and fall of 2025 and will provide essential first-person testimony regarding the conditions they endured. These individuals have either been deported or have taken voluntary departure and now reside outside the country. *See* JPTO, at 3 nn. 4–8.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Motions in Limine to preclude the testimony of Merlin Marcellin, to issue a writ of habeas corpus *ad testificandum* for Plaintiff Barco Mercado, and to permit testimony by remote virtual means for five of Plaintiffs' witnesses who reside outside the country.

12

Dated: May 15, 2026


AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
Carmen Iguina González
915 15th Street, N.W.
Washington, DC 20005
202-548-6616
ciguinagonzalez@aclu.org

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
Kyle Virgien
425 California Street, Suite 700
San Francisco, CA 94104
(415) 343-0770
kvirgien@aclu.org

NEW YORK CIVIL LIBERTIES UNION
FOUNDATION
Amy Belsher
Robert Hodgson
Claire Molholm
Molly K. Biklen
125 Broad Street, 19th Floor
New York, NY 10004
Tel: (212) 607-3300
abelsher@nyclu.org
rhodgson@nyclu.org
cmolholm@nyclu.org
mbiklen@nyclu.org

WANG HECKER LLP

Heather Gregorio
Mariann Meier Wang
Alice Reiter
Daniel Mullkoff
Lily Sawyer Kaplan
111 Broadway, Suite 1406
New York, New York 10006
(212) 620-2600
hgregorio@wanghecker.com
mwang@wanghecker.com
areiter@wanghecker.com
dmullkoff@wanghecker.com
lsawyerkaplan@wanghecker.com

MAKE THE ROAD NEW YORK
Harold A. Solis
Paige Austin
301 Grove Street
Brooklyn, NY 11237
Tel. (718) 418-7690
Fax (866) 420-9169
harold.solis@maketheroadny.org
paige.austin@maketheroadny.org


*Attorneys for Plaintiff and the provisionally certified class*

13

## **CERTIFICATION**

I hereby certify that prior to filing this motion, per Local Civil Rule 6.4, I conferred with defense counsel in a good faith effort to resolve the motion to preclude Marcellin's testimony. Defense counsel did not agree to withdraw Marcellin as a witness.

DATED:   New York, New York
          May 15, 2026

/s/ Heather Gregorio
Heather Gregorio

14