# EXHIBIT 3

JAY CLAYTON
United States Attorney for the
Southern District of New York
By:     JEFFREY OESTERICHER
        Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2695
Fax: (212) 637-0033
jeffrey.oestericher@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SERGIO ALBERTO BARCO MERCADO, on his own behalf and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, in her official capacity; DEPARTMENT OF HOMELAND SECURITY; TODD LYONS, Acting Director, Immigration and Customs Enforcement, in his official capacity; IMMIGRATION AND CUSTOMS ENFORCEMENT; MARCOS CHARLES, Acting Executive Associate Director, Immigration and Customs Enforcement, Enforcement and Removal Operations, in his official capacity; LADEON FRANCIS, Acting Field Office Director of New York, Immigration and Customs Enforcement, in his official capacity,<br><br>Defendants. | Case No. 25 Civ. 6568 (LAK)<br><br>**DEFENDANTS' AMENDED SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST COMBINED DISCOVERY REQUESTS AND PLAINTIFF'S FIRST REQUEST FOR INSPECTION** |

Pursuant to Federal Rules of Civil Procedure 26 and 34 and Rule 26.3 of the Local Rules

of the United States District Courts for the Southern District of New York (the "Local Civil

Rules"), Defendants Kristi Noem, Department of Homeland Security, Todd Lyons, Immigration

and Customs Enforcement, Marcos Charles, and LaDeon Francis ("Defendants" or the

"Government"), by their attorney, Jay Clayton, United States Attorney for the Southern District of New York, hereby amend their objections and responses to Plaintiff's First Combined Discovery Requests to Defendants dated November 7, 2025, and Plaintiff's First Request for Inspection (the "Discovery Requests"), as follows:

**<u>RESERVATION OF RIGHTS AND OBJECTIONS TO INSTRUCTIONS</u>**

A.    The Government objects to the Discovery Requests to the extent they purport to require the disclosure of information beyond the scope required or permitted by the Federal Rules of Civil Procedure ("FRCP"), the Local Civil Rules, and any other applicable law.

B.    The Government objects to the Discovery Requests to the extent they seek information protected from discovery under the attorney-client privilege, the work-product doctrine, the deliberative process privilege, the law enforcement privilege, the investigative privilege, or any other applicable privilege, immunity, statute, regulation, or rule.  The responses herein are not intended to constitute a waiver of any applicable privilege.  To the extent any privileged documents are produced inadvertently, the Government reserves its right to claw back all such documents.

C.    The Government objects to the Discovery Requests to the extent they seek information not relevant to a claim or defense in this litigation, are not proportional to the needs of the case, are vague, ambiguous, or overbroad, and/or are unduly burdensome to answer.

D.    The Government objects to the Discovery Requests to the extent they seek publicly available information, or information that is already in the possession of, or readily obtainable by, Plaintiffs.  With respect to such information, the Document Requests are unduly burdensome.

E.    In providing these responses, the Government reserves the right to supplement, clarify, revise, or correct any or all of the responses herein at any time.

2

F.      These responses are accurate to the best of the Government's knowledge as of this date.  The Government's investigation, however, is continuing.  The Government expressly reserves the right to supplement its responses based on subsequently discovered information.

G.      In providing these responses, the Government does not waive and hereby reserves its right to assert any and all objections as to the admissibility into evidence, at the trial of this action or in any other proceeding, of any response herein or of any documents produced herewith, on any and all grounds, including, but not limited to, competency, relevancy, materiality, and privilege.

H.      In providing these responses, the Government does not in any manner admit or imply that it considers any document request or the documents provided in response thereto to be relevant or material to the subject matter of this action, nor does the Government in any manner admit or imply that it considers any document request or the documents provided in response thereto to be relevant to any party's claim or defense or proportional to the needs of the case.

I.      The Government expressly reserves the right to object to the use of its responses to the Discovery Requests or any documents provided in response thereto in any proceeding other than the above-captioned actions.

J.      The Government objects to Instruction #3 because it requires production of information not required by FRCP 33 or the Local Civil Rules.

K.      The Government objects to Instruction #4 because it requires production of information not required by FRCP 34 or the Local Civil Rules.

L.      The Government objects to Instruction #6 because it requires production of information in connection with the assertion of privilege claims beyond the scope of Local Civil Rule 26.2(a).

M.    The Government objects to Instruction #12 as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking information and documents not relevant to this case.  The Government will specify the time period it used when responding to the individual document requests and interrogatories.

**RESPONSES AND OBJECTIONS TO INTERROGATORIES**

1.    Identify each person with knowledge or information concerning any of the allegations in the Complaint.

Response to Interrogatory No. 1:   The Government objects to this interrogatory on the ground that it is overly broad, unduly burdensome and not proportional to the needs of the case.  Subject to this objection, the Government refers Plaintiff to the individuals identified in Defendants' Initial Disclosures and the individuals identified herein.

2.    Identify each person with knowledge or information that supports your defense(s) to the Complaint.

Response to Interrogatory No. 2:   The Government objects to this interrogatory on the ground that it is overly broad, unduly burdensome and not proportional to the needs of the case.  Subject to this objection, the Government refers Plaintiff to the individuals identified in Defendants' Initial Disclosures and the individuals identified herein.

3.    Identify each person from whom you or anyone acting on your behalf has obtained or requested a statement or information concerning the allegations of the Complaint.

Response to Interrogatory No. 3:   The Government objects to this interrogatory to the extent it calls for attorney work product.   Subject to this objection, the Government further refers Plaintiff

to the docket of this case for the declarations that are on file and/or that the Government has provided to Plaintiff.  The Government will supplement this response as necessary.

4.    Identify the individual(s) primarily responsible for ensuring the operational and/or functional compliance with the TRO and/or Preliminary Injunction.

Response to Interrogatory No. 4:  Deputy Field Office Director William P. Joyce, 26 Federal Plaza, New York, NY 10278.

5.    Identify each person (with A-number, if applicable) who complained about conditions of confinement or attorney access at 26 Fed at any time, whether such person is an employee or agent of Defendants, a detained individual, or otherwise.

Response to Interrogatory No. 5:  The Government objects on the ground that the request for each alien's A-number is beyond the scope of Local Civil Rule 33.3  The Government further objects that the time frame is overly broad, unduly burdensome, and not proportional to the needs of the case.  Further, the Government lacks documentation sufficient to respond to this interrogatory because standard operating procedure does not require the Government to record these events. Subject to these objections, the Government is continuing its diligence with respect to this interrogatory and will identify any responsive person using a time frame of January 20, 2025 to date.

6.    Identify each person responsible for receiving, responding to, or handling any complaints referenced in Interrogatory Number 5.

Response to Interrogatory No. 6:  The Government objects to this interrogatory on the ground that the time frame is overly broad, unduly burdensome, and not proportional to the needs of the case. Further, the Government lacks documentation sufficient to respond to this interrogatory because standard operating procedure does not require the Government to record these events.   Subject to

these objections, the Government responds to this interrogatory, using a time frame of January 20, 2025 to date, as follows:

SDDO Green, Carol

SDDO Hampton, Lige

SDDO Marcellin, Merlin

SDDO Mercado, Nelson

SDDO Romero, Ronald

DO Diaz, Carlos

DO Watkins, Mikel

DO Chiauzzi, Christopher

DO Loyaga, Jim

DO Carbone, John

DO Then-Santana

DO Velez, Michael

DO Mathew, Thomas

DO Perez-Sanchez, Robert

DO Weish, Yusuf

DO Massey, Rohin

DO Charles, Travis

DO Garnier, Jaden

DO Geffrard, Jeffrey

DO Geraldino, Manuel

DO Sanchez, Medriel

DO Meyer, George

DO Alexander, Aaron

DO Tsutsui, Shuto

DO Aguilera, Irving

DO Ducasse, Anthony

DO Appel, Ryan

DO Villamizar, Thomas

DO Khedache, Ourdia

DO Sweeney, Edward

DO De La Cruz, David

DO Artiles, Wilkin

DO Familia Kingley

DO Bermudez, Xavier

DO Cuffari, Antonio

DO Cantalejo, Chivan

DO Kubler, Michael

DO Hernandez-Lucero, Aldair

DO Mai, Patrick

DO Shannon, James

DO Asilis, Aharonis

Seymour, Devin

Toussiant, Michael

Rajaram, Michael

26 Federal Plaza, New York, NY 10278.

7.      Identify each person responsible for facilitating and scheduling attorney calls for detained persons at 26 Fed, including, without limitation, any person responsible for responding to attorney requests or supervising responses to attorney requests sent by e-mail, including, without limitation, to newyork.outreach@ice.dhs.gov, NYCIntakeInquiries@ice.dhs.gov, and/or NYCDetaineeInquiry@ice.dhs.gov, and any person responsible for staffing or training those who answer the phone numbers for scheduling legal calls, including, without limitation, (212) 436-9400, (212) 436-9315, and/or (212) 863-3401.

Response to Interrogatory No. 7:    The Government objects to this interrogatory on the ground that the time frame is overly broad, unduly burdensome, and not proportional to the needs of the case. Subject to this objection, the Government responds to this interrogatory, using a time frame of January 20, 2025 to date, as follows: the individuals listed in response to Interrogatory No. 6 could be responsible for facilitating and scheduling attorney calls for detained persons at 26 Federal Plaza.

8.      Identify each person responsible for updating and maintaining the Online Detainee Locator System for detained persons at 26 Fed.

Response to Interrogatory No. 8:    The Government objects to this interrogatory on the ground that the time frame is overly broad, unduly burdensome, and not proportional to the needs of the case. Subject to this objection, the Government responds as follows: The Online Detainee Locator System (ODLS) is a system that is not locally updated or maintained. While local ICE personnel may access or reference ODLS in the course of their official duties, they do not administer, maintain, or control the system.

9.      Identify each person responsible for ensuring that every detained person receives a printed Notice of Rights upon arrival in a Hold Room.

Response to Interrogatory No. 9:    The Government objects to this interrogatory on the ground that the time frame is overly broad, unduly burdensome, and not proportional to the needs of the case. Subject to this objection, the Government responds to this interrogatory, using a time frame of January 20, 2025 to date, as follows:

SDDO Green, Carol

SDDO Hampton, Lige

SDDO Marcellin, Merlin

SDDO Mercado, Nelson

SDDO Romero, Ronald

DO Diaz, Carlos

DO Watkins, Mikel

DO Chiauzzi, Christopher

DO Loyaga, Jim

DO Carbone, John

DO Then-Santana

DO Velez, Michael

DO Mathew, Thomas

DO Perez-Sanchez, Robert

DO Weish, Yusuf

DO Massey, Rohin

DO Charles, Travis

DO Garnier, Jaden

     10.     Identify each person responsible for supervising:

     (a)     the  provision of clean clothes and/or hygiene products, including, but not limited to, soap, towels, toilet paper, oral hygiene products, and feminine hygiene products, to detained persons at 26 Fed;

     (b)     the provision of bedding, bed mats, and/or blankets to detained persons at 26 Fed;

     (c)     the cleaning of the Hold Rooms at 26 Fed;

     (d)     the provision of meals and water to detained persons in the Hold Rooms;

     (e)     the provision of security services at the Hold Rooms.

<u>Response to Interrogatory No. 10</u>:   The Government objects to this interrogatory on the ground that the time frame is overly broad, unduly burdensome, and not proportional to the needs of the case.  Subject to this objection, the Government responds to this interrogatory, using a time frame of January 20, 2025 to date, as follows:

SDDO Green, Carol

SDDO Hampton, Lige

SDDO Marcellin, Merlin

SDDO Mercado, Nelson

SDDO Romero, Ronald

11.    Identify the name and position and/or title of every employee who is assigned to work in the Hold Rooms, floors, and/or areas of 26 Fed that hold detained persons as of the response date.

Response to Interrogatory No. 11:   The Government objects to this interrogatory on the ground that the request for the "position and/or title" is beyond the scope of Local Civil Rule 33.3.   The Government further objects on the ground that the time frame is overly broad, unduly burdensome, and not proportional to the needs of the case.  Subject to these objections, the Government responds to this interrogatory, using a time frame of January 20, 2025 to date, as follows: the individuals listed in response to Interrogatory No. 6 work in the Hold Rooms, floors, and/or areas of 26 Federal Plaza that hold detained persons as of the response date.

12.    Identify every person, including with A-numbers, who has been detained in the Hold Rooms from January 20, 2025 through the response date.

Response to Interrogatory No. 12:   The Government objects to this interrogatory on the ground that the request for the A-numbers is beyond the scope of Local Civil Rule 33.3.   The Government further objects to this interrogatory on the ground of the law enforcement privilege.  The Government further objects to this interrogatory on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case.  The Government does not at present intend to respond to this interrogatory but suggests that the parties meet and confer to discuss these objections.

13.    Identify each detained person, including with A-numbers, who has received health care or medical services at 26 Fed.

Response to Interrogatory No. 13:   The Government objects to this interrogatory on the ground that the request for the A-numbers is beyond the scope of Local Civil Rule 33.3.   The Government

11

further objects to this request because it requests information protected by the Health Insurance Portability and Accountability Act ("HIPAA"). The Government does not intend to respond to this interrogatory.

14. Identify all persons who have provided health care or medical services to detained persons held at 26 Fed.

Response to Interrogatory No. 14: The Government objects to this request on the ground that the time frame is overly broad, unduly burdensome, and not proportional to the needs of the case. The Government further objects to this request to the extent that detained persons received care off-site. Subject to these objections, the Government responds, using a time frame of January 20, 2025 to date, as follows:

Awuah, David

Baker, Kelsey

Bellamy, Angela

Broderick, Karen

Enriquez-Perez, Yaideli

Essien, Steven

Fahrer, Karis

Ganapolsky, Irina

Hampton, Dustin

Hewitt, Stephanie

Jaggernauth, Christal

Lloyd, Lakeena

Lovell, Charles

Monroe, Selia

Nelson-Davidson, Veneisha

Okoli, Okezie

Saab, Jocelyn

Saltibus, Ann

Savion, Rebecca

Tran, Thomas

Valenzuela, Kristina

Wanthouse, Kristen

15.    Identify any and all document custodians with knowledge or information about the existence and/or location of documents relevant to the subject matter of this action, including, without limitation, persons with knowledge of the methods for storing electronic mail and other electronic information for Defendants.

Response to Interrogatory No. 15:   The Government objects to this request on the ground that the time frame is overly broad, unduly burdensome, and not proportional to the needs of the case. The Government further objects to this request on the ground that the request is overly broad,

13

unduly burdensome, and not proportional to the needs of the case.  Subject to these objections, the Government responds as follows:

SDDO Green, Carol

SDDO Hampton, Lige

SDDO Marcellin, Merlin

SDDO Mercado, Nelson

SDDO Romero, Ronald

Mia Jacobs

16.    Identify any and all email accounts, social media platforms, blogs, websites and/or other digital profiles or platforms that Defendants maintain, contribute to, or communicate through concerning the detention of individuals at 26 Fed, and all email addresses, usernames, or handles that Defendants use for each.

Response to Interrogatory No. 16:   The Government objects to this interrogatory on the ground that it requests information beyond the scope of Local Civil Rule 33.3.   The Government does not intend to respond to this interrogatory.

## DOCUMENTS TO BE PRODUCED

1.    All documents identified in response to the Interrogatories or referred to or examined by you to form your responses to the Interrogatories.

Response to Document Request No. 1:   The Government intends to produce non-privileged responsive documents on a rolling basis.

2.    All documents concerning the allegations in the Complaint.

Response to Document Request No. 2:   The Government objects to this request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case.   Subject to

14

this objection, the Government intends to produce non-privileged responsive documents in connection with other document requests made by Plaintiff as indicated herein. At present, the Government is not certain whether it will be withholding any responsive documents on the basis of this objection, but the Government intends to produce non-privileged responsive documents on a rolling basis.

3.      All documents concerning your defenses to the Complaint, including, but not limited to, those asserted in your Answer.

Response to Document Request No. 3:   The Government objects to this request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Subject to this objection, the Government intends to produce non-privileged responsive documents on a rolling basis.

4.      All documents concerning Plaintiff, including, without limitation, all testimony or statements made by you that mention or otherwise concern Plaintiff, whether sworn or unsworn, whether written or verbal, at any time to anyone.

Response to Document Request No. 4:   The Government objects to this request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it calls for production of documents unrelated to Plaintiff's detention. Consistent with this objection, the Government intends to produce non-privileged responsive documents relating to Plaintiff's detention on a rolling basis.

5.      All documents reviewed, examined, and/or relied on by Assistant Field Office Director Nancy Zanello in connection with the First Zanello Declaration and/or the Second Zanello Declaration.

15

<u>Response to Document Request No. 5</u>:   The Government intends to produce non-privileged responsive documents on a rolling basis.

6.    All documents and communications concerning any complaint or grievance, whether oral or written, formal or informal, made by anyone concerning the conditions of confinement or any detained person's access to counsel at 26 Fed.

<u>Response to Document Request No. 6</u>:   The Government objects to this request on the ground that the time frame is overly broad, unduly burdensome, and not proportional to the needs of the case. Subject to this objection, the Government intends to produce non-privileged responsive documents on a rolling basis using a time frame of January 20, 2025 to date.

7.    All documents prepared by you or any person, agent, or representative acting on your behalf concerning the allegations in the Complaint.

<u>Response to Document Request No. 1</u>:   The Government objects to this request to the extent it calls for production of documents protected by the attorney client privilege, work product, or other privilege or limitation on discovery. The Government intends to produce non-privileged responsive documents on a rolling basis.

8.    All documents concerning Defendants' rules, policies, procedures, or practices concerning the operation of the Hold Rooms, including, without limitation, applicable detention standards, directives, memoranda, and/or guidance.

<u>Response to Document Request No. 8</u>:   The Government objects to this request on the ground that the time frame is overly broad, unduly burdensome, and not proportional to the needs of the case. Subject to this objection, the Government intends to produce non-privileged responsive documents on a rolling basis using a time frame of January 20, 2025 to date.

16

9.    All documents and communications sent or issued by Defendants or employees of Defendants that altered, modified, amended, or otherwise affected any rules, policies, procedures, or practices concerning the operation of the Hold Rooms.

Response to Document Request No. 9:   The Government objects to this request on the ground that the time frame is overly broad, unduly burdensome, and not proportional to the needs of the case. Subject to this objection, the Government intends to produce non-privileged responsive documents on a rolling basis using a time frame of January 20, 2025 to date.

10.    All organizational charts for the operation of 26 Fed.

Response to Document Request No. 10:   The Government objects to this request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it requests documents unrelated to the operation of the hold rooms and detainees at 26 Federal Plaza during the time frame of January 20, 2025 to date.   Subject to these objections, the Government intends to produce non-privileged responsive documents on a rolling basis.

11.    All documents, communications, and logs concerning staffing at the Hold Rooms.

Response to Document Request No. 11:   The Government objects to this request on the ground that the time frame is overly broad, unduly burdensome, and not proportional to the needs of the case. Subject to this objection, the Government intends to produce non-privileged responsive documents on a rolling basis using a time frame of January 20, 2025 to date.

12.    All documents and communications concerning any inspections, inquiries, or evaluations of the Hold Rooms or 26 Fed, including, without limitation, reports, analyses, memoranda, and internal investigations, whether concerning the allegations in the Complaint or otherwise.

17

Response to Document Request No. 12:  The Government objects to this request on the ground that the time frame is overly broad, unduly burdensome, and not proportional to the needs of the case.  Subject to this objection, the Government intends to produce non-privileged responsive documents on a rolling basis using a time frame of January 20, 2025 to date.

13.     All documents and communications concerning any study, analysis, examination, or assessment of your policies, practices, or procedures concerning the infrastructure and capacity of the Hold Rooms and limits on how long to hold detained persons at 26 Fed.

Response to Document Request No. 13:  The Government intends to produce non-privileged responsive documents on a rolling basis.

14.     All documents and communications concerning any study, analysis, examination, or assessment you conducted or commissioned to determine what changes to your policies, practices, or procedures would be necessary to hold detained persons in the Hold Rooms for longer than 12 hours.

Response to Document Request No. 14:  The Government intends to produce non-privileged responsive documents on a rolling basis.

15.     All documents and communications concerning Defendants' policies concerning the placement of detained persons in and the transfer of detained persons out of the Hold Rooms, including, without limitation, logs, memoranda, guidance, and directives.

Response to Document Request No. 15:  The Government objects to this request on the ground that the time frame is overly broad, unduly burdensome, and not proportional to the needs of the case.  Subject to this objection, the Government intends to produce non-privileged responsive documents on a rolling basis using a time frame of January 20, 2025 to date.

18

16.    Documents and communications sufficient to show the duration of confinement for any and all detained persons in the Hold Rooms, including each detained persons' name, A-number, and date and time of book-in and book-out.

Response to Document Request No. 16:   The Government objects to this request on the ground that the time frame is overly broad, unduly burdensome, and not proportional to the needs of the case.  Subject to this objection, the Government intends to produce non-privileged responsive documents on a rolling basis using a time frame of January 20, 2025 to date.

17.    All documents and communications showing the daily population at the Hold Rooms for each day since and including July 1, 2024.

Response to Document Request No. 17:   The Government objects to this request on the ground that the time frame is overly broad, unduly burdensome, and not proportional to the needs of the case.  Subject to this objection, the Government intends to produce non-privileged responsive documents on a rolling basis using a time frame of January 20, 2025 to date.

18.    Documents sufficient to show the layout and physical dimensions of the Hold Rooms.

Response to Document Request No. 18:   The Government objects to this request on the ground that the time frame is overly broad, unduly burdensome, and not proportional to the needs of the case.  The Government further objects to this request on the ground of the law enforcement privilege.  The Government does not intend to produce documents in response to this request but suggests that the parties meet and confer to discuss these objections.

19.    All documents and communications concerning overcrowding at the Hold Rooms, including, without limitation, any communications concerning Defendants' knowledge or responses to space limitations or overcrowding.

Response to Document Request No. 19:  The Government objects to this request on the ground that the time frame is overly broad, unduly burdensome, and not proportional to the needs of the case.  Subject to this objection, the Government intends to produce non-privileged responsive documents on a rolling basis using a time frame of January 20, 2025 to date.

20.    All documents and communications concerning the Nationwide Hold Room Waiver issued on or around June 24, 2025, which extended the 12-hour limit on the use of the Hold Rooms to detain individuals.

Response to Document Request No. 20:  The Government objects to this request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case.  The Government does not intend to produce documents in response to this request as stated but suggests that the parties meet and confer to discuss the objection.

21.    All documents and communications concerning the "exceptional circumstances" for exceeding the 72-hour limit on detaining noncitizens in the Hold Rooms pursuant to the Nationwide Hold Room Waiver.

Response to Document Request No. 21:  The Government objects to this request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case.  The Government does not intend to produce documents in response to this request as stated but suggests that the parties meet and confer to discuss the objection.

22.    All documents and communications concerning previous waivers of the 12-hour limit on the use of Hold Rooms to detain individuals.

Response to Document Request No. 22:  The Government objects to this request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case.  The

Government does not intend to produce documents in response to this request as stated but suggests that the parties meet and confer to discuss the objection.

23.    All documents and communications concerning media coverage of conditions at 26 Fed.

Response to Document Request No. 23:   The Government objects to this request on the ground that it seeks documents that are not relevant to this case and which are equally available to Plaintiff. The Government does not intend to produce documents in response to this request as stated but suggests that the parties meet and confer to discuss the objection.

24.    All documents and communications concerning Defendants' decision on or around August 11, 2025 to transfer detained persons from 26 Fed to other facilities prior to filing a response to this Court's order, *see* ECF No. 54, and all documents and communications concerning those transfers.

Response to Document Request No. 24:   The Government objects to this request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case.  At present, the Government is not certain whether it will be withholding any responsive documents on the basis of this objection, but consistent with this objection the Government intends to produce non-privileged responsive documents on a rolling basis.

25.    All documents and communications concerning the provision of cleaning services at the Hold Rooms, including, without limitation, contracts, invoices, schedules, and logs.

Response to Document Request No. 25:   The Government objects to this request on the ground that the time frame is overly broad, unduly burdensome, and not proportional to the needs of the case.  Subject to this objection, the Government intends to produce non-privileged responsive documents on a rolling basis using a time frame of January 20, 2025 to date.

21

26.    All documents and communications concerning the provision of hygiene products, including, but not limited to, soap, towels, toilet paper, oral hygiene products, and feminine hygiene products, to detained persons at the Hold Rooms.

Response to Document Request No. 26:   The Government objects to this request on the ground that the time frame is overly broad, unduly burdensome, and not proportional to the needs of the case.  Subject to this objection, the Government intends to produce non-privileged responsive documents on a rolling basis using a time frame of January 20, 2025 to date.

27.    All documents and communications concerning requests by detained persons for hygiene products at the Hold Rooms.

Response to Document Request No. 27:   The Government objects to this request on the ground that the time frame is overly broad, unduly burdensome, and not proportional to the needs of the case.  Subject to this objection, the Government intends to produce non-privileged responsive documents on a rolling basis using a time frame of January 20, 2025 to date.

28.    All documents and communications concerning toilets and sinks in the Hold Rooms, including, without limitation, any documents and/or communications concerning their functionality, cleanliness, or the potability of the water in the sinks, and including, without limitation, environmental and health and safety inspections, tests, and reports.

Response to Document Request No. 28:   The Government objects to this request on the ground that the time frame is overly broad, unduly burdensome, and not proportional to the needs of the case.  Subject to this objection, the Government intends to produce non-privileged responsive documents on a rolling basis using a time frame of January 20, 2025 to date.

29.    All documents and communications concerning the room temperature of the Hold Rooms, including, without limitation, logs, tests, and inspection reports.

22

Response to Document Request No. 29:  The Government objects to this request on the ground that the time frame is overly broad, unduly burdensome, and not proportional to the needs of the case.  Subject to this objection, the Government intends to produce non-privileged responsive documents on a rolling basis using a time frame of January 20, 2025 to date.

30.    All documents and communications concerning the provision of clean clothes to detained persons in the Hold Rooms.

Response to Document Request No. 30:  The Government objects to this request on the ground that the time frame is overly broad, unduly burdensome, and not proportional to the needs of the case.  Subject to this objection, the Government intends to produce non-privileged responsive documents on a rolling basis using a time frame of January 20, 2025 to date.

31.    All documents and communications concerning the provision of private surroundings and/or spaces for detained persons to change clothes.

Response to Document Request No. 31:  The Government objects to this request on the ground that the time frame is overly broad, unduly burdensome, and not proportional to the needs of the case.  Subject to this objection, the Government intends to produce non-privileged responsive documents on a rolling basis using a time frame of January 20, 2025 to date.

32.    All documents and communications concerning requests made by detained persons for clean clothes in the Hold Rooms.

Response to Document Request No. 32:  The Government objects to this request on the ground that the time frame is overly broad, unduly burdensome, and not proportional to the needs of the case.  Subject to this objection, the Government intends to produce non-privileged responsive documents on a rolling basis using a time frame of January 20, 2025 to date.

33.     All documents and communications concerning beds and sleeping arrangements at the Hold Rooms, including, without limitation, the provision of bed mats, bedding, and blankets at the Hold Rooms.

Response to Document Request No. 33:   The Government objects to this request on the ground that the time frame is overly broad, unduly burdensome, and not proportional to the needs of the case.  Subject to this objection, the Government intends to produce non-privileged responsive documents on a rolling basis using a time frame of January 20, 2025 to date.

34.     All documents and communications concerning the cleaning of bed mats, bedding, and blankets at the Hold Rooms.

Response to Document Request No. 34:   The Government objects to this request on the ground that the time frame is overly broad, unduly burdensome, and not proportional to the needs of the case.  Subject to this objection, the Government intends to produce non-privileged responsive documents on a rolling basis using a time frame of January 20, 2025 to date.

35.     All documents and communications concerning requests by detained persons for bed mats, bedding, and blankets at the Hold Rooms.

Response to Document Request No. 35:   The Government objects to this request on the ground that the time frame is overly broad, unduly burdensome, and not proportional to the needs of the case.  Subject to this objection, the Government intends to produce non-privileged responsive documents on a rolling basis using a time frame of January 20, 2025 to date.

36.     All documents and communications concerning the acquisition and provision of meals, snacks, food, electrolyte packets, and water to detained persons held at the Hold Rooms, including, without limitation, all documents, communications, reports, contracts, and logs concerning the number, contents, and costs of meals and water purchased for or served to detained

24

persons, and any documents and communications concerning meal service and/or purchases from food vendors.

Response to Document Request No. 36:   The Government objects to this request on the ground that the time frame is overly broad, unduly burdensome, and not proportional to the needs of the case.  Subject to this objection, the Government intends to produce non-privileged responsive documents on a rolling basis using a time frame of January 20, 2025 to date.

37.   Documents and communications sufficient to show the type, amount, and caloric content of food served at the Hold Rooms.

Response to Document Request No. 37:   The Government objects to this request on the ground that the time frame is overly broad, unduly burdensome, and not proportional to the needs of the case.  Subject to this objection, the Government intends to produce non-privileged responsive documents on a rolling basis using a time frame of January 20, 2025 to date.

38.   All documents and communications concerning requests by detained persons for food and water at the Hold Rooms.

Response to Document Request No. 38:   The Government objects to this request on the ground that the time frame is overly broad, unduly burdensome, and not proportional to the needs of the case.  Subject to this objection, the Government intends to produce non-privileged responsive documents on a rolling basis using a time frame of January 20, 2025 to date.

39.   All documents and communications concerning accommodations for medical or religious dietary requirements for detained persons at the Hold Rooms.

Response to Document Request No. 39:   The Government objects to this request on the ground that the time frame is overly broad, unduly burdensome, and not proportional to the needs of the

25

case.  Subject to this objection, the Government intends to produce non-privileged responsive documents on a rolling basis using a time frame of January 20, 2025 to date.

40.    Documents sufficient to show medical staffing at the Hold Rooms, including, without limitation, documents sufficient to show the following for each existing health care staff position:  the minimum qualifications required for each position (e.g., M.D., R.N., L.P.N.), the training required of each position, the number of full-time staff, contractors, or employees for each position, a job description for each position, the number of hours required for each position, the number of vacancies and the duration of vacancies for each position, the professional identity of the persons) currently filling each position, the training courses completed by each person currently filling each position, and the staffing plans concerning health care staff at the Hold Rooms.

Response to Document Request No. 40:   The Government objects to this request on the ground that the time frame is overly broad, unduly burdensome, and not proportional to the needs of the case.  The Government further objects that the request, including its numerous subparts, is overly broad, unduly burdensome, and not proportional to the needs of the case, especially with regard to the training courses completed.  At present, the Government is not certain whether it will be withholding any responsive documents on the basis of these objections, but consistent with these objections the Government intends to produce non-privileged responsive documents on a rolling basis using a time frame of January 20, 2025 to date.

41.    Documents sufficient to establish the actual staffing hours worked by each health care staff at the Hold Rooms.

Response to Document Request No. 41:   The Government objects to this request on the ground that the time frame is overly broad, unduly burdensome, and not proportional to the needs of the

26

case.  Subject to this objection, the Government intends to produce non-privileged responsive documents on a rolling basis using a time frame of January 20, 2025 to date.

42.    All documents and communications concerning the sufficiency or any shortages of staffing of health care providers at the Hold Rooms.

Response to Document Request No. 42:  The Government objects to this request on the ground that the time frame is overly broad, unduly burdensome, and not proportional to the needs of the case.  Subject to this objection, the Government intends to produce non-privileged responsive documents on a rolling basis using a time frame of January 20, 2025 to date.

43.    Documents and communications sufficient to identify all detained persons, including names and A-numbers, treated for medical conditions or health concerns at the Hold Rooms.

Response to Document Request No. 43:  The Government objects to this request on the ground that the time frame is overly broad, unduly burdensome, and not proportional to the needs of the case.   The Government further objects to this request because it requests information protected by HIPAA.  The Government does not intend to respond to this request.

44.    Documents sufficient to show the number of detained persons who have received access to prescription medication(s) at the Hold Rooms, the dates when they received the medication(s), and the name(s) of the medication(s).

Response to Document Request No. 44:  The Government objects to this request on the ground that the time frame is overly broad, unduly burdensome, and not proportional to the needs of the case.  Subject to this objection, the Government intends to produce non-privileged responsive documents on a rolling basis using a time frame of January 20, 2025 to date.

45.     Documents and communications sufficient to identify all detained persons who requested prescription medication at the Hold Rooms.

Response to Document Request No. 45:   The Government objects to this request on the ground that the time frame is overly broad, unduly burdensome, and not proportional to the needs of the case.   The Government further objects to this request because it requests information protected by HIPAA.  The Government does not intend to respond to this request.

46.     Documents and communications sufficient to identify all responses to detained persons who requested prescription medication at the Hold Rooms.

Response to Document Request No. 46:   The Government objects to this request on the ground that the time frame is overly broad, unduly burdensome, and not proportional to the needs of the case.   The Government further objects to this request because it requests information protected by HIPAA.  The Government does not intend to respond to this request.

47.     All documents and communications concerning rules, policies, and/or procedures for determining whether to transport detained persons to offsite medical facilities.

Response to Document Request No. 47:   The Government objects to this request on the ground that the time frame is overly broad, unduly burdensome, and not proportional to the needs of the case.  Subject to this objection, the Government intends to produce non-privileged responsive documents on a rolling basis using a time frame of January 20, 2025 to date.

48.     All documents and communications concerning any detained persons who have been transported from the Hold Rooms to any offsite hospital or other medical facility to receive medical care or obtain prescription medication(s), including, without limitation, records related to the use of ambulances, emergency rooms, and any medical records regarding offsite care and discharge instructions.

28

Response to Document Request No. 48:   The Government objects to this request on the ground that the time frame is overly broad, unduly burdensome, and not proportional to the needs of the case.   The Government further objects to this request because it requests information protected by HIPAA.  The Government does not intend to respond to this request.

49.    All documents and communications concerning the Online Detainee Locator System, including, without limitation, when, how, and by whom information on the Online Detainee Locator System is updated.

Response to Document Request No. 49:   The Government objects to this request on the ground that the time frame is overly broad, unduly burdensome, and not proportional to the needs of the case.  The Government further objects that the request is overly broad, unduly burdensome, and not proportional to the needs of the case, especially with regard to its request for all documents concerning the Online Detainee Locator System.   At present, the Government is not certain whether it will be withholding any responsive documents on the basis of these objections, but consistent with these objections the Government intends to produce non-privileged responsive documents on a rolling basis using a time frame of January 20, 2025 to date.

50.    All documents and communications concerning the layout and infrastructure of the areas in 26 Fed and the Hold Rooms where detained persons can make or receive phone calls.

Response to Document Request No. 50:   The Government objects to this request on the ground that the time frame is overly broad, unduly burdensome, and not proportional to the needs of the case. The Government further objects to this request on the ground of the law enforcement privilege.  The Government does not intend to produce documents in response to this request but suggests that the parties meet and confer to discuss these objections.

51.     All documents and communications concerning language assistance services for detained persons at the Hold Rooms, including interpretation and translation services.

Response to Document Request No. 51:   The Government objects to this request on the ground that the time frame is overly broad, unduly burdensome, and not proportional to the needs of the case.  Subject to this objection, the Government intends to produce non-privileged responsive documents on a rolling basis using a time frame of January 20, 2025 to date.

52.     All documents and communications concerning instructions provided to detained persons concerning telephone calls, including any cost or fees charged for phone calls.

Response to Document Request No. 52:   The Government objects to this request on the ground that the time frame is overly broad, unduly burdensome, and not proportional to the needs of the case.  Subject to this objection, the Government intends to produce non-privileged responsive documents on a rolling basis using a time frame of January 20, 2025 to date.

53.     All documents provided to detained persons or posted in the Hold Rooms regarding conditions of confinement, medical care, language access, access to counsel, advisal of rights, or contact information to oversight agencies, consular officials, or legal services.

Response to Document Request No. 53:   The Government objects to this request on the ground that the time frame is overly broad, unduly burdensome, and not proportional to the needs of the case.  Subject to this objection, the Government intends to produce non-privileged responsive documents on a rolling basis using a time frame of January 20, 2025 to date.

54.     All documents and communications concerning the Notice of Rights and its provision to detained persons, including, without limitation, documents and communications showing that the Notice of Rights is provided to detained persons within one hour after their arrival in the Hold Rooms.

Response to Document Request No. 54:  The Government objects to this request on the ground that the time frame is overly broad, unduly burdensome, and not proportional to the needs of the case.  Subject to this objection, the Government intends to produce non-privileged responsive documents on a rolling basis using a time frame of January 20, 2025 to date.

55.    All documents and communications concerning oral and/or written interpretation services provided to detained persons to translate the Notice of Rights.

Response to Document Request No. 55:  The Government objects to this request on the ground that the time frame is overly broad, unduly burdensome, and not proportional to the needs of the case.  Subject to this objection, the Government intends to produce non-privileged responsive documents on a rolling basis using a time frame of January 20, 2025 to date.

56.    All documents and communications concerning the arrangement and scheduling of calls between attorneys and detained persons at the Hold Rooms.

Response to Document Request No. 56:  The Government objects to this request on the ground that the time frame is overly broad, unduly burdensome, and not proportional to the needs of the case.  Subject to this objection, the Government intends to produce non-privileged responsive documents on a rolling basis using a time frame of January 20, 2025 to date.

57.    All records documenting calls to or from persons detained at the Hold Rooms, including, without limitation, call logs.

Response to Document Request No. 57:  The Government objects to this request on the ground that the time frame is overly broad, unduly burdensome, and not proportional to the needs of the case.  Subject to this objection, the Government intends to produce non-privileged responsive documents on a rolling basis using a time frame of January 20, 2025 to date.

31

58.    All documents and communications concerning requests by detained persons to contact their attorneys from the Hold Rooms, and any and all responses to such requests.

Response to Document Request No. 58:   The Government objects to this request on the ground that the time frame is overly broad, unduly burdensome, and not proportional to the needs of the case.  Subject to this objection, the Government intends to produce non-privileged responsive documents on a rolling basis using a time frame of January 20, 2025 to date.

59.    All documents and communications concerning requests by attorneys to contact their clients who are or were detained persons at the Hold Rooms, and any and all responses to such requests.

Response to Document Request No. 59:   The Government objects to this request on the ground that the time frame is overly broad, unduly burdensome, and not proportional to the needs of the case.  Subject to this objection, the Government intends to produce non-privileged responsive documents on a rolling basis using a time frame of January 20, 2025 to date.

60.    Documents and communications concerning the confidentiality of calls between detained persons and attorneys, including, without limitation, documents and communications concerning any monitoring of phone lines.

Response to Document Request No. 60:   The Government objects to this request on the ground that the time frame is overly broad, unduly burdensome, and not proportional to the needs of the case.  Subject to this objection, the Government intends to produce non-privileged responsive documents on a rolling basis using a time frame of January 20, 2025 to date.

61.    All non-privileged communications between Defendants and any other person about Plaintiff.

Response to Document Request No. 61:   The Government objects to this request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it calls for production of documents unrelated to Plaintiff's detention and the issues raised in this case.  Consistent with this objection, the Government intends to produce non-privileged responsive documents relating to Plaintiff's detention on a rolling basis.

62.     All documents (including, without limitation, drafts, draft reports, letters, notes, and e-mails) sent to, reviewed by, or prepared by any expert retained by you in this case concerning the allegations in the Complaint or this litigation.

Response to Document Request No. 62:   The Government objects to this request on the ground that it requests draft expert reports and other materials that are protected from discovery under FRCP 26(b)(4)(B).  The Government further objects to this request to the extent it requests documents protected by the attorney-client privilege, work product, or other privilege from discovery.  The Government further objects to this request as premature; expert discovery has not commenced and the Government will provide expert disclosures consistent with the FRCP.

63.     All communications between you and any other person or entity concerning any matter at issue in this litigation.

Response to Document Request No. 63:   The Government objects to this catch-all request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Subject to this objection, the Government intends to produce non-privileged responsive documents in connection with other document requests made by Plaintiff as indicated herein.  At present, the Government is not certain whether it will be withholding any responsive documents on the basis of this objection, but the Government intends to produce non-privileged responsive documents on a rolling basis.

33

64.    All documents that you intend to introduce into evidence at the trial of this action.

Response to Document Request No. 64:   The Government objects to this request as premature. The Government will provide this information, if necessary, in accordance with the Court's pre-trial disclosure procedures.

65.    All documents obtained using any authorization or release provided by Plaintiff or Plaintiff's counsel in this lawsuit.

Response to Document Request No. 65:   The Government has no objection to this request.

66.    All documents not produced in response to the requests above concerning the allegations in the Complaint or this lawsuit or your defenses.

Response to Document Request No. 66:   The Government objects to this catch-all request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Subject to this objection, the Government intends to produce non-privileged responsive documents in connection with other document requests made by Plaintiff as indicated herein.   At present, the Government is not certain whether it will be withholding any responsive documents on the basis of this objection, but the Government intends to produce non-privileged responsive documents on a rolling basis.

## PLAINTIFFS' FIRST REQUEST FOR INSPECTION

Plaintiff, by undersigned counsel, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, serves this request for entry onto the premises of 26 Federal Plaza, New York, New York 10278 ("26 Fed") for inspection and requests that Defendants permit Plaintiff entry onto the premises of 26 Fed at a date and time mutually agreed upon by the Parties, consistent with this Court's order granting discovery, ECF No. 102.

Specifically, Plaintiff requests to inspect:

1.      The hold rooms and any other room, cell, or space used to detain individuals for any length of time ("Hold Rooms"); and

2.      Any space used by or for detained persons in any other manner, including without limitation those spaces used for: personal hygiene, receiving medical care or medical evaluation (including mental health care), communicating (including areas for making and/or receiving phone calls with attorneys, family members, and/or friends), attending court (in person and remotely), and processing or waiting for transport (including vehicles) to areas in or outside of 26 Fed, including without limitation any hallways or paths of travel within 26 Fed ("Detention- Associated Areas").

Plaintiff requests access to inspect, measure, photograph, and/or videotape the Hold Rooms and Detention-Associated Areas at 26 Fed, for a duration of two days, unless the Parties agree otherwise. Plaintiff's counsel, assisted by Plaintiff's expert, will participate in the inspection.

Plaintiff's counsel and Plaintiff's expert reserve the right to document their observations with photographs, video recordings, written notes, and/or other necessary means. Throughout the inspection Plaintiff's expert will ask questions of both staff and detained persons, and Defendants will make no attempt to stop anyone from speaking freely with Plaintiff's expert.

35

Response to First Request for Inspection:    The Government objects to this request on the ground of the law enforcement privilege.  As a threshold matter, Plaintiff's request for counsel, assisted by Plaintiff's expert, to access 26 Federal Plaza to inspect, measure, photograph, and/or videotape the hold rooms and detention-associated areas for a duration of two days threatens to compromise the safety, security, and operation of the facility.  Likewise, the taking of photographs and videotape footage of detention facilities is generally not permitted for safety and security reasons. Moreover, such an inspection is unduly burdensome and not proportional to the needs of the case. The Government has already disclosed the dimensions of each of the hold rooms and Plaintiff has requested and can obtain additional information through the other discovery tools available to him.

Dated: New York, New York            JAY CLAYTON
      February 2, 2026            United States Attorney for the
                                Southern District of New York

                    By:    /s/ Jeffrey Oestericher
                              JEFFREY OESTERICHER
                              Assistant United States Attorney
                              86 Chambers Street, 3rd Floor
                              New York, New York 10007
                              Telephone: (212) 637-2695
                              Fax: (212) 637-0033
                              jeffrey.oestericher@usdoj.gov