UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SERGIO ALBERTO BARCO MERCADO, on his own behalf and on behalf of others similarly situated,

Plaintiff,

v.

MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security, in his or her official capacity, et al.,

Defendants.

25 Civ. 6568 (LAK)

---

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTIONS *IN LIMINE* AND IN SUPPORT OF DEFENDANTS' CROSS-MOTIONS *IN LIMINE***

JAY CLAYTON
United States Attorney
Southern District of New York
86 Chambers St., 3rd Floor
New York, New York 10007
Telephone: (212) 637-2695/2765
*Attorney for Defendants*

JEFFREY OESTERICHER
RACHEL KROLL
Assistant United States Attorneys
   *Of Counsel*

**TABLE OF CONTENTS**

OPPOSITION TO MOTION TO PRECLUDE WITNESS TESTIMONY AND
CROSS-MOTION TO PRECLUDE WITNESS TESTIMONY ....................................................1

    I.    Preliminary Statement.................................................................................................1

    II.    Factual Background .....................................................................................................1

    III.    Legal Standard ............................................................................................................5

    IV.    Argument ....................................................................................................................6

        A.    Defendants Were Not Required to Supplement Their Initial Disclosures Because
           SDDO Marcellin Was Made Known During the Discovery Process ......................6

        B.    The *Softel* Factors Weigh in Favor Of Permitting SDDO Marcellin's Trial
           Testimony ..............................................................................................................8

    V.    Defendants' Cross-Motion.........................................................................................9

MOTION TO ALLOW REMOTE TESTIMONY ..........................................................................10

**TABLE OF AUTHORITIES**

Page(s)

Cases

*Carroll v. Trump*,
No. 22 Civ. 10016 (LAK), 2023 WL 2652636 (S.D.N.Y. Mar. 27, 2023) ................................ 6

*Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*,
602 F.2d 1062 (2d Cir. 1979)..................................................................................................... 5

*Haas v. Delaware & Hudson Ry. Co.*,
282 F. App'x 84 (2d Cir. 2008) .................................................................................................. 6

*Holdings LLC v. Bard Access Sys. Inc.*,
No. 17 Civ. 5463 (LJL), 2022 WL 1569493 (S.D.N.Y. May 17, 2022).................................... 5

*Howard Univ. v. Borders*,
No. 20 Civ. 4716 (LJL), 2022 WL 3568477 (S.D.N.Y. Aug. 17, 2022) ................................... 6

*Lugo v. City of New York*,
No. 16 Civ. 6340 (ENV) (VMS), 2022 WL 22965384, (E.D.N.Y. May 3, 2022) .................... 6

*Marvel Worldwide, Inc. v. Kirby*,
777 F. Supp. 2d 720 (S.D.N.Y. 2011)........................................................................................ 6

*Outley v. City of New York*,
837 F.2d 587 (2d Cir. 1988)........................................................................................................ 5

*Rivera v. United Parcel Serv.*,
325 F.R.D. 542 (S.D.N.Y. 2018) ................................................................................................ 5

*Rosado v. Soriano*,
No. 16 Civ. 3310 (RA), 2021 WL 4192863 (S.D.N.Y. Aug. 6, 2021) ...................................... 5

*Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc.*,
118 F.3d 955 (2d Cir. 1997)........................................................................................................ 5

*V5 Techs. v. Switch, Ltd.*,
334 F.R.D. 615 (D. Nev. 2020)................................................................................................... 6

Defendants respectfully submit this memorandum of law in opposition to Plaintiffs' first motion *in limine*, ECF No. 161, filed on May 15, 2026, seeking to preclude Merlin Marcellin from testifying at trial. Defendants also move to preclude Plaintiffs from introducing Nuvia Martinez Ventura and Caroline Asnes as witnesses at trial. Separately, Defendants request permission for witness Nancy Zanello to testify at trial by remote virtual means.

## OPPOSITION TO MOTION TO PRECLUDE WITNESS TESTIMONY AND CROSS-MOTION TO PRECLUDE WITNESS TESTIMONY

### I. Preliminary Statement

The Court should deny Plaintiffs' motion to preclude Defendants from calling Supervisory Detention and Deportation Officer ("SDDO") Marcellin, who is currently Acting Assistant Field Office Director ("AFOD"), as a trial witness. Although he was not included on Defendants' October 2025 initial disclosures, his predecessor in the same position, AFOD Nancy Zanello, was listed and SDDO Marcellin has been identified by Defendants as an important witness throughout discovery, satisfying Defendants' disclosure obligation. Further, the remedy for failing to formally disclose SDDO Marcellin should not be preclusion, which is disfavored, but rather to permit Plaintiffs to take his deposition prior to trial. Finally, the Court should preclude Plaintiffs' late-disclosed witnesses, Nuvia Martinez Ventura and Caroline Asnes.

### II. Factual Background

On October 20, 2025, Defendants served their initial disclosures, listing four individuals as likely to have discoverable information: Deputy Field Office Director ("DFOD") William P. Joyce, DFOD Joanna Delgado, and AFOD Nancy Zanello, and AFOD Judith Almodovar. ECF No. 162-1. In November 2025, former AFOD Zanello left her position as AFOD, and Supervisory Detention and Deportation Officer ("SDDO") Merlin Marcellin took over that role as AFOD in an

1

acting capacity.  Plaintiffs deposed former AFOD Zanello on April 17, 2026; at her deposition, she testified that she was no longer serving as AFOD.  *See* Exhibit A (excerpt from Zanello Deposition Transcript).  Plaintiffs deposed multiple individuals over the course of discovery who testified that SDDO Marcellin was Acting AFOD, including DFOD Joyce in his deposition held on February 3, 2026, and again in his deposition held on April 22, 2026, and SDDO Lige Hampton in his deposition on April 13, 2026.  *See* Exhibit B (excerpt from Joyce February Deposition Transcript); Exhibit C (excerpt from Joyce April Deposition Transcript); Exhibit D (excerpt from Joyce April Deposition Transcript).

SDDO Marcellin was listed in Defendants' supplemental responses and objections to Plaintiffs' discovery requests served on December 12, 2025, February 2, 2026, and March 30, 2026, in response to the following interrogatories:

- Identify each person responsible for receiving, responding to, or handling any complaints referenced in Interrogatory Number 5 [which asked for identification of each person who complained about conditions of confinement or attorney access].

- Identify each person responsible for updating and maintaining the Online Detainee Locator System for detained persons at 26 Fed.

- Identify each person responsible for ensuring that every detained person receives a printed Notice of Rights upon arrival in a Hold Room.

- Identify each person responsible for supervising: (a) the provision of clean clothes and/or hygiene products, including, but not limited to, soap, towels, toilet paper, oral hygiene products, and feminine hygiene products, to detained persons at 26 Fed; (b) the provision of bedding, bed mats, and/or blankets to detained persons at 26 Fed; (c) the cleaning of the Hold Rooms at 26 Fed; (d) the provision of meals and water to detained persons in the Hold Rooms; (e) the provision of security services at the Hold Rooms.

- Identify any and all document custodians with knowledge or information about the existence and/or location of documents relevant to the subject matter of this action, including, without limitation, persons with knowledge of the methods for storing electronic mail and other electronic information for Defendants.

ECF Nos. 162-2, 162-3, 162-4. Former AFOD Zanello was not included in the list of individuals provided in response to the above interrogatories because she was no longer stationed in 26 Federal Plaza at the time of Defendants' responses. No individual with the title of "AFOD" was provided in response to the above interrogatories because no one had assumed the permanent AFOD position at the time of Defendants' responses (nor has the position been permanently filled as of the date of this filing). It is a standard convention in U.S. Immigration and Customs Enforcement ("ICE") that when an individual serves in an acting position, he or she continues to be referred to by his or her permanent title.

Plaintiffs requested to depose SDDO Marcellin in connection with their contempt motion. Although SDDO Marcellin was temporarily unavailable because he was out of state on a detail assignment, when he returned in early February 2026, the parties made arrangements for his deposition. Plaintiffs then informed Defendants that they were "going to hold off on deposing Mr. Marcellin for now." ECF No. 162-5. DFOD Joyce and SDDO Marcellin, in his role as Acting AFOD, accompanied Plaintiffs' counsel during their inspection of the 10th Floor Hold Rooms on March 12, 2026.

In the parties' negotiation of an Electronically Stored Information ("ESI") protocol, SSDO Marcellin was one of nine custodians[1] for whom Defendants ran search terms through their email communications. During document discovery, Defendants produced over 2,500 documents that contained the word "Marcellin," and many of those documents were marked and used as exhibits in the eight depositions Plaintiffs took during the weeks of April 20 and 27, 2026. Thirty-seven

---

[1] The other eight custodians were former AFOD Zanello, DFOD Delgado, AFOD Almodovar, DFOD Joyce, SDDO Hampton, SDDO Carol Green, SDDO Nelson Mercado, and SDDO Ronald Romero.

documents on Plaintiffs' exhibit list include SDDO Marcellin's name in the exhibit description. ECF No. 159-1.

On April 21, 2026, Plaintiffs offered to cancel AFOD Almodovar's scheduled deposition on the condition that Defendants agree to not call her as a witness at trial. Because Defendants did not plan to call AFOD Almodovar, Defendants agreed to this condition and the deposition was cancelled. ECF No. 162-6. Also on April 21, 2026, Plaintiffs for the first time in fact discovery brought up any intention to depose DFOD Delgado and stated that they would "agree not to notice Delgado" if Defendants would agree not to call her as a trial witness, and Defendants agreed. *Id.* Plaintiffs did not inquire whether Defendants planned to call SDDO Marcellin as a witness, despite the fact that he was serving as Acting AFOD, *i.e.*, in the same position that former AFOD Zanello held at the time Defendants' initial disclosures were served. *See id.* Plaintiffs never informed Defendants that they were taking the position that they would "need" to depose anyone who would be offered as a defense witness at trial. *See id.* Since May 6, 2026, when Defendants identified SDDO Marcellin as a trial witness, Plaintiffs have not requested that he sit for a deposition or that fact discovery be extended to accommodate one.

On April 15, 2026, fact discovery was extended from April 24, 2026, to May 1, 2026, to accommodate the scheduling of Defendants' deposition of Plaintiff Sergio Alberto Barco Mercado on May 1, 2026. ECF Nos. 147, 154. On April 30, 2026, Plaintiffs served amended initial disclosures, which added as individuals likely to have discoverable information two individuals: Caroline Asnes, a paralegal at the law firm Wang Hecker LLP, and Nuvia Martinez Ventura, an individual who was detained at 26 Federal Plaza. *See* Exhibit 5 (Plaintiffs' Amended Initial

Disclosures).  Plaintiffs disclosed Ms. Asnes as trial witness on May 6, 2026, and provided a copy of her direct testimony declaration to Defendants on May 15, 2026.  *See* ECF No. 159-1.

### III.    Legal Standard

Federal Rule of Civil Procedure 26(a)(1)(A)(i) requires a party to identify in its initial disclosures "each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses."  A party who has made initial disclosures must supplement or correct its disclosure "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  Fed. R. Civ. P. 26(e)(1)(A).  "[I]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).

"In deciding whether to exclude a witness from testifying as a sanction for a violation of Rule 26, the court considers the *Softel* factors: '(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance."  *3DT Holdings LLC v. Bard Access Sys. Inc.*, No. 17 Civ. 5463 (LJL), 2022 WL 1569493, at *3 (S.D.N.Y. May 17, 2022) (quoting *Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997)).

"Preclusion is considered 'a drastic remedy' that is generally disfavored within the District."  *Rosado v. Soriano*, No. 16 Civ. 3310 (RA), 2021 WL 4192863, at *1 (S.D.N.Y. Aug. 6,

2021) (quoting *Rivera v. United Parcel Serv.*, 325 F.R.D. 542, 548 (S.D.N.Y. 2018)).  "Before the extreme sanction of preclusion may be used by the district court, a judge should inquire more fully into the actual difficulties which the violation causes, and must consider less drastic responses." *Outley v. City of New York*, 837 F.2d 587, 591 (2d Cir. 1988).  "Considerations of fair play may dictate that courts eschew the harshest sanctions . . . where failure to comply is due to a mere oversight of counsel amounting to no more than simple negligence."  *Id.* (alteration in original) (quoting *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1068 (2d Cir. 1979)).

## IV.    Argument

### A. Defendants Were Not Required to Supplement Their Initial Disclosures Because SDDO Marcellin Was Made Known During the Discovery Process

"The duty to supplement a Rule 26 disclosure is 'only necessary when the omitted or after-acquired information has not otherwise been made known to the parties during the discovery process.'" *Howard Univ. v. Borders*, No. 20 Civ. 4716 (LJL), 2022 WL 3568477, at *2 (S.D.N.Y. Aug. 17, 2022) (quoting *Marvel Worldwide, Inc. v. Kirby*, 777 F. Supp. 2d 720, 727 (S.D.N.Y. 2011)).  "FRCP 26(e)(1)(A)'s 'otherwise' exception imposes 'no obligation to provide supplemental or corrective information that has been otherwise made known to the parties in writing or during the discovery process, as when a witness not previously disclosed is identified during the taking of a deposition.'" *Lugo v. City of New York*, No. 16 Civ. 6340 (ENV) (VMS), 2022 WL 22965384, at *3 (E.D.N.Y. May 3, 2022) (quoting Fed. R. Civ. P. 26(e) Advisory Committee Notes to 1993 Amendments).

"FRCP 26(e)(1) is thus not construed 'in a manner that puts form over substance.'"  *Id.* (quoting *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 615, 617 (D. Nev. 2020)).   Rather, "[t]he

fundamental purpose of Rule 37(c)(1)—which permits courts to preclude testimony if a party fails to satisfy its disclosure obligations under Rule 26—is 'to prevent the practice of "sandbagging" an opposing party with new evidence.'"  *Carroll v. Trump*, No. 22 Civ. 10016 (LAK), 2023 WL 2652636, at *8 (S.D.N.Y. Mar. 27, 2023), *aff'd*, 124 F.4th 140 (2d Cir. 2024) (quoting *Haas v. Delaware & Hudson Ry. Co.*, 282 F. App'x 84, 86 (2d Cir. 2008)).

Here, Defendants were not required to amend their initial disclosures to add SDDO Marcellin as a witness because Plaintiffs were aware of his role through the discovery process. *First*, Defendants identified former AFOD Zanello on their initial disclosures, and Plaintiff were well aware that SDDO Marcellin has been acting in former AFOD Zanello's prior role since November 2025.  *Second*, Defendants identified SDDO Marcellin as someone with responsibilities related to the 10th Floor Hold Room and as a person with knowledge or information about this action in discovery responses served less than two months after Defendants' initial disclosures were served.  *Third*, Plaintiffs were aware that SDDO Marcellin was an individual they could consider deposing, as the parties were in the process of scheduling SDDO Marcellin's deposition in February 2026, and Plaintiffs made the determination "to hold off on deposing Mr. Marcellin for now."  *Fourth*, SDDO Marcellin was one of nine custodians whose email was searched as part of the parties' negotiated ESI protocol and Plaintiffs were in possession of thousands of documents containing his name, and even chose to use many of those documents as exhibits in depositions, and at trial.

Plaintiffs' request that the Court find that Defendants failed to adequately disclose SDDO Marcellin and to impose the harshest sentence for that oversight is contrary to the letter and the spirit of Rules 26 and 37 and inappropriately puts form over substance.  Plaintiffs have not been

"sandbagged" by Defendants' inclusion of SDDO Marcellin on their trial witness list when he was repeatedly identified in the course of discovery, and he should not be precluded from testifying.

### B. The *Softel* Factors Weigh in Favor of Permitting SDDO Marcellin's Trial Testimony

With respect to the first *Softel* factor, "the party's explanation for the failure to comply with the [disclosure requirement]," Defendants inadvertently failed to update their initial disclosures to replace former AFOD Zanello with SDDO Marcellin when he assumed her position as Acting AFOD. However, Defendants identified SDDO Marcellin, and did not identify former AFOD Zanello, in all of their subsequent written discovery responses. ECF Nos. 162-2, 162-3, 162-4. Defendants' failure to update their Rule 26(a) disclosures to add SDDO Marcellin as an individual "with knowledge or information about the existence and/or location of documents relevant to the subject matter of this action" was simply an oversight.

With respect to the second *Softel* factor, "the importance of the testimony of the precluded witness," SDDO Marcellin is the Acting AFOD with day-to-day responsibility for the operation of the 10th Floor Hold Rooms. As such, he has relevant information that would be useful to the Court in adjudicating this case.

With respect to the third *Softel* factor, "the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony," Plaintiffs have suffered no prejudice where, as described above, they were made fully aware of SDDO Marcellin's role in this case and even considered taking his deposition and decided against doing so. But, should the Court find Plaintiffs have suffered prejudice, pursuant to the fourth *Softel* factor—"the possibility of a continuance"— the Court could order a short continuance of the trial to permit Plaintiffs to depose SDDO Marcellin before trial. This case has not yet been pending for one year, *see* ECF No. 9, there is a preliminary

8

injunction in place, *see* ECF No. 97, and in February 2026, Plaintiffs proposed an extension of the fact discovery to the end of September 2026 and a trial date of November 2026, *see* ECF No. 162-5, at 5, ECF No. 138.  If this Court finds that Plaintiffs should have had the opportunity to depose SDDO Marcellin prior to trial, the remedy should be to permit Plaintiffs that opportunity with a short continuance of the trial, rather than the extreme remedy of precluding Defendants from presenting a witness with relevant information.

## V.   Defendants' Cross-Motion

Defendants move to preclude the testimony of Ms. Asnes, a paralegal at the law firm Wang Hecker LLP, and Ms. Martinez Ventura, an individual who was detained at 26 Federal Plaza. These individuals were first identified as potential witnesses on April 30, 2026, in Plaintiffs' amended initial disclosures.  Fact discovery was set to close on April 24, 2026, and was extended to May 1, 2026, for the sole purpose of accommodating the deposition of Plaintiff Barco Mercado. ECF Nos. 147, 154.  Defendants were not put on notice of Plaintiffs' intention to rely on either witness until it was too late to schedule a deposition of either witness.  And because Ms. Asnes' work product was only shared with Defendants on May 15, 2026, Defendants did not have the necessary information by which to probe the methodology and substance of Ms. Asnes' findings until the eve of trial.  This is the type of late notice (or sandbagging) that merits preclusion. Alternatively, the Court could continue the trial to permit Defendants to notice Ms. Asnes' deposition.

## <u>MOTION TO ALLOW REMOTE TESTIMONY</u>

Defendants request that this Court permit defense witness Nancy Zanello to testify at trial by remote virtual means.  Former AFOD Zanello is currently on Family and Medical Leave Act leave to care for her husband who is recovering from surgery, and she is located in Florida.  Due to her caregiving responsibilities, she is unable to travel to New York to testify, but she is able to testify by remote means.  Defendants consented to Plaintiffs' request for five of their witnesses to testify remotely; Plaintiffs oppose Defendants' request for former AFOD Zanello to testify remotely.

Dated: New York, New York
       May 20, 2026

                                 Respectfully submitted,

                                 JAY CLAYTON
                                 United States Attorney
                                 Southern District of New York
                                 *Attorney for Respondents*

By:     /s/ *Jeffrey Oestericher*
               JEFFREY OESTERICHER
               RACHEL KROLL
               Assistant United States Attorneys
               86 Chambers Street, Third Floor
               New York, New York 10007
               Telephone: (212) 637-2695/2765
               E-mail: jeffrey.oestericher@usdoj.gov
                            rachel.kroll@usdoj.gov

10