

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street*
*New York, New York 10007*

May 25, 2026

By ECF
The Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street, Room 2240
New York, New York 10007

      Re:    *Barco Mercado v. Mullin et al.*, 25 Civ. 6568 (LAK)

Dear Judge Kaplan:

      This Office represents the Defendants (the "Government") in the above-referenced matter. The Government writes respectfully to renew its motion *in limine* with respect to one trial witness, Caroline Asnes (ECF No. 163 at 12), or, in the alternative, to (a) allow the Government to depose Ms. Asnes and present a rebuttal witness by declaration at trial, or (b) require Ms. Asnes to testify at trial and allow the Government to present a rebuttal witness at trial.

      As the Court is aware, on May 20, 2026, the Government filed an opposition to Plaintiffs' motion *in limine* and a cross-motion *in limine* to, among other things, exclude the testimony of declarant Ms. Asnes, a paralegal at the law firm Wang Hecker LLP, or in the alternative to continue the trial to permit the Government to notice Ms. Asnes' deposition.  ECF No. 163, at 12.  The Government explained that Ms. Asnes was not identified as a person with knowledge, let alone a potential witness, until April 30, 2026, the day before discovery was set to close.  Moreover, as Plaintiffs' counsel is aware, fact discovery was set to close on April 24, 2026, and was extended to May 1, 2026, for the sole purpose of accommodating the deposition of Plaintiff Barco Mercado, which was scheduled for May 1, 2026.  ECF Nos. 147, 154.  Furthermore, Plaintiffs' mere identification of Ms. Asnes in their initial disclosures on April 30, 2026, did not provide Defendants with any information regarding the substance of her analysis or testimony. Accordingly, as discovery was closing the very next day, Defendants did not have the opportunity or sufficient information with which to take Ms. Asnes deposition.  Indeed, Ms. Asnes' work product was not shared with Defendants until May 15, 2026, two weeks after discovery had closed.

      Following the disclosure of the substance of Ms. Asnes' analysis and proposed testimony, the parties conferred by phone, and the Government noted that it would need the opportunity to challenge the substance of Ms. Asnes's trial declaration.  In particular, the Government believes that an aspect of Ms. Asnes's analysis is flawed and systematically overcounts the number of detainees due to a pervasive error.  This is important because Ms. Asnes asserts (falsely in the Government's view) that Defendants exceeded the Preliminary Injunction's maximum capacity limit for the 10th floor hold rooms on many days since August 29, 2026.  Plaintiffs proposed that the parties enter into a stipulation which would encompass what the Government wished to elicit in cross-examination or rebuttal.  On this understanding, the Government informed the Court at

the pre-trial conference on May 20, 2026, that the Government expected that its motion *in limine* would become moot.

On May 24, 2026, the Government proposed a stipulation that incorporates the points the Government would intend to make on cross-examination of Ms. Asnes as well as a rebuttal trial declaration (from a Government paralegal who performed a related data analysis on the same issue) with a few summary exhibits. On May 25, 2026, Plaintiffs' counsel informed the Government that they were unwilling to enter into the stipulation, stating that they believe the stipulation goes beyond the scope of any potential cross of Ms. Asnes and that it's far too late to disclose a new witness or submit a new declaration. The parties are at an impasse.

Given Plaintiffs' failure to timely disclose Ms. Asnes as a potential witness and the substance of her analysis, the Government respectfully requests that the Court grant its motion in limine to exclude Ms. Asnes as a trial witness or, in the alternative, (a) allow the Government to depose Ms. Asnes and present a rebuttal witness by declaration at trial, or (b) require Ms. Asnes to testify at trial and allow the Government to present a rebuttal witness at trial. Absent such relief, the Government will be unfairly prejudiced.

Thank you for your attention to this matter.

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By:    /s/  *Rachel Kroll*
RACHEL KROLL
JEFFREY OESTERICHER
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2695/2765
E-mail: jeffrey.oestericher@usdoj.gov

2