# WANG HECKER LLP

111 BROADWAY, SUITE 1406
NEW YORK, NY 10006

**HEATHER GREGORIO**
212.620.2608 TEL
212.620.2609 FAX

HGREGORIO@WANGHECKER.COM

June 4, 2026

***By ECF***

Hon. Lewis A. Kaplan
United States District Judge
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

> *Re:* Plaintiffs' Opposition to Defendants' Motion to Seal Six Photos
> *Barco Mercado v. Mullin et al.*, 25 Civ. 6568 (LAK) (KHP)

Your Honor:

This firm, along with the American Civil Liberties Union Foundation, New York Civil Liberties Union Foundation, and Make the Road New York, represents Plaintiff Sergio Alberto Barco Mercado and the provisionally certified class ("Plaintiffs") in the above-entitled action. Plaintiffs write to respond to Defendants' letter motion to seal six photographs in PX343, an exhibit to Plaintiffs' Motion for Non-Provisional Class Certification, ECF Nos. 167–68 ("Class Certification Motion"). Defendants have not met their burden of demonstrating good cause to seal the photos, nor have they raised any plausible security concerns that would result from filing these photos, let alone any concerns that would outweigh the presumption of public access to judicial documents. Accordingly, the Court should deny the motion and issue an order permitting Plaintiffs to file all photos in the exhibit on the public docket.

As background, Plaintiffs included PX343 as an exhibit to their Class Certification Motion to show the substantial coercion that Defendants place on detained individuals to elect to self-deport from the moment they arrive at 26 Federal Plaza ("26 Fed"), and thus the critical need for individuals held for less than 12 hours to have access to confidential communications with attorneys (and the corresponding constitutional harm that arises from denial of such access). *See* Memorandum of Law in Support of Plaintiff's Motion for Non-Provisional Class Certification, ECF No. 168, at 11–13. PX343 consists of photographs of the dozens of posters taped to holding cell doors and windows and the walls of the processing areas on the 5th, 9th, and 10th floors of 26 Fed. The posters urge detained individuals to self-deport, or choose "voluntary departure," offering a financial incentive and pressuring detained individuals to "speak with an ICE officer at your location." PX343. While Defendants argue that the "weight of the presumption of access" to the photos "is relatively low here because all of the 28 photographs depict the same flyer in different locations," ECF No. 169, at 2, Defendants ignore that the "different locations" of the posters – and the sheer number and ubiquity of

them – is critical to showing the intensity of the pressure placed on detained individuals, including those processed on different floors.  It is also highly relevant that these posters are in the processing areas and could thus lead individuals – including those who have just been brought in restraints to the 10th floor and are otherwise held only a few hours – to waive rights and agree to self-deport during initial processing unless the Court holds that they too have the right to speak confidentially to attorneys.

Plaintiffs' counsel sought defense counsel's consent to file the photos the day before filing their Class Certification Motion in an attempt to minimize the need to file documents under seal.[1]  In response, Defendants have moved to seal six of the photographs.  ECF No. 169.  "[T]here is a strong presumption of public access to 'judicial documents,' which are those documents filed with the court that are 'relevant to the performance of the judicial function and useful in the judicial process.'" *Rotger v. Montefiore Med. Ctr.*, No. 15 Civ. 7783 (GHW), 2018 WL 11214575, at *1 (S.D.N.Y. Mar. 30, 2018) (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)).  "The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action, and sealing should not be done without a compelling reason."  *Id.* (internal quotation marks omitted) (quoting *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997) and *City of Hartford v. Chase*, 942 F.2d 130, 135 (2d Cir. 1991)).  Defendants concede that the photos are judicial documents and that there is a presumption of public access to such documents, ECF No. 169, at 1–2, but they argue that vague "security and privacy considerations" should outweigh the strong presumption of public access because "[t]he 6 photographs depict the interior of secure areas, locations of security cameras, and/or contain the likeness of detainees and employees."  *Id.* at 2. Defendants do not explain why photographs of the interior of a cell (P000343), the 10th floor processing area (P000460, P000559, P001090), or a partial view of a room of computers on the 9th floor (P001301) raise any security concerns, when these areas are visible to the thousands of detained individuals whom Defendants have held and continue to hold at 26 Fed.  Nor are any detained individuals or ICE employees at all identifiable in these photos (we note that the silhouette in P001379 is in fact of Plaintiffs' counsel).  To the extent the Court deems it necessary, Plaintiffs would agree to further blur out any portions of faces that are arguably visible in the photos.

Defendants have not met their burden to show a "compelling reason" why the "strong presumption of public access to 'judicial documents'" should be overcome, so their motion should be denied.

Respectfully submitted,

Heather Gregorio

---

[1] Defense counsel implies that Plaintiffs did not comply with the Protective Order because they did not provide five business days' advance written notice of their intent to file material marked confidential. ECF No. 124, at ¶ 10.  But the required notice plainly is intended to give adequate time for a party to file a motion to seal before the other party proceeds to *file* the protected material.  *Id.*  Here, Plaintiffs' counsel provided notice as soon as practicable, and merely asked Defendants if they consented to Plaintiffs filing the photos on the docket or if they intended to file a motion to seal the materials, holding off on filing the photos in the meantime.