Case 1:25-cv-06568-LAK    Document 169    Filed 06/03/26    Page 1 of 2

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

86 Chambers Street
New York, New York 10007

June 3, 2026

By ECF
The Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street, Room 2240
New York, New York 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/5/2026
```

Re:    *Barco Mercado v. Mullin et al.*, 25 Civ. 6568 (LAK)

Dear Judge Kaplan:

This Office represents the Defendants (the "Government") in the above-referenced matter. The Government writes pursuant to the Court's Individual Rules and the Privacy Act Order and Protective Order, *see* ECF No. 124 ("Protective Order"), respectfully to request that the Court issue an Order requiring Plaintiffs to file under seal select photographs which they intend to attach as exhibits to their motion for class certification.

The Protective Order entered in this matter provides that "[i]f any Party seeks to publicly file with the Court any Protected Information . . . that Party shall provide the producing Party . . . no less than five business days' advance written notice of its intent to file such material. The producing Party may then make an application to the Court requesting that the material be filed and kept under seal." ECF No. 124, at ¶ 10.  On March 6, 2026, this Court ordered that "[u]nless otherwise ordered, all photographs taken [during Plaintiffs' inspection of 26 Federal Plaza] shall be marked as confidential and attorneys' and experts' eyes only pursuant to the existing protective order." ECF No. 145.

On June 2, 2026 at 6:58 PM, Plaintiffs emailed the Government stating that Plaintiffs planned to file an exhibit in connection with its motion for class certification consisting of 28 photos of a particular flyer taken during Plaintiffs' inspection of 26 Federal Plaza.[1]  The Government hereby requests that 6 of these photographs be filed under seal because they show the interior layout of the facility, the location of security cameras, and/or include images of detainee(s) and employee(s).

While judicial documents are accorded a presumption of public access, *see Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006), courts may issue protective orders permitting the redaction of information for "good cause," Fed. R. Civ. P. 5.2(e)(1).  To determine whether a document should be permitted to be filed under seal, the court engages in a

---

[1] The Government notes that Plaintiffs did not provide five business days' advance written notice of its intent to file such material. *See* ECF No. 124, at ¶ 10.

three part test: (1) it determines whether the filing should be "classified as a judicial document"; (2) if the record at issue is a judicial document, the court "must next determine the particular weight of the presumption of access for the record at issue"; and (3) "once the weight of the presumption has been assessed, the court is required to balance competing considerations against it." *Olson v. Major League Baseball*, 29 F.4th 59, 87–88 (2d Cir. 2022) (cleaned up).

While the Government does not contest that the proposed exhibits are judicial documents, as they are submitted "as supporting material in connection with a motion" that the Court must decide, *Lugosch*, 435 F.3d at 123, the other two factors weigh in favor of requiring the 6 photographs to be filed under seal. First, the weight of the presumption of access to the proposed sealed information is relatively low here because all of the 28 photographs depict the same flyer in different locations, only 6 of which would be filed under seal. Second, the countervailing interests against the presumption of disclosure are the security concerns which the Government brought to the Court's attention in its letter opposing Plaintiffs' request to photograph secure areas of 26 Federal Plaza, and which this Court took into consideration in ordering the photographs to be marked attorneys' and experts' eyes only. *See* ECF Nos. 144, 145. The 6 photographs depict the interior of secure areas, location of security cameras, and/or contain the likeness of detainees and employees. The security and privacy considerations in favor of sealing 6 of the 28 photographs outweigh the marginal benefit of those photographs being made publicly available in connection with Plaintiffs' class certification motion.

We thank the Court for its consideration of this request.

Respectfully submitted,

**DENIED.**

JAY CLAYTON
United States Attorney for the
Southern District of New York

**SO ORDERED.**

By:     /s/  *Rachel Kroll*
RACHEL KROLL
JEFFREY OESTERICHER
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2695/2765
E-mail: jeffrey.oestericher@usdoj.gov

LEWIS A. KAPLAN, USDJ

6/5/2026

2