UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SERGIO ALBERTO BARCO MERCADO, on his own behalf and on behalf of others similarly situated,<br><br>    Plaintiff,<br><br>        v.<br><br>MARKWAYNE MULLLIN, Secretary, U.S. Department of Homeland Security, in his official capacity, *et al.*,<br><br>    Defendants. | No. 25 Civ. 6568 (LAK) |

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR NON-PROVISIONAL CLASS CERTIFICATION

JAY CLAYTON
United States Attorney for the
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone:  (212) 637-2695/2765

JEFFREY OESTERICHER
RACHEL KROLL
Assistant United States Attorneys
    - Of Counsel -

**TABLE OF CONENTS**

PRELIMINARY STATEMENT ...................................................................................................1

BACKGROUND ........................................................................................................................1

LEGAL STANDARD..................................................................................................................2

ARGUMENT ..............................................................................................................................3

        I.       This Court Should Non-Provisionally Certify the Class under its Current
                Definition: "all immigration detainees who are now or in the future will be
                detained for 12 or more hours by ICE in the 26 Federal Plaza Hold Rooms".........3

                A. Temporal Limitation ("12 or More Hours") ......................................................4

                B. Spatial Limitation ("Hold Rooms") ................................................................8

                        1. Constructive Amendment .......................................................................8

                        2. Commonality....................................................................................10

                              i. The Fifth Floor Processing Room ...........................................10

                            ii. The Ninth Floor Interview Rooms...........................................12

                             iii. The Ninth Floor Hold Rooms ..................................................13

                        3. Typicality and Adequacy ...................................................................14

        II.     In the Alternative, this Court Should Non-Provisionally Certify the Class under
                its Current Definition without a Temporal Limitation: "all immigration detainees
                who are now or in the future will be detained by ICE in the 26 Federal Plaza
                Hold Rooms" ...............................................................................................15

CONCLUSION...........................................................................................................................16

**TABLE OF AUTHORITIES**

Page(s)

Cases

*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591, 117 S. Ct. 2231 (1997) ............................................................................. 3

*Anderson v. Laboratory Corp. of Am. Holdings*,
  No. 17 Civ. 193, 2023 WL 1970953 (M.D.N.C. Feb. 13, 2023)...................................... 9

*Attenborough v. Const. & Gen. Bldg. Laborers' Loc. 79*,
  238 F.R.D. 82 (S.D.N.Y. 2006)....................................................................................... 3

*Biwot v. Gonzales*,
  403 F.3d 1094 (9th Cir. 2005) ......................................................................................... 8

*Califano v. Yamasaki*,
  442 U.S. 682, 99 S. Ct. 2545 (1979) ............................................................................... 3

*Charles v. Orange County*,
  925 F.3d 73 (2d Cir. 2019) .............................................................................................. 5

*Comcast Corp. v. Behrend*,
  569 U.S. 27, 133 S. Ct. 1426 (2013) ............................................................................... 2

*Debeatham v. Holder*,
  602 F.3d 481 (2d Cir. 2010) ............................................................................................ 8

*Faulconer v. Centra Health, Inc.*,
  808 F. App'x 148 (4th Cir. 2020)..................................................................................... 9

*General Telephone Co. of Southwest. v. Falcon*,
  457 U.S. 147, 102 S. Ct. 2364 (1982) ............................................................................. 4

*Gonzalez v. Noem*,
  No. 25 Civ. 13323, 2025 WL 3204602 (N.D. Ill. Nov. 17, 2025) ............................... 15

*Halliburton Co. v. Erica P. John Fund, Inc.*,
  573 U.S. 258, 134 S. Ct. 2398 (2014) ............................................................................. 3

*Heerwagen v. Clear Channel Commc'ns*,
  435 F.3d 219 (2d Cir. 2006)............................................................................................. 3

*Hutto v. Finney*,
  437 U.S. 678, 98 S. Ct. 2565 (1978) ............................................................................... 6

*Iavorski v. INS*,
    232 F.3d 124 (2d Cir. 2000) ...................................................................... 8

*Ivey v. City of New York*,
    No. 12 Civ. 3580 (PAE) (JCF), 2013 WL 6838954 (S.D.N.Y. Dec. 12, 2013) ........................ 7

*Jian Yun Zheng v. U.S. Dep't of Justice*,
    409 F.3d 43 (2d Cir. 2005) ....................................................................... 8

*Lareau v. Manson*,
    651 F.2d 96 (2d Cir. 1981) ....................................................................... 6

*Mazzei v. Money Store*,
    829 F.3d 260 (2d Cir. 2016) .................................................................... 14

*Pablo Sequen v. Albarran*,
    810 F. Supp. 3d 1084 (N.D. Cal. 2025) ......................................................... 15

*Pella Corp. v. Saltzman*,
    606 F.3d 391 (7th Cir. 2010) ..................................................................... 4

*Pena v. DePrisco*,
    432 F.3d 98 (2d Cir. 2005) ....................................................................... 5

*Santana v. City of New York*,
    No. 15 Civ. 6715 (ER), 2018 WL 1633563 (S.D.N.Y. Mar. 29, 2018) .................................. 7

*Sheehan v. Purolator, Inc.*,
    103 F.R.D. 641 (E.D.N.Y. 1984) .................................................................. 4

*Stokes v. Camden Cnty.*,
    No. 16 Civ. 6365 (JBS) (AMD), 2017 WL 930826 (D.N.J. Mar. 9, 2017) .............................. 6

*Tex. Motor Freight System, Inc. v. Rodriguez*,
    431 U.S. 395, 97 S. Ct. 1891 (1977) ............................................................ 14

*Turkmen v. Ashcroft*,
    No. 02 Civ. 2307 (JG), 2006 WL 1662663 (E.D.N.Y. June 14, 2006) ................................. 8

*U.S. Dep't of Homeland Sec.*,
    No. 26 Civ. 749 (NEB) (DLM), 2026 WL 850270 (D. Minn. Mar. 26, 2026) ........................... 15

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338, 131 S. Ct. 2541 (2011) ......................................................... 4, 5

iv

*Wilson v. Seiter*,
   501 U.S. 294, 111 S. Ct. 2321 (1991) ...................................................................................... 5

*Wingate v. Robert N. Davoren Ctr.*,
   No. 12 Civ. 5521 ALC, 2013 WL 4856573 (S.D.N.Y. Sept. 10, 2013)...................................... 7

Defendants (the "Government"), by their attorney, Jay Clayton, United States Attorney for the Southern District of New York, respectfully submit this memorandum of law in opposition to Plaintiff's motion for non-provisional class certification, ECF No. 167. For the reasons explained herein, this Court should decline to expand the class definition beyond the provisional class definition.

## PRELIMINARY STATEMENT

Plaintiff filed this action to challenge the conditions of confinement and limitations on attorney access at the U.S. Immigration and Customs Enforcement ("ICE") processing facility at 26 Federal Plaza ("26 Fed"). *See* ECF No. 51 ("Compl."). In response to Plaintiff's prior class certification motion (ECF No. 34), this Court provisionally certified a limited class consisting of detainees who have been or will be detained by ICE for 12 hours or more in the 26 Federal Plaza Hold Rooms. ECF No. 96, at 46. Now, without amending the Complaint or presenting evidence of constitutional violations against detainees held in any space in 26 Federal Plaza other than the hold rooms on the tenth room, Plaintiff moves to certify a broad class of *all* immigration detainees who are or will be detained at 26 Federal Plaza, regardless of how long they are detained and in what space. ECF No. 167, at 1. This Court should decline to expand the class, which would violate Rule 23's commonality, typicality, and adequacy requirements, and instead certify the class that was provisionally designated.

## BACKGROUND

Plaintiff filed this action on August 8, 2025, alleging that the conditions of confinement at 26 Fed violate his and the provisional class's Fifth Amendment rights and that the limitations on access to legal counsel violate their First and Fifth Amendment rights. ECF No. 1; Compl. ¶¶ 68–81. Plaintiff alleged that "putative Class members are currently or soon will be detained in civil detention in holding cells at 26 Fed." Compl. ¶ 6. On August 8, 2025, Plaintiff filed a motion for

class certification.  ECF No. 34.  Plaintiff's proposed class was defined as follows:  "all immigration detainees who are detained and those who will be detained in the future by U.S. Immigration and Customs Enforcement at 26 Federal Plaza, New York, NY."  *Id*. at 1.  In its September 17, 2025 order, this Court *sua sponte* modified Plaintiff's proposed class definition to: "all immigration detainees who now or will be detained for 12 or more hours by U.S. Immigration and Customs Enforcement at 26 Federal Plaza, New York, NY."  ECF No. 96, at 46.  In doing so, this Court found that Plaintiff "d[id] not allege plausibly that detainees held for less than 12 hours suffer any injury—much less one that is common with the rest of the class—as a result of defendants' alleged constitutional violations."  ECF No. 96, at 44.

The Complaint exclusively alleges constitutional violations in the hold rooms on the tenth floor of 26 Federal Plaza (the "Tenth Floor Hold Rooms").  ECF No. 1.  Likewise, Plaintiff did not introduce any trial testimony from individuals who were detained at 26 Federal Plaza on any floor or in any space other than the Tenth Floor Hold Rooms.  *See* PX330–337.  During discovery, Plaintiff's counsel, expert, and photographer inspected and photographed areas on the fifth, ninth, and tenth floors of 26 Federal Plaza.  *See* ECF No. 171.  Plaintiff received lists of individuals who were held at 26 Federal Plaza, including on the fifth, ninth, and tenth Floors.  *See* PX338.  After trial, Plaintiff moved to certify a class without temporal or spatial limitation: "All immigration detainees who are detained and those who will be detained in the future by [ICE] at 26 Federal Plaza, New York NY."  ECF No. 168 ("Mot."), at 1.

## LEGAL STANDARD

"The class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'"  *Comcast Corp. v. Behrend*, 569 U.S. 27, 33, 133 S. Ct. 1426, 1432 (2013) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700–01, 99 S. Ct. 2545, 2557

2

(1979)).  The party seeking class certification bears the burden of demonstrating that they have

satisfied all four Rule 23(a) prerequisites and that their proposed class lawsuit falls within one of

the three types of actions permitted under Rule 23(b).  *See Amchem Prods., Inc. v. Windsor*, 521

U.S. 591, 613–14, 117 S. Ct. 2231, 2245 (1997).

> Rule 23(a) requires a party seeking to certify a class first to demonstrate that:
>
> (1) The class is so numerous that joinder is impractical [("numerosity")];
> (2) There are questions of law or fact common to the class [("commonality")];
> (3) The claims or defenses of the named plaintiffs are typical of claims or defenses of the class [("typicality")]; and
> (4) The named plaintiffs will fairly and adequately protect the interest of the class [("adequacy of representation")].

Fed. R. Civ. P. 23(a).

While courts assume the truth of the allegations in the complaint when considering whether

to certify a proposed class, "district courts are required to look past the pleadings for the limited

purpose of deciding if the Rule 23 requirements have been met."  *Attenborough v. Const. & Gen.*

*Bldg. Laborers' Loc. 79*, 238 F.R.D. 82, 93 (S.D.N.Y. 2006) (citing *Heerwagen v. Clear Channel*

*Commc'ns*, 435 F.3d 219, 231 (2d Cir. 2006)).  As such, a defendant is permitted to submit

evidence in opposition to a class certification motion.  *See Halliburton Co. v. Erica P. John Fund,*

*Inc.*, 573 U.S. 258, 284, 134 S. Ct. 2398, 2417 (2014).

## ARGUMENT

I.  **This Court Should Non-Provisionally Certify the Class under its Current Definition: "all immigration detainees who are now or in the future will be detained for 12 or more hours by ICE in the 26 Federal Plaza Hold Rooms"**

Plaintiff's proposed class of "All immigration detainees who are detained and those who

will be detained in the future by [ICE] at 26 Federal Plaza, New York NY," Mot. at 1, is overbroad

because it includes all present and future detainees regardless of how long they are held at 26

Federal Plaza, under what conditions, and in what type of space in the building.  It strips away

3

from this Court's provisional definition those limitations which allowed the class definition to meet the commonality, typicality, and adequacy requirements of Rule 23(a): "all immigration detainees who are now or in the future will be detained **for 12 or more hours** by ICE in the 26 Fed **Hold Rooms**."  ECF No. 96, at 53 (emphasis added).  For the reasons set forth below, this Court should certify the class under its current definition.

### A.  Temporal Limitation ("12 or More Hours")

As this Court previously held, because Plaintiff "does not allege plausibly that detainees held for less than 12 hours suffer any injury—much less one that is common with the rest of the class—as a result of defendants' alleged constitutional violations," ECF No. 96, at 44, the class could only be provisionally certified with respect to individuals detained in the hold rooms for more than 12 hours.  Because detainees who spend a short time at 26 Federal Plaza do not suffer the same alleged deprivations as those who may be there for longer, Plaintiff's proposed class without a temporal limitation does not meet the commonality requirement of Rule 23(a)(2).  *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349–50, 131 S. Ct. 2541, 2550–51 (2011) ("Commonality requires the plaintiff to demonstrate that the class members "have suffered the same injury[.]" (quoting *General Telephone Co. of Southwest. v. Falcon*, 457 U.S. 147, 157, 102 S. Ct. 2364, 2370 (1982))); *cf. Sheehan v. Purolator, Inc.*, 103 F.R.D. 641, 656 (E.D.N.Y. 1984), *aff'd*, 839 F.2d 99 (2d Cir. 1988) (noting that overbroad class presents commonality concern); *Pella Corp. v. Saltzman*, 606 F.3d 391, 394 (7th Cir. 2010) ("The narrow way in which the district court defined the classes here eliminates concern that the definitions are overbroad or include a great many people who have suffered no injury.").

Immigration detainees who are only briefly held at 26 Federal Plaza do not "suffer[] the same injury," as those who may spend longer periods there.  *Wal-Mart*, 564 U.S. at 350, 131 S.

4

Ct. at 2551.  As alleged in the Complaint, Plaintiff brought this action to challenge changes in ICE policy that have led ICE to keep detainees for days or weeks "inside a transitional holding station . . . designed to hold people only temporarily for a matter of hours" that lacks the infrastructure and amenities needed for longer-term stays.  Compl. ¶¶ 2–3, 29–32, 39.  Plaintiff does not allege that ICE's previous practice of holding detainees for up to 12 hours, *i.e.*, for the "short term" as per ICE Directive 11087.2, is unconstitutional.  *See id.* ¶¶ 18–34.  This customary use of the Tenth Floor Hold Rooms (or any other space at 26 Federal Plaza) is not "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience," as required to show a constitutional violation.  *Charles v. Orange County*, 925 F.3d 73, 85 (2d Cir. 2019) (quoting *Pena v. DePrisco*, 432 F.3d 98, 112 (2d Cir. 2005)); *see Wilson v. Seiter*, 501 U.S. 294, 298, 111 S. Ct. 2321, 2324 (1991) (explaining that "only those deprivations denying the 'minimal civilized measure of life's necessities' . . . are sufficiently grave to form the basis" for a constitutional violation (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S. Ct. 2392, 2399 (1981))).

As this Court recognized, "[i]t is only once a detainee is held for a substantial amount of time that the alleged constitutional violations arise."  ECF No. 96, at 44–45.  Plaintiff argues that the class should not be temporally limited because issues regarding access to "adequate bedding, meals, [and] hygiene products" are common on a classwide basis, Mot. at 6, and those held less than 12 hours suffered from overcrowding, uncomfortable temperatures, and unsanitary conditions, Mot. at 6, 10–11.  However, as a threshold matter, Plaintiff introduced no evidence that these conditions existed on the fifth and ninth floors of 26 Federal Plaza.  Specifically, there is no evidence that families who are briefly detained until transport arrives in the large Fifth Floor Processing Room are subjected to overcrowding, uncomfortable temperatures, or unsanitary conditions.  *See* DX61 (photos of Fifth Floor Processing Room); DX82 (Declaration of AFOD

Morales); PX328 (Deposition of AFOD Morales).  Likewise, there is no evidence that single adults held for less than 12 hours on the ninth floor were subjected to these conditions as well.[1]

Moreover, these alleged conditions—which have been ameliorated as to *all* detainees, regardless of class membership—do not rise to a constitutional violation for those individuals held for less than 12 hours.  *See Hutto v. Finney*, 437 U.S. 678, 686–87, 98 S. Ct. 2565, 2571 (1978) ("It is equally plain, however, that the length of confinement cannot be ignored in deciding whether the confinement meets constitutional standards.  A filthy, overcrowded cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for weeks or months."); *Lareau v. Manson*, 651 F.2d 96, 105 (2d Cir. 1981) ("We also agree that when a detainee is subjected for a substantial length of time to the combination of double-bunked cells, overcrowded dayrooms and strained prison services found in the [correctional facility], he is being unconstitutionally punished.  We do not, however, believe that those latter impositions necessarily rise to the level of punishment when imposed for a short period of time."); *Stokes v. Camden Cnty.*, No. 16 Civ. 6365 (JBS) (AMD), 2017 WL 930826, at *1 (D.N.J. Mar. 9, 2017) (ruling "the mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation" and noting that relevant factors to consider include "the length of confinement"); *cf. Santana v. City of New York*, No. 15 Civ. 6715 (ER), 2018 WL 1633563, at *8 (S.D.N.Y. Mar. 29, 2018) ("[D]istrict courts in this [Second] Circuit have also found allegations of exposure to extreme temperatures for short periods of time are insufficient to state an Eighth or

---

[1] Single adults have never been held overnight on the ninth floor.  *See* DX82 (Declaration of AFOD Morales) ¶ 32.  It is also undisputed that the Ninth Floor Hold Rooms were not in use at the time Plaintiff filed his Complaint.  *See* DX58; DX77 (Declaration of DFOD Joyce) ¶ 57. Individuals are held on the ninth floor for less than 12 hours—either in hold rooms or in interview rooms—when the Tenth Floor Hold Rooms are at maximum capacity.  *See* PX325 (Deposition of DFOD Joyce), at 32:19-33:8; PX322 (Deposition of SDDO Hampton), at 100:20-101:6; DX77 (Declaration of DFOD Joyce) ¶¶ 58–60; DX79 (Declaration of SDDO Hampton) ¶¶ 43–45.

Fourteenth Amendment claim." (second alteration in original) (quoting *Wingate v. Robert N. Davoren Ctr.*, No. 12 Civ. 5521 ALC, 2013 WL 4856573, at *3 (S.D.N.Y. Sept. 10, 2013))).

So too, there is no requirement imposed by the Constitution, statute, or ICE policy that every detainee regardless of health status receive a medical intake within 12 hours of confinement. *Compare* Mot. at 13 ("Defendants likewise deny medical intakes to many people held less than 12 hours"), with DX85 (Declaration of Lieutenant Mia Jacobs) ¶ 5 ("hold rooms such as the 10th Floor Hold Rooms are not required to have on-site staffing by medical personnel"), ¶ 8 ("[ICE Health Services Corps] will conduct a medical intake of a detainee when . . . a detainee has been detained at least 12 hours."). *Cf. Ivey v. City of New York*, No. 12 Civ. 3580 (PAE) (JCF), 2013 WL 6838954, at *2 (S.D.N.Y. Dec. 12, 2013) (finding no Eighth Amendment violation based on deliberate indifference when plaintiff "was transferred to another correctional facility and treated [for his serious medical condition] within 24 hours" of being diagnosed with a serious medical condition).

Similarly, even accepting as true that prior to the preliminary injunction, "[p]eople detained at 26 Fed [were] denied the ability to communicate with their attorneys," Compl. ¶ 49, this is not a constitutional violation for those detained individuals held for a short period of time before being transferred to a long-term detention facility.[2]  Courts have held that the statutory right to counsel in immigration proceedings is violated only where conditions are "tantamount to denial of counsel."[3] *E.g.*, *Biwot v. Gonzales*, 403 F.3d 1094, 1100 (9th Cir. 2005); *cf. Turkmen v. Ashcroft*,

---

[2] The trial evidence supports a finding that detained individuals are afforded a phone call at the time of their arrest and processing.  *See* DX77 (Declaration of DFOD Joyce) ¶ 29; DX79 (Declaration of SDDO Hampton) ¶ 18; PX320 (Deposition of DO Carbone), at 60:8-61:8; PX322 (Deposition of SDDO Hampton), at 210:10-20; PX325 (Deposition of DFOD Joyce), at 86:18-90:6.

[3] "Because immigration proceedings are of a civil rather than criminal nature, aliens in removal proceedings 'enjoy[] no specific right to counsel' under the Sixth Amendment to the

No. 02 Civ. 2307 (JG), 2006 WL 1662663, at \*49 (E.D.N.Y. June 14, 2006), *aff'd in part, vacated in part, remanded*, 589 F.3d 542 (2d Cir. 2009) (finding total "communications blackout" prior to immigration court hearings was sufficient to state a claim).    The existence of flyers with information about voluntary departure on the walls, *see* Mot. at 12; PX343, now displayed alongside the Notice of Rights, *see* DX13A, PX301, at 26, 105, also does not create a constitutional violation, especially for those immigrants who are released or transferred to a long-term detention facility within 12 hours.

In short, Plaintiff has not demonstrated that the members of the proposed class who were detained for fewer than 12 hours at 26 Federal Plaza have "suffered the same injury," *i.e.*, alleged constitutional violations of the Fifth and First Amendments, Compl. ¶¶ 68–81, as the class members who spent more than 12 hours at 26 Federal Plaza.

### B.  Spatial Limitation ("Hold Rooms")

#### 1.  Constructive Amendment

The Complaint solely describes those conditions in the Tenth Floor Hold Rooms at 26 Federal Plaza. *See, e.g.*, Compl. ¶ 6 (describing the putative class as individuals who "are currently or soon will be detained in civil detention in *holding cells* at 26 Fed." (emphasis added)), ¶¶ 35–48 (allegations of overcrowding and punitive conditions in the Tenth Floor Hold Rooms), ¶¶ 49–57 (allegations of lack of attorney access for detainees held in the Tenth Floor Hold Rooms).  Every detainee who was a trial witness, including Plaintiff, was detained in the Tenth Floor Hold Rooms. *See* PX330–337 (Plaintiff's witness declarations).  The Complaint was never amended to include

---

Constitution.  *Debeatham v. Holder*, 602 F.3d 481, 485 (2d Cir. 2010) (alteration in original) (quoting *Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 46 (2d Cir. 2005)); *see Iavorski v. INS*, 232 F.3d 124, 128–29 (2d Cir. 2000) (discussing 8 U.S.C. § 1362 and due process considerations).

allegations regarding constitutional violations in any space in 26 Federal Plaza other than the Tenth Floor Hold Rooms.

Plaintiff did not amend his complaint even though Plaintiff's counsel investigated conditions of confinement in spaces other than the Tenth Floor Hold Rooms during discovery. Plaintiff's counsel, expert, and photographer inspected and photographed areas of the fifth, ninth, and tenth floors of 26 Federal Plaza on March 13, 2026. *See* ECF No. 171 (describing the photos in PX343 as depicting flyers "on the walls of the processing areas on the 5th, 9th, and 10th floors of 26 Fed"). Plaintiff's counsel deposed Assistant Field Office Director ("AFOD") Alberto Morales, who oversees the Alternatives to Detention Unit and Family Unit located on the fifth floor of 26 Federal Plaza. *See* PX328 (Deposition of AFOD Morales), DX82 (Declaration of AFOD Morales). Plaintiff's counsel scheduled and then cancelled their planned deposition of AFOD Judith Almodovar who oversees operations on the ninth floor, premised on Defendants' agreement not to call AFOD Almodovar as a trial witness. *See* ECF No. 162, at 7; *cf.* PX326 (Deposition of DFOD Joyce), at 303:4-20 (noting that questions regarding the ninth floor should be directed to AFOD Almodovar).

Plaintiff cannot constructively amend his complaint to include additional spaces in 26 Federal Plaza at the class certification stage and after trial; it is simply "too late in the day." *Anderson v. Laboratory Corp. of Am. Holdings*, No. 17 Civ. 193, 2023 WL 1970953, at *5 n.12 (M.D.N.C. Feb. 13, 2023) ("Allowing such a constructive amendment at the class certification stage 'would unfairly prejudice the defendant, by depriving it of the notice it needs to conduct effective discovery.'" (quoting *Faulconer v. Centra Health, Inc.*, 808 F. App'x 148, 154 (4th Cir. 2020)). This is especially true here with respect to allegations regarding the ninth floor, where Plaintiff's counsel informed Defendants' counsel that it would not depose a witness who appeared

on Defendants' initial disclosures, premised on an agreement that Defendant would not present her testimonial evidence at trial. *See* ECF No. 162, at 7. In the absence of any allegations about the ninth or fifth floors in the Complaint, and in the absence of evidence of any constitutional violations on the ninth or fifth floors presented at trial, Plaintiff should not be permitted to constructively amend his Complaint through a post-trial class certification motion.

### 2. Commonality

Plaintiff (as well as all trial witnesses who were previously detained at 26 Federal Plaza) was detained in the Tenth Floor Hold Rooms. The fact that Plaintiff was not detained on the fifth or the ninth floor is more than a matter of semantics: the other floors of 26 Federal Plaza are utilized for different purposes and different categories of immigrants. Because the experience of immigrants held on different floors and in different types of spaces varies widely, without a limitation that restricts the class to hold rooms which hold detainees longer than 12 hours, the proposed class does not meet the commonality requirement of Rule 23(a)(2).

### i. The Fifth Floor Processing Room

The Fifth Floor Processing Room is akin to a large conference room, with approximately 80 chairs in the middle of the room, a television playing cartoons for the children, and desks on either end of the room with computers for Deportation Officers ("DOs") to meet with family units and single adults in the Alternatives to Detention Unit. *See* DX82 (Declaration of AFOD Alberto Morales) ¶ 12; DX61 (photos of Fifth Floor Processing Room). Families who have retained attorneys can have their counsel accompany them inside the room for their appointment with the DO. *See* DX82 ¶ 19. The 5th Floor Processing Room is stocked with snacks, drinks, and heater meals, and families may bring their own food and beverages into the room. *Id.* ¶ 27. Families may bring and retain their cell phones and medications. *Id.* ¶ 28. While a family unit is waiting

10

for an appointment and even during the appointment, the family unit is free to come and go as they please. *Id.* ¶ 18.

The overwhelming majority of family units who report to the fifth floor are not detained. *Id.* ¶ 20. On the rare occasions where it is determined that a family unit will be detained, a transportation contractor is contacted to transport the family unit to ICE's detention location for families, the Family Residential Center in Dilley, Texas. *Id.* ¶ 23. During the period that the family is waiting for transport to arrive, the family may move freely within the Fifth Floor Processing Room, and no one is handcuffed or restrained. *Id.* ¶ 26. The family may make telephone calls on their personal devices during this time, including in the private room within the Fifth Floor Processing Room. *Id.* ¶¶ 18, 26; PX328 (Deposition of AFOD Morales), at 192:6-22. Families held in the Fifth Floor Processing Room for transport are typically picked up and transported out of 26 Federal Plaza by close of business (4:00 p.m.). DX82 ¶ 29. Families are not detained in 26 Federal Plaza overnight; if an overnight stay is required, the family is placed in a hotel. *Id.* ¶ 23, 30; PX328, at 168:2-22. Families and minors are never held or detained on the ninth or tenth floor of 26 Federal Plaza. *Id.* ¶ 24.

Other than physically being in the same building as the Tenth Floor Hold Rooms, there are few commonalities between the families held in the Fifth Floor Processing Room pending transfer to the Family Residential Center, and single adults held in the Tenth Floor Hold Rooms. Plaintiff's claim that the proposed class is subject "to the same set of policies governing their confinement and access to attorneys," Mot. at 9, is plainly not true with respect to the Fifth Floor Processing Area. Attorneys can accompany their clients to appointments on the fifth floor, and families can make and receive phone calls (including to and from attorneys) on their personal cell phones at any time, including when they are being held for transport. Snacks, meals, and beverages are

11

consistently available.  The room is not overcrowded: families sit in the rows of chairs in the conference room.

There is no evidence that ICE has used the class definition to "deny people held [on the fifth floor] many of the protections that the Court ordered in its Preliminary Injunction."  Mot. at 13.  Families have always had access to counsel while on the fifth floor, either by being physically accompanied by their attorney or by contacting counsel (or being contacted by counsel) on their personal phones.  And just as there are no on-site medical personnel at many government offices where people arrive and leave within the same day for appointments, it remains unnecessary to have onsite medical professionals staffed to the Fifth Floor Processing Area.  As such, the class definition should not be expanded to include families held on the fifth floor who lack commonality with the remaining class.

### ii.  The Ninth Floor Interview Rooms

Prior to this case being filed and to present, there are interview rooms on the ninth floor of 26 Federal Plaza that are used by ICE to process single adults.  PX325 (Deposition of DFOD Joyce), at 32:16-23; PX329 (Deposition of AFOD Zanello), at 93:14-94:9.  During processing, individuals are always offered a phone call, which they may use to call an attorney.  DX77 (Declaration of DFOD Joyce) ¶ 29; DX79 (Declaration of SDDO Hampton) ¶ 18; PX320 (Deposition of DO Carbone), at 60:8-61:8; PX322 (Deposition of SDDO Hampton), at 210:10-20; PX325 (Deposition of DFOD Joyce), at 86:18-90:6.  After processing, if an individual is detained, they may be held by ICE in place in the room where they were processed for a short period of time until they are transported up to the Tenth Floor Hold Rooms or directly to a long-term detention facility.  PX325 (Deposition of DFOD Joyce), at 32:19-33:8; PX322 (Deposition of SDDO Hampton), at 100:20-101:6; DX77 (Declaration of DFOD Joyce) ¶¶ 58–60; DX79 (Declaration of

12

SDDO Hampton) ¶¶ 43–45.  No individual has been held overnight in the interview rooms.  *See* DX82 (Declaration of AFOD Morales) ¶ 32.

There are no allegations in the Complaint regarding unconstitutional conditions of confinement or lack of attorney access with respect to individuals processed in these office spaces and held for a short period of time pending transfer to a hold room or long-term detention facility. There is also no witness testimony from anyone held in these office spaces.  Although some detainees have been, and will be, detained for short periods in these rooms, Plaintiff has not sufficiently established commonality in a class that includes such detained individuals.  The class should not be expanded in such a way as to include those briefly detained in interview rooms on the ninth floor of 26 Federal Plaza pending transfer.

### iii.    The Ninth Floor Hold Rooms

Before this case was filed, the hold rooms on the ninth floor of 26 Federal Plaza (the "Ninth Floor Hold Rooms") were not in use.  DX58; DX77 (Declaration of DFOD Joyce) ¶ 57; DX79 (Declaration of SDDO Hampton) ¶¶ 43–45.  The Ninth Floor Hold Rooms were later put into use on occasion to hold detainees for short periods of time pending transfer to the Tenth Floor Hold Rooms or a long-term detention facility.  DX77 (Declaration of DFOD Joyce) ¶¶ 58–60; PX325 (Deposition of DFOD Joyce), at 37:21-39:3, 41:7-23.  Detainees are not held in the Ninth Floor Hold Rooms for more than 12 hours.  DX77 (Declaration of DFOD Joyce) ¶¶ 58–60; DX79 (Declaration of SDDO Hampton) ¶¶ 43–45.  Because there are no allegations in the Complaint of unconstitutional conditions of confinement or lack of attorney access in the Ninth Floor Hold Rooms, nor any witness testimony from anyone held in the Ninth Floor Hold Rooms, and for the reasons discussed above regarding the lack of commonality between those who are detained for

13

fewer than 12 hours and those detained for more than 12 hours, *supra* Argument I.A., the class should not be expanded to include those detained in the Ninth Floor Hold Rooms.

### 3.  Typicality and Adequacy

"Rule 23(a) ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate by effectively limiting the class claims to those fairly encompassed by the named plaintiff's claims." *Mazzei v. Money Store*, 829 F.3d 260, 271–72 (2d Cir. 2016), *cert. denied*, 137 S. Ct. 1332 (2017) (alterations, citations, and internal quotation marks omitted).  Typicality requires that "the disputed issues of law or fact occupy essentially the same degree of centrality to the named plaintiff's claim as to that of other members of the proposed class." *Id.* at 272 (internal quotation marks and alterations omitted).  The typicality requirement aims "to ensure that the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Id.* (internal quotation marks and alterations omitted).  Class representatives must "possess the same interest and suffer the same injury" as the class members, otherwise, they are "simply not eligible to represent a class of persons who did allegedly suffer injury." *Tex. Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 403–04, 97 S. Ct. 1891, 1896–97 (1977) (internal quotation marks and citation omitted).

Here, as discussed *supra*, Plaintiff (someone who was detained for multiple days in the Tenth Floor Hold Rooms) does not possess the same interest and did not suffer the same injury as (1) families briefly detained in the Fifth Floor Processing Room pending transfer to a hotel or the Family Detention Center, (2) individuals briefly detained in the interview rooms on the ninth floor, or (3) individuals detained for less than 12 hours in the Ninth Floor Hold Rooms.

14

Because Plaintiff has failed to meet the commonality, typicality, and adequacy requirements with respect to detainees held in 26 Federal Plaza anywhere other than the Tenth Floor Hold Rooms, this Court should decline to expand the class beyond the current provisional class definition.

**II.     In the Alternative, this Court Should Non-Provisionally Certify the Class under its Current Definition without a Temporal Limitation: "all immigration detainees who are now or in the future will be detained by ICE in the 26 Federal Plaza Hold Rooms"**

Plaintiff points to other court orders which have "certified classes at ICE hold rooms without any temporal duration." Mot. at 14. Even so, these classes do not sweep as broadly as Plaintiff's proposed class here. For example, the San Francisco class specifically refers to detention in holding cells. *See Pablo Sequen v. Albarran*, 810 F. Supp. 3d 1084, 1113 (N.D. Cal. 2025) (defining "detention class" as consisting of: "all persons who are now or will be detained *in a holding cell* in ICE's San Francisco Field Office at 630 Sansome" (emphasis added)). And the Minneapolis class definition was narrowed from "all persons initially detained by Defendants in Minnesota pursuant to the Immigration and Nationality Act" to "noncitizens *taken into custody* by Defendants under the Immigration and Nationality Act and *detained at the ERO Holding Facility* at the Whipple Federal Building." *Advocs. for Hum. Rts. v. U.S. Dep't of Homeland Sec.*, No. 26 Civ. 749 (NEB) (DLM), 2026 WL 850270, at *16 (D. Minn. Mar. 26, 2026) (emphases added).[4] Even without temporal limitation, these classes refer to those individuals detained in hold rooms, not in any space, for any amount of time, in a building where a hold room is located. And these

---

[4] Although the Chicago class definition is "[a]ll immigration detainees who are detained and those who will be detained in the future at the Broadview ICE facility at 1930 Beach Street, Broadview, Illinois," on information and belief, the Broadview ICE facility contains a processing area and four hold rooms. *Gonzalez v. Noem*, No. 25 Civ. 13323, 2025 WL 3204602, at *5 (N.D. Ill. Nov. 17, 2025).

cases do not appear to address hold rooms within the same building which serve different purposes and have different lengths of stay—here, the Ninth Floor Hold Rooms which are used temporarily for overflow and hold detainees for less than 12 hours, as opposed to the Tenth Floor Hold Rooms.

Accordingly, should this Court expand the class to include those held for 12 hours or less (which the Court should not do), for the reasons stated above, to maintain the commonality, typicality, and adequacy requirements of Rule 23, the class definition should specify that it applies to those detained in the 26 Federal Plaza *Hold Rooms*.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court decline to expand the provisional class definition.

Dated: New York, New York
       June 10, 2026

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By:   /s/ *Rachel Kroll*
     JEFFREY OESTERICHER
     RACHEL KROLL
     Assistant United States Attorneys
     86 Chambers Street, 3rd Floor
     New York, New York 10007
     Telephone: (212) 637-2695/2765
     E-mail: jeffrey.oestericher@usdoj.gov
             rachel.kroll@usdoj.gov

## Certificate of Compliance

Pursuant to Local Civil Rule 7.1(c), the above-named counsel hereby certifies that this memorandum complies with the word-count limitation of this Court's Local Civil Rules. As measured by the word processing system used to prepare it, this memorandum contains 5,430 words.

16