

## WANG HECKER LLP

111 BROADWAY, SUITE 1406
NEW YORK, NY 10006

HEATHER GREGORIO
212.620.2608 TEL
212.620.2609 FAX

HGREGORIO@WANGHECKER.COM



**DOCKET**

> USDS SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: **6/30/2026**

June 26, 2026

*By Hand*

Hon. Lewis A. Kaplan
United States District Judge
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

> *Re:*  Response to Defendants' June 22, 2026 Letter re PX338
> *Barco Mercado v. Mullin et al.*, 25 Civ. 6568 (LAK) (KHP)

Your Honor:

       This firm, along with the American Civil Liberties Union Foundation, New York Civil Liberties Union Foundation, and Make the Road New York, represents Plaintiff Sergio Alberto Barco Mercado and the provisionally certified class ("Plaintiffs") in the above-entitled action. Plaintiffs write in response to Defendants' letter, dated June 22, 2026, which asserted that "the information in the record does not support Plaintiff's assertion" that "Defendants' data shows people being held, including for several days, on the fifth and ninth floors." ECF No. 180, at 1 (quoting ECF No. 175) (alteration omitted).[1]

       To the contrary, data produced by Defendants in discovery and the testimony of their own officials, all entered into evidence at trial, fully support Plaintiffs' assertion. While Defendants imply in their letter that individuals "booked in" to other floors were later transferred to the tenth floor without that transfer being noted in the system, ICE officials testified otherwise, stating under oath that when an individual is booked into another floor in Defendants' digital data system and then transferred to the tenth floor, they would be "booked out" in the system and then booked back in to the tenth floor. *See* PX326, Second Deposition of William Joyce, at 311:19–312:10 (Q: "Well, and if they're moved to the 10th floor . . . ?" A: "[T]hey would be booked out of the 9th floor and booked into the 10th floor."); PX329, Deposition of Nancy Zanello, at 166:12–167:16 (testifying that if someone is booked into the ninth floor and then transferred to the tenth floor, "then it would be noted in the system at that point that they're in . . . the 10th floor."); *see id.* at 97:19–98:5 ("They would have to enter first ninth floor [in the booking system]. And then once booked into the 10th floor, since the determination was made to remain in custody, then we would change it to 10th floor. Book them out and book them back in."). Defendants also testified that it would be *families* booked into the "FAMU" processing on the fifth floor, *see* Second Joyce Deposition, at 306:23–310:19, so Defendants' assertion in their letter that "single adults" would later be transferred to the tenth floor

---

[1] The Court entered Defendants' June 22, 2026 Letter on the docket on June 24, 2026. *See* ECF No. 180. Plaintiffs request that this letter response likewise be entered on the docket.

does not account for the entries in PX338 reflecting "FAMU" stays across days. *See* PX338, 5th Fl FAMU Process Tab.

Defendants may be correct that the evidence they provided in PX338 often does not accurately reflect where individuals were being held, that conflicting information in the Paragon logbooks is more accurate, and that individuals were not in fact held for several days on the fifth or ninth floors.[2] But they cannot deny that data they produced in discovery and testimony by ICE officials *does* "show[] people being held, including for several days, on the fifth and ninth floors." In evaluating the evidence presented at trial, the Court should consider that at best, Defendants were not using their digital data systems accurately or as intended, yet another red flag regarding Defendants' credibility and the transparency and accuracy of their documentation of detentions at 26 Fed. The conflicting data and testimony within Defendants' own evidence regarding where and how long people have been detained at 26 Fed is also yet another reason that the Court should issue a permanent injunction that applies to everyone detained at 26 Fed for any length of time and on any floor of the building.

Respectfully submitted,

Heather Gregorio

cc:    Jeffrey Oestericher and Rachel Kroll, Counsel for Defendants (by e-mail)

---

[2] It bears noting that the exhibits to Defendants' June 22, 2026 letter do not show that all individuals booked in on the fifth and ninth floors were promptly transferred to the tenth floor. For several individuals, Defendants only provide logbook pages showing the time that the detained person *left* the tenth floor, not the time he or she arrived. *See* Exhibit L (DX64, at ICE-B-1242); Exhibit BB (DX64, at ICE-B-1228); Exhibit DD (DX64, at ICE-B-1242); Exhibit EE (DX64, at ICE-B-1242); Exhibit RR (DX64, at ICE-B-1229); Exhibit UU (DX64, at ICE-B-1229). The logbooks also confirm that at least one individual was held overnight on the ninth floor. *Compare* PX338, 9th Fl Process tab, Row 35 (showing the individual in question was booked in to the ninth floor on November 20, 2025 at 6:30 p.m., *with* Exhibit QQ (DX64, at ICE-B-1218) (showing the individual was marked in the logbook as arriving at the tenth floor hold rooms on November 21, 2025 at 8:46 a.m.).