# Attachment A

1. Defendants shall ensure that no person detained by U.S. Immigration and Customs Enforcement ("ICE") at 26 Federal Plaza, New York, New York (hereinafter, "Detainee"), is held or detained in any holding cell (i.e., any enclosed secure area where Detainees are placed to await their transfers)~~hold room or other room, cell, or other space for any length of time during which they are not free to leave (a "Hold Room") including but not limited to those on the fifth, ninth, and tenth floors~~:
    a. Having a floor area (exclusive of floor area within eight feet from any toilet) less than fifty square feet multiplied by the number of such Detainees held therein;
        i. For the tenth-floor hold rooms, this equates to the following occupancy caps: ~~Room~~ Cell #1 = 11, ~~Room~~ Cell #2 = 1, ~~Room~~ Cell #3 = 1, and ~~Room~~ Cell #4 = 9;
        ii. For the ninth-floor hold rooms, this equates to the following occupancy caps: ~~Room~~ Cell #1 = 2, ~~Room~~ Cell #2 = 1, ~~Room~~ Cell #3 = 1, and ~~Room~~ Cell #4 = 1 (~~Room~~ Cell #1 does not have a toilet, so individuals detained there must have prompt access to one when requested);
    b. That is not furnished with a clean bedding mat or mattress, ~~pillow,~~ and blanket for sleeping for each Detainee held overnight;
    c. That is not kept at a temperature between 68 and 74 degrees Fahrenheit;
    d. In which the lights are not 32-watts bulbs with a 3000K color code, or lower~~dimmed~~ between the hours of 9:00 p.m. and 7:00 a.m.;
    e. That is not cleaned thoroughly at least three times each day; or
    f. That is not furnished with adequate supplies of soap, paper towels, toilet paper, oral hygiene products (including toothbrushes and toothpaste), and, in the case of a Hold Room containing one or more female Detainees, feminine hygiene products.~~; or~~

2. Defendants shall provide Detainees held or detained in any hold room or other room, cell, or other space for any length of time during which they are not free to leave (a "Hold Room") including but not limited to those on the fifth, ninth, and tenth floors with ~~In which each Detainee is not provided~~ three meals per day that meet the U.S. recommended dietary allowances, accompanied by one bottled water per meal, approximately six hours apart and in accord with any dietary and religious restrictions.

3. Defendants shall provide Detainees with means of making confidential, unmonitored, unrecorded, temporally unrestricted, and free telephone calls to counsel or prospective counsel (which shall take place in a private room that is not subject to auditory monitoring), with means allowing for connection with outside interpretation services during the call, within one hour after arriving at the Hold Rooms and within four hours of a request made by either the Detainee or the Detainee's counsel (regardless of whether the attorney has filed a Form G-28 signed by the Detainee) within the period 9:00 a.m. to 5:00 p.m. or, for a request made thereafter, by 11:00 a.m. the following day.

4. Defendants, promptly upon request and without charge, shall provide to Detainees:
    a. Clean clothing items and a private area for the purpose of changing clothing;
    b. Soap, paper towels, toilet paper, oral hygiene products (including toothbrushes and toothpaste), and, for female Detainees, feminine hygiene products, if sufficient such materials are not available in a Hold Room;

c. The services of a licensed medical professional, at least one of whom shall be on site between the hours of 7:00 a.m. and 9:30 p.m. on weekdays, and between the hours of 7:00 a.m. and 7:30 p.m. on weekendsat all times;
d. Bottled water;
e. One additional meal per day; and
f. An additional blanket.

5. Defendants shall provide Detainees with transportation to a medical facility for off-site medical care that exceeds the resources of on-site personnel.

6. Defendants shall ensure that, after processing and prior to being placed in a holding cellHold Room, each Detainee receives a basic medical screening by a licensed medical professional shall be sufficient to:
   a. Identify and begin any necessary treatment of Document any known acute or emergent past or chronic medical conditions—including history of mental illness and dependence on any mood and mind-altering substances—and any disabilities or impairments affecting major life activities;
   b. Provide continued access toDocument previously prescribed medication;
   c. Recognize, segregate, and treat those with communicable diseases; and
   d. Prescribe medically necessary special diets.
   d. Provide medical information to assist in determining whether the detainee should be transported to an off-site medical facility or a long-term detention center equipped to handle their needs.

7. Defendants shall ensure that Detainees throughout their detention:
   a. May retain personal, prescribed inhaled medication that was in their possession at the time of arrest;
   b. Receive and retain personal, prescribed inhaled medication that family members or their attorney(s) bring for them to 26 Federal Plaza;
   c. Have the same prescription immediately made available to them to keep in their possession after being prescribed such medication by ICE medical personnel; and
   d. Have prompt access to other required prescribed medication from ICE medical personnel.

8. Defendants shall ensure that each Detainee receives without charge a printed Notice of Rights, in the form annexed hereto and labeled ANNEX, stating that the Detainee has the rights provided for in this Permanent Injunction. Defendants, without charge, shall provide to each Detainee who is not proficient in either English or Spanish with access to and the services of an interpreter to translate the Notice of Rights into such Detainee's native language. The Notice of Rights shall be posted also in a semi-permanent fashion (drilled or securely attached, and laminated) in the processing area of the tenth floor and on any other floor with one or more Hold Rooms and on a wall of each Hold Room such that the Notice of Rights can be viewed by each Detainee in a Hold Room.

9. Defendants shall ensure that each Detainee signs a copy of the Notice of Rights and shall save that copy in their files. Upon plaintiff's request, defendants shall produce to plaintiff's

counsel either those signed Notices of Rights or a log confirming that every Detainee has received the Notice of Rights.

10. Defendants shall ensure that each Detainee who is illiterate or has limited English and Spanish proficiency and speaks a language in which written material provided to such Detainee (including the Notice of Rights required by Paragraph 6 and all ICE- and facility-related information and communications) has not been translated into such Detainee's native language with an in-person or telephonic oral translation of such written material into such language.

11. Defendants shall ensure that when calls are made to (212) 436-9400 or any other number designated for attorneys to call to contact or schedule calls with Detainees at 26 Federal Plaza (the "Designated Number"), such calls are answered by a Supervisory Detention and Deportation Officer ("SDDO") or, if an SDDO is not available, by another individual under the supervision of an SDDO, or if such an individual likewise is not available, that the call be transferred to a call center where it is answered ~~either~~ by an individual instructed regarding the requirements of this Permanent Injunction~~ or connected to a voicemail account~~. Defendants shall ensure that, if the call is not answered by an SDDO or a person under the supervision of an SDDO, ~~there is an opportunity to leave a voicemail and~~ the attorney receives a response to any message left between 9:00 a.m. and 5:00 p.m. within four hours or, for any message left thereafter, by 11:00 a.m. the following day.

12. Defendants shall ensure that:
    a. Protocols for attorneys to schedule telephone calls with Detainees, including a telephone number for attorneys to call, are conspicuously displayed on a page for 26 Federal Plaza on the ICE internet web site;
    b. The Designated Number is monitored and answered without undue delay between the hours of 9:00 a.m. and 5:00 p.m., and defendants comply with the requirements identified in Paragraph 9 above when answering and responding to such calls;
    c. A call with the relevant Detainee is scheduled for the date and time requested by the attorney or as soon thereafter as is reasonably possible and no later than within four hours of a request made within the period 9:00 a.m. to 5:00 p.m. or, for any request made thereafter, by 11:00 a.m. the following day;
    d. The relevant Detainee is informed of the requested call and the scheduled date and time fixed for the call and is provided with the means necessary to participate in the attorney call as scheduled in a confidential, unmonitored, unrecorded, and temporally unrestricted manner; and
    e. Phone numbers for pro bono legal service providers are posted next to the phones used for attorney calls and handed out to individuals with the Notice of Rights when Detainees arrive at the Hold Rooms.

13. Defendants shall ensure that the Online Detainee Locator System of ICE accurately identifies the location of each Detainee in real time or as close thereto as is reasonably possible, and no later than three hours after a Detainee is transferred into or out of 26 Federal Plaza. The Designated Number shall be displayed on the Online Detainee Locator System and identified as the number to call to reach someone being held at 26 Federal

Plaza. This provision excludes those protected from disclosure under 8 U.S.C. § 1367(a)(2), but where disclosure falls within this provision, ICE shall indicate on the Online Detainee Locator System that (a) it has custody of the individual; (b) display the phone number that can be used by attorneys to contact the affected individual; and (c) without listing the person's location at 26 Federal Plaza, include language that confirms the individual is confined within the jurisdiction of the U.S. District Court for the Southern District of New York.

14. Defendants shall not retaliate in any manner against plaintiff or any other member of the class, or any witness or declarant (including in his or her immigration proceedings or in any other context) for reporting or complaining about any alleged violation of this Permanent Injunction or any conditions of confinement or attorney access issues at 26 Federal Plaza.

15. Upon request made no more frequently than once each month, defendants shall allow plaintiff's counsel to inspect and copy the contractors' logbooks (or if such logbooks are discontinued, an equivalent or comparable documentation system) documenting the Detainee count and other information for the prior month.