Case 1:25-cv-06568-LAK Document 197 Filed 10/22/26 Page 1 of 2

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

October 22, 2026

MEMO ENDORSED

By ECF
The Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street, Room 2240
New York, New York 10007

Re: *Barco Mercado v. Mullin et al.*, 25 Civ. 6568 (LAK)

Dear Judge Kaplan:

This Office represents the Defendants (the "Government") in the above-referenced matter. I write respectfully to request leave to file under seal a portion of the Government's memorandum of law and declarations in support of its motion to alter or amend the judgment or, alternatively, for a new trial under Federal Rule of Civil Procedure 59(e) and 59(a)(2), in accordance with the Court's Individual Rules. A limited portion of the memorandum and declarations describe physical attributes of secured spaces in 26 Federal Plaza and contain law enforcement sensitive information.

While judicial documents are accorded a presumption of public access, *see Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006), courts may issue protective orders permitting the redaction of information for "good cause," Fed. R. Civ. P. 5.2(e)(1). To determine whether a document should be permitted to be filed under seal, the court engages in a three part test: (1) it determines whether the filing should be "classified as a judicial document"; (2) if the record at issue is a judicial document, the court "must next determine the particular weight of the presumption of access for the record at issue"; and (3) "once the weight of the presumption has been assessed, the court is required to balance competing considerations against it." *Olson v. Major League Baseball*, 29 F.4th 59, 87–88 (2d Cir. 2022) (cleaned up).

While the Government acknowledges that the memorandum and declarations are judicial documents, *Lugosch*, 435 F.3d at 123, the other two factors weigh in favor of requiring the small sections of the memorandum and declarations which contain law enforcement sensitive information to be redacted, and the full documents filed under seal. The sections of the memorandum and declarations which will be redacted and filed under seal provide information to the Court regarding the reason that ICE has yet been unable to install dimmers in the Hold Rooms on the 9th and 10th floors of 26 Federal Plaza. Because the reason is tied to the physical design of the Hold Rooms, the information has been designated by ICE as law enforcement sensitive. *Cf. Fitchett v. City of New York*, No. 18 Civ. 8144 (PAE), 2021 WL 964972, at *2 n.3 (S.D.N.Y. Mar. 15, 2021) (noting that a deposition transcript was filed under seal because it contained law-enforcement sensitive information). Redacting this information will not impair the public's ability to understand the Government's arguments; it is narrowly tailored to prevent this law enforcement

sensitive information from becoming public. The security considerations in favor of redacting the sections of the Government's motion and accompanying declarations describing the physical security design of the Hold Rooms outweigh the marginal benefit of that law enforcement sensitive information being made public.

Plaintiffs take no position on the sealing request.

We thank the Court for its consideration of this request.

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney for the
Southern District of New York

By: */s/ Rachel Kroll*
RACHEL KROLL
JEFFREY OESTERICHER
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2695/2765
E-mail: jeffrey.oestericher@usdoj.gov

Granted for a 30 day period. On or before 11/10/26, the government shall file an affidavit or declaration of a competent person with personal knowledge explaining in detail why dimmers cannot be installed and what would be sensitive about disclosure.

SO ORDERED

LEWIS A. KAPLAN, USDJ
10/27/26